IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| PAT CASON-MERENDO and JEFFREY A. SUHRE, on behalf of themselves and all others similarly situated, ) ) ) ) ) Plaintiffs, ) ) v. ) ) DETROIT MEDICAL CENTER, HENRY FORD HEALTH SYSTEM, MOUNT CLEMENS GENERAL HOSPITAL, INC., ST. JOHN HEALTH, OAKWOOD HEALTHCARE INC., and BON SECOURS COTTAGE HEALTH SERVICES, ) ) ) ) ) ) ) ) Defendants. ) ) | Case No. 2:06-cv-15601-GER-MKM Hon. Gerald E. Rosen Magistrate Judge Mona K. Majzoub |

## STIPULATION AND PROTECTIVE ORDER GOVERNING THE PRODUCTION AND EXCHANGE OF CONFIDENTIAL INFORMATION

Whereas, the Plaintiffs and Defendants in the above-captioned action may seek discovery or documents, information, or other materials that may contain non-public, confidential, competitively-sensitive, or proprietary information of another party or of a third party;

Whereas, Plaintiffs and Defendants wish to ensure that confidential information shall be used only for the purposes of this action and shall not be disclosed or used in any other way;

Whereas, the parties have stipulated and agreed to the terms, and jointly moved this Court for entry of the following Protective Order, and the Court having found that, in light of the nature of the non-public, confidential, competitively-sensitive, proprietary information that may be sought in discovery, good cause exists for entry of the Protective Order,

IT IS ORDERED that this Protective Order ("Order") shall be entered and limit the disclosure and use of certain discovered information in the above-captioned action (the "Litigation") as hereinafter provided:

1.    Scope

a.    This Order shall govern all documents, the information contained therein, and all other information produced or disclosed during discovery in this Litigation whether revealed in a document, deposition, other testimony, discovery response or otherwise ("Discovery Material"), by any party in this Litigation (the "Producing Party") to any other party (the "Receiving Party") when the same is designated using the procedures set forth herein. This Order is binding upon the parties to the Litigation, as well as their respective attorneys, agents, representatives, officers and employees and others as set forth in this Order.

b.    Any Producing Party shall have the right to identify and designate as "Confidential" any document or other material it produces or provides, or any testimony it gives in this proceeding, which it believes in good faith constitutes, reflects or discloses its confidential and proprietary information, including (i) financial data, marketing and advertising data or plans, strategic or long-range plans, or internal cost, wage, salary, compensation, recruiting and retention data, (ii) non-public private information relating to individuals, such as employee names, social security numbers, home addresses and/or telephone numbers, (iii) information which the Producing Party believes could be used by the Service Employees International Union ("SEIU") or any other labor organization, their agents, representatives, affiliates or consultants to compromise or jeopardize the Producing Party's competitive business or labor or employee relations interests or the privacy interests of the Producing Party's employees, and (iv) other information understood to be confidential pursuant to Rule 26(c) of the Federal Rules of Civil Procedure ("Confidential Information").

c.    Any Confidential Information which a Producing Party believes to be extremely sensitive confidential and/or proprietary information, the disclosure of which, even

limited to the restrictions placed on the Confidential Information in this Order, would compromise and/or jeopardize the Producing Party's competitive business interests ("Highly Confidential Information") may be designated as "Highly Confidential" by the Producing Party.

d.      Any Confidential Information or Highly Confidential Information which, if disclosed to counsel who currently represents, or who has represented at any time in the past five years, the SEIU, their agents or representatives, consultants and attorneys would compromise or jeopardize the Producing Party's competitive business, or labor or employee relations interests or the privacy interests of the Producing Party's employees, may also be designated as "Not to be Disclosed to Union."

e.      Any party to this Litigation and any third party may designate as Confidential or Highly Confidential documents or information produced by another party if that Discovery Material (i) either originated from the designating party or third party (or were generated on the designating or third party's behalf), and (ii) and the third party agreed to treat that Discovery Material as confidential, in which case the designating party shall be deemed a Producing Party for purposes of this Order.

f.      A Producing Party's designation of information as "Confidential," "Confidential—Not to be Disclosed to Union," "Highly Confidential," or "Highly Confidential—Not to be Disclosed to Union" shall constitute a representation for purposes of any applicable professional standards of conduct and guidelines applicable to the parties and their counsel in this action that the Producing Party has reviewed the document, material or information and has a valid and good faith basis for the designation.

2.      <u>Designation of Confidentiality</u>

Documents or information may be designated "Confidential," "Highly Confidential,"

and/or "Not to be Disclosed to Union" in the following ways:

        a.      A Producing Party shall, if appropriate, designate specific documents as: (i) "Confidential" by marking the first page and each subsequent page of the document containing any Confidential Information with the legend "CONFIDENTIAL," or "CONFIDENTIAL—NOT TO BE DISCLOSED TO UNION;" or as (ii) "Highly Confidential" by marking the first page and each subsequent page of the document containing any Highly Confidential Information with the legend "HIGHLY CONFIDENTIAL," or "HIGHLY CONFIDENTIAL—NOT TO BE DISCLOSED TO UNION." All documents produced or disclosed during discovery in this Litigation shall be identified by Bates number and, to the extent practical, the appropriate designation shall be placed near the Bates number.

        b.      A Producing Party shall designate interrogatory answers and responses to requests for admissions as "Confidential Information," "Highly Confidential Information," and/or "Not to be Disclosed to Union," by stating or specifying that the answers or responses or specific parts of them are "Confidential," "Highly Confidential," and/or "Not to Be Disclosed to Union" and by placing the following legend on each page of interrogatory answers or responses to requests for admission containing Confidential Information or Highly Confidential Information: "CONTAINS CONFIDENTIAL INFORMATION," "CONTAINS CONFIDENTIAL INFORMATION—NOT TO BE DISCLOSED TO UNION," "CONTAINS HIGHLY CONFIDENTIAL INFORMATION," OR "CONTAINS HIGHLY CONFIDENTIAL INFORMATION—NOT TO BE DISCLOSED TO UNION."

        c.      In the case of depositions and the information contained in depositions (including exhibits), counsel for a Producing Party or witness shall designate portions of the transcript (including exhibits) which contain Confidential Information, Highly Confidential

Information, or Confidential or Highly Confidential Information—Not to be Disclosed to Union as "Confidential," "Highly Confidential," or "Not to be Disclosed to Union" by making a statement to such effect on the record in the course of the deposition or by letter within 21 calendar days of receipt of the official deposition transcript or copy thereof (or written notification that the transcript is available). The entire deposition transcript (including exhibits) shall be treated as "Highly Confidential—Not to be Disclosed to Union" under this Order until the expiration of the 21-day period for designation. The following legend shall be placed on the front of the original deposition transcript and each copy of the transcript containing Confidential Information, Highly Confidential Information, or Confidential or Highly Confidential Information—Not to be Disclosed to Union: "CONTAINS CONFIDENTIAL INFORMATION," "CONTAINS HIGHLY CONFIDENTIAL INFORMATION," "CONTAINS CONFIDENTIAL INFORMATION—NOT TO BE DISCLOSED TO UNION," or "HIGHLY CONFIDENTIAL INFORMATION—NOT TO BE DISCLOSED TO UNION." If all or part of a videotaped deposition is designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "NOT TO BE DISCLOSED TO UNION," the video container shall be labeled with the legend provided for in paragraph 2(a) above. When a deposition transcript contains Confidential or Highly Confidential Information, the Producing Party shall request the stenographic reporter to separate those portions of the transcript containing Confidential Information or Highly Confidential Information and bind them separately from the non-confidential portions.

        d.      To the extent that information is produced in a form rendering it impractical to label (including electronically stored information produced on electronic or magnetic media) ("Computerized Material"), the Producing Party may designate such material as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "NOT TO BE DISCLOSED TO

UNION," by cover letter referring generally to such matter or by affixing to such media a label containing the appropriate legend. Whenever a Receiving Party reduces electronically stored information designated as "Confidential," "Highly Confidential," or "Not to be Disclosed to Union" to hard-copy form, the Receiving Party shall mark such hard-copy form with the legend provided for in paragraph 2(a) above. Whenever any Confidential or Highly Confidential Computerized Material is copied into another form, the Receiving Party shall also mark those forms with the legend provided for in paragraph 2(a) above.

    e.  To the extent that any Receiving Party or counsel for the Receiving Party creates, develops, or otherwise establishes or maintains for review on any electronic system information designated "Confidential," "Highly Confidential," or "Not to be Disclosed to Union," that party and/or its counsel must take all necessary steps to insure that access to such media is properly restricted to those persons who, by the terms of this Order, may have access to Confidential Information and/or Highly Confidential Information, and will affix to any media containing such information a label with the legend as provided for in paragraph 2(a) above.

    3.  <u>Filing of Confidential Information</u>

    All documents and materials containing Confidential or Highly Confidential Information that are filed with the Court shall be filed under seal pursuant to the following procedures:

    a.  Where possible, only confidential portions of filings with the Court shall be filed under seal. Confidential Information or Highly Confidential Information filed under seal shall be placed in sealed envelopes on which it shall be endorsed with the title to this Litigation, the words "FILED UNDER SEAL," and a statement substantially in the following form:

      "This envelope is sealed pursuant to order of the Court and

contains [Confidential Information] or [Highly Confidential Information] or [Confidential Information—Not to be Disclosed to Union] or [Highly Confidential Information—Not to be Disclosed to Union] filed in this case by [name of Party] and is not to be opened or the contents thereof to be displayed or revealed to any non-Court personnel except by order of the Court."

The envelope shall not be opened without further order of the Court except by persons authorized to have access to such materials pursuant to paragraphs 5, 6, and 7, as applicable, who shall return the information to the Clerk in a sealed envelope. Any envelope containing Confidential or Highly Confidential Information filed under seal that is an exhibit to a pleading shall also bear the name of the pleading. A full and unredacted copy of any such submission shall be provided directly to chambers, marked "Chambers Copy" and "Contains [Confidential Information] or [Highly Confidential Information] or [Confidential Information—Not to be Disclosed to Union] or [Highly Confidential Information—Not to be Disclosed to Union] Subject to Protective Order."

      b.     Within three (3) business days of filing Confidential Information or Highly Confidential Information, pursuant to paragraph 3(a), the submitting party shall electronically file with the Court, for its public file, a copy of the submitted materials with the Confidential Information or Highly Confidential Information redacted. Any Confidential or Highly Confidential Information produced by third parties pursuant to this Order also shall be redacted from this public electronic filing.

      c.     If any party objects to identified portions of the materials remaining under seal, it shall state its objections in a faxed or electronically delivered letter to counsel for all

parties in this Litigation.  The interested parties shall promptly meet and confer to attempt to resolve those objections and, if they cannot be resolved, shall promptly tender those objections to the Court for resolution.  A revised public electronic filing, if any, of that submission shall be made by the submitting party within six business days after the Court's decision resolving that dispute.

    4.    <u>Use of Confidential or Highly Confidential Information</u>

    a.    Confidential or Highly Confidential Information shall not be used by any person, other than the Producing Party, for any purpose other than conducting this Litigation, and in no event shall Confidential or Highly Confidential Information be used for any business, competitive, personal, private, public, organizational or other labor or employee relations purpose.

    b.    Notwithstanding the foregoing, nothing in this Order shall be deemed to limit or restrict any Producing Party from using its own documents or its own Confidential Information or Highly Confidential Information for any purpose.  The Producing Party may withdraw or modify any designation.

    5.    <u>Disclosure of Confidential Information</u>

Access to information designated as "CONFIDENTIAL" pursuant to this Order shall be limited to:

    a.    The Court or any other court exercising jurisdiction with respect to this Litigation, Court personnel, jurors, and qualified persons (including necessary clerical personnel), recording, taking or transcribing testimony and argument at any deposition, hearing, trial or appeal in this Litigation;

    b.    Special masters and mediators or other individuals engaged or consulted

in settlement of the Litigation;

        c.      Outside counsel of record for the parties in this Litigation (including members or associates of such counsel's firm) or in-house counsel for the parties, as well as their paralegal, investigative, secretarial, and clerical personnel who are engaged in assisting such counsel in this Litigation;

        d.      Outside photocopying, data processing, or graphic production services employed by the parties or their counsel of record to assist in this Litigation;

        e.      Any individual expert or expert consulting firm retained by counsel of record in connection with this Litigation to the extent necessary for that individual expert or expert consulting firm to prepare a written opinion, to prepare to testify, or to assist counsel of record in the prosecution or defense of this Litigation, provided, however, that (i) such disclosure shall be made only to an individual expert, or to such members, partners, employees or agents of an expert consulting firm as such expert consulting firm shall designate as the persons who will undertake the engagement on behalf of the expert consulting firm (the "Designated Expert Personnel"); (ii) the individual expert or Designated Expert Personnel use the information solely in connection with this Litigation; (iii) the individual and/or a representative of each expert consulting firm sign the written assurance attached on Exhibit A on behalf of any Designated Expert Personnel associated with that firm; (iv) excluding any retention for this Litigation, the individual expert and each of the Designated Expert Personnel is neither (a) a current or former (within the past year from the date of this Order) employee of any party or any entity which directly or through a parent, subsidiary, principal, agent, or affiliate competes with any of the Defendants, nor (b) an employee of, affiliated with, or counsel (in-house or outside) to the SEIU or any other labor organization; and (v) the individual expert and each of the Designated Expert

Personnel will not become an employee of, consultant to, affiliated with, or counsel (in-house or outside) to the SEIU before the later of (a) two (2) years from the date that expert or Designated Expert Personnel last receives Confidential or Highly Confidential Information or (b) during the pendency of this Litigation;

f. Any person who (i) authored or is listed as a recipient of the particular material sought to be disclosed to that person, (ii) is currently employed by the Producing Party, but only as to Confidential Information to which the employee is lawfully entitled to have access in connection with his or her employment; (iii) was formerly employed by the Producing Party, but only as to specific material to which the person had access during his/her employment or (iv) is referred to in the material, but only as to the specific material in which such person is referenced, discussed, or mentioned; and

g. Any other person to whom the Producing Party agrees in writing or on the record in advance of the disclosure or the Court directs should have access.

6. <u>Disclosure of Highly Confidential Information</u>

Access to information designated as "HIGHLY CONFIDENTIAL" pursuant to this Order shall be limited to:

a. The Court or any other court exercising jurisdiction with respect to this Litigation, Court personnel, jurors, and qualified persons (including necessary clerical personnel), recording, taking or transcribing testimony and argument at any deposition, hearing, trial or appeal in this Litigation;

b. Special masters and mediators or other individuals engaged or consulted in settlement of the Litigation;

c. Outside counsel of record for the parties in this Litigation (including

members or associates of such counsel's firm), as well as their paralegal, investigative, secretarial, and clerical personnel who are engaged in assisting such counsel in this Litigation;

d.      Outside photocopying, data processing, or graphic production services employed by the parties or their counsel of record to assist in this Litigation;

e.      Any individual expert or expert consulting firm retained by counsel of record in connection with this Litigation to the extent necessary for that individual expert or expert consulting firm to prepare a written opinion, to prepare to testify, or to assist counsel of record in the prosecution or defense of this Litigation, provided, however, that (i) such disclosure shall be made only to an individual expert or the Designated Expert Personnel; (ii) the individual expert or Designated Expert Personnel use the information solely in connection with this Litigation; (iii) the individual and each of the Designated Expert Personnel sign the written assurance attached as Exhibit A; (iv) excluding any retention for this Litigation, the individual expert and each of the Designated Expert Personnel is neither (a) a current or former (within the past year from the date of this Order) employee of any party or any entity which directly or through a parent, subsidiary, principal, agent, or affiliate competes with any of the Defendants, nor (b) an employee of, affiliated with, or counsel (in-house or outside) to the SEIU or any other labor organization; and (v) the individual expert and each of the Designated Expert Personnel will not become an employee of, consultant to, affiliated with, or counsel (in-house or outside) to the SEIU before the later of (a) two (2) years from the date that expert or Designated Expert Personnel last receives Confidential or Highly Confidential Information or (b) during the pendency of this Litigation;

f.      During deposition, any person who (i) authored or is listed as a recipient of the particular material sought to be disclosed to that person (provided that the document has

not been altered since that person authored or received the material), (ii) was formerly employed by the Producing Party, but only as to specific material to which the person had access during his/her employment or (iii) is referred to in the material, but only as to the specific material in which such person is referenced, discussed, or mentioned; and

g.      Any other person to whom the Producing Party agrees in writing or on the record in advance of the disclosure or the Court directs should have access.

7.      <u>Disclosure of Confidential or Highly Confidential Information—Not to be Disclosed to Union</u>

a.      Access to information that is designated as "CONFIDENTIAL—NOT TO BE DISCLOSED TO UNION" shall be limited to those persons identified in Paragraph 5 of this Order except that in order to avoid inadvertent disclosure of that information to any unauthorized person, Plaintiffs' counsel David P. Dean and any shareholders, partners, members, associates, of counsel, and employees of James & Hoffman, P.C. ("J&H") shall only have access pursuant to the terms provided in the letter from David P. Dean to David L. Hanselman dated April 11, 2007, a copy of which is attached hereto and incorporated herein as Exhibit B.

b.      Access to information that is designated as "HIGHLY CONFIDENTIAL—NOT TO BE DISCLOSED TO UNION" shall be limited to those persons identified in Paragraph 6 of this Order except that in order to avoid inadvertent disclosure of that information to any unauthorized person, Plaintiff's counsel David P. Dean and any shareholders, partners, members, associates, of counsel, and employees of J&H shall only have access pursuant to the terms provided in the letter from David P. Dean to David L. Hanselman, dated April 11, 2007, a copy of which is attached hereto and incorporated herein as Exhibit B.

8.      <u>Notification of Protective Order</u>

a.	Confidential Information or Highly Confidential Information shall not be disclosed, described or otherwise made available to an individual expert or expert consulting firm described in Paragraphs 5(e) or 6(e), unless that expert or firm has executed an Agreement of Confidentiality in substantially the form attached hereto as Exhibit A.  The originals of such Agreement shall be maintained by counsel for the party who obtained them until the final resolution of this Litigation and shall be produced to the other party at the time the party produces its expert reports and responds to expert discovery.  This prohibition includes disclosure of the actual confidential material or the information contained in the material, including, but not limited to, any disclosure by counsel or experts.

b.	Confidential Information or Highly Confidential Information shall not be disclosed to persons who are non-parties pursuant to Paragraphs 5(b); 5(e); 5(f)(i), (ii), (iii) and (iv); and 5(g); 6(b); 6(f)(i), (ii), (iii), and (iv); and 6(g) unless (1) such persons are first provided with a copy of this Order and (2) disclosing counsel first advises them that they are bound by the provisions of this Order.

9.	Use of Confidential or Highly Confidential Information in Court

a.	If any Receiving Party plans to utilize any Confidential or Highly Confidential Information at a court hearing, that Receiving Party will use reasonable efforts to inform the Producing Party of its intent to use such information at least twenty-four (24) hours in advance of the hearing.  If no such advance notice is given, the Receiving Party will provide the Producing Party with an opportunity to approach the Court in confidence, whether in chambers or sidebar or such other method as the Court shall direct, regarding the use of the Confidential or Highly Confidential Information before reference is made to any such Confidential or Highly Confidential Information on the record.

b.      In the event that any information designated as "Confidential," "Highly Confidential," or "Not to be Disclosed to Union" is used in any Court proceeding in this Litigation or any appeal, it shall not lose its status as Confidential, Highly Confidential, or Not to be Disclosed to Union through that use.

c.      The rules governing the use of Confidential and Highly Confidential Information at trial shall be determined at a future date.

10.     <u>Objections to Designations</u>

A party shall not be obliged to challenge the propriety of a Confidential Information designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.  In the event a party objects to the designation of any material under this Order, the objecting party shall state its objections in a letter to counsel for the designating party in this Litigation, whereupon, the interested parties shall meet and confer in an attempt to resolve any objection.  If the objection is not resolved within fourteen (14) days of transmission of that letter, the party objecting to the confidential designation may ask the Court for an Order removing the designation with respect to the challenged discovery materials.  If such a request is made, the Producing Party has the burden of establishing that the designation is proper.  If no such request is made, the material will retain its designation.  If the Producing Party agrees to change the designation, the Producing Party shall send a written notice of the change in designation to all other parties.  Any documents or other materials that have been designated "Confidential," "Confidential-Not to be Disclosed to Union," "Highly Confidential," or "Highly Confidential-Not to be Disclosed to Union" shall be treated in the manner designated until such time as the Court rules that they should not be treated as Confidential or Highly Confidential, or the Producing Party agrees to change the designation.

11. <u>Preservation of Rights and Privileges</u>

Nothing contained in this Order shall affect the right, if any, of any party or witness to make any type of objection, claim, or other response to discovery requests, including, without limitation, interrogatories, requests for admissions, requests for production of documents or questions at a deposition. Nor shall this Order be construed as a waiver by any party of any right to withhold any Confidential Information or Highly Confidential Information as attorney work product or based on a legally cognizable privilege, or of any right which any party may have to assert such privilege at any stage of this Litigation.

12. <u>Return or Destruction of Materials</u>

Within sixty (60) business days after the final resolution of this Litigation, a Receiving Party shall return all Confidential or Highly Confidential Information to counsel for the Producing Party or, in lieu thereof, the Receiving Party shall certify in writing that it has been destroyed. Counsel shall be entitled to retain pleadings and the exhibits thereto, affidavits, motions, briefs, or other papers filed with the Court, even if they contain Confidential or Highly Confidential Information, so long as they are clearly marked to reflect that they contain information subject to this Order.

13. <u>Correction of Designation and Clawback</u>

a. A Producing Party that fails to designate Discovery Material as "Confidential," "Confidential—Not to be Disclosed to Union," "Highly Confidential," or "Highly Confidential—Not to be Disclosed to Union," at the time of its production shall be entitled to make a correction to its designation. Such correction and notice thereof shall be made in writing, accompanied by substitute copies of each item of Discovery Material, appropriately designated. Upon receipt of a notice of correction, the Receiving Party shall place the

appropriate marking on the document to reflect its altered confidentiality status and certify that the original and all copies of the document have been appropriately marked. The obligation to treat such material pursuant to the corrected designation shall be prospective only, and those individuals who reviewed the mis-designated discovery material prior to notice of the mis-designation by the Producing Party shall abide by the provisions of this Order with respect to all future use and disclosure of any information contained in the mis-designated materials.

    b.  A Producing Party that inadvertently produces any document or other information during discovery in this Litigation that the Producing Party has a good faith reason to believe is privileged under the attorney-client or other privilege, or protected from discovery as work product, may, upon discovery of such inadvertent production, request the return of such document or information. Upon receipt of a written request for return by the inadvertently Producing Party, the Receiving Party (a) shall return the original and all copies of the documents within thirty (30) days of the request, and shall not use the information for any purpose except upon further order of the Court, or (b) object to the request as described below. In the event the Receiving Party objects to the return of the document, the Receiving Party shall move the Court for an order as to whether the production was inadvertent or whether the document or information is otherwise privileged or protected from discovery. All materials related to the inadvertently produced document or information, and motion, shall be treated as "Highly Confidential—Not to be Disclosed to Union" pursuant to this Order, unless otherwise ordered by the Court. If such a motion is made within thirty (30) days of receiving the notice from the Producing Party of its claim of inadvertent production, the Receiving Party may retain the produced document or information until the Court resolves the motion. However, the Receiving Party shall not use the document or information for any purpose other than the motion except

upon further order of the Court. If no such motion is made within thirty (30) days, the document or information and all copies shall be returned to the Producing Party and the Receiving Party will not be entitled to retain the document or information in any way. Failure to move within thirty (30) days and/or return the produced document or information shall not be deemed a waiver of such objection nor preclude subsequent motion by the Receiving Party. If the Receiving Party disclosed the document or information before being notified, it must notify the Producing Party as to the manner in which the material was disclosed and to whom, and certify in writing that it has requested the return of the document or information.

c. If Confidential or Highly Confidential Information is disclosed by a Receiving Party to anyone other than in a manner authorized by this Order, the Receiving Party responsible for that disclosure must immediately bring all pertinent facts related to that disclosure to the attention of the Producing Party of the Confidential or Highly Confidential Information and make every reasonable effort to retrieve that Confidential or Highly Confidential Information and to prevent further disclosure.

14.    Limitation on Scope of this Order

The restrictions in this Order shall not apply to documents or information that are publicly available or that are obtained independently by the Receiving Party from a person lawfully in possession of those documents.

15.    No Admission

A party's compliance with the terms of this Order shall not operate as an admission that any particular document is or is not (a) confidential, (b) privileged, or (c) admissible in evidence at trial.

16.    Duty to Notify of Receipt of Subpoena

If any Receiving Party receives a subpoena for documents subject to this Order, the person subpoenaed must inform the subpoena's issuer of this Order, provide the subpoena's issuer with the copy of the Order, and give the Producing Party notice of the subpoena within three (3) business days after its receipt and before it produces any documents in response to the subpoena, so that the Producing Party has an opportunity to object prior to the production of any responsive material.

17.    Application of this Order to Non-Parties

This Order shall apply to non-parties who provide discovery, by deposition, production of documents or otherwise, in this Litigation, if said non-party requests the protection of this Order as to its Confidential or Highly Confidential Information and complies with the provisions of this Order.

18.    Continuing Force of this Order

Upon final resolution of this Litigation, the provisions of this Order shall continue to be binding.  This Court expressly retains jurisdiction over this Litigation for enforcement of the provisions of this Order following the final resolution of this Litigation.

19.    Confidential Designations Prior to the Entry of this Order

Until this Order is entered by the Court, any Discovery Material designated as Confidential or Highly Confidential Information that is produced in this litigation shall be protected from disclosure pursuant to the terms of this Order as if ordered by the Court.  If any actions subject to this Order are transferred to another Court, the terms of this Order shall remain in full force and effect unless modified by written agreement of all parties or order of the Court.

20.    Modification of Order

This Order is binding on all parties to this Litigation and on all non-parties who

have been served with a copy of this Order, and shall remain in force and effect until modified, superseded, or terminated by consent of the parties or by order of the Court.  This Order shall not prevent a party from applying to the Court for relief therefrom, or from applying to the Court for further or additional protective orders, or from agreeing to modifications of this Order, subject to the approval of the Court.

Nothing in this Order shall prevent a Producing Party from seeking further, greater or lesser protection with respect to the use of any Confidential or Highly Confidential Information, or seeking to prevent Confidential or Highly Confidential Information from being provided to persons described in paragraphs 5, 6, and 7 of this Order.

21.     Applicability to Future Actions

The terms of this Order shall be binding upon all current and future parties to this Litigation and their counsel.  Within ten (10) days of (i) entry of appearance by a new party to the Litigation, or (ii) notification of the filing in this District of a complaint that arises out of the same facts alleged in plaintiff's Complaint, plaintiffs' lead counsel shall serve a copy of this Order on such new party's counsel.

Dated: May 30, 2007
IT IS SO ORDERED:

  s/Gerald E. Rosen
Gerald E. Rosen
United States District Judge


May 30, 2007

Stipulated to and approved by:


s/Mark A. Griffin (with consent)          s/Toby G. Singer (with consent)
Mark A. Griffin                           Toby G. Singer
Raymond Farrow                            Michael R. Shumaker

1201 Third Avenue, Suite 3200
Seattle, WA 98101
Tel: (206) 623-1900

s/Stephen Wasinger (with consent)
Stephen Wasinger
STEPHEN F. WASINGER PLC
300 Balmoral Centre
32121 Woodward Avenue
Royal Oak, MI 48073
Tel: (248) 554-6300

Charles P. Tompkins
COHEN MILSTEIN HAUSFELD &
TOLL PLLC
1100 New York Avenue, NW
Suite 500, West Tower
Washington, D.C. 20005
Tel: (202) 408-4600

David P. Dean
JAMES & HOFFMAN
1101 17th Street, NW
Suite 510
Washington, D.C. 20036-4748

*Attorneys for Plaintiffs*

Louis Gabel
JONES DAY
51 Louisiana Ave., NW
Washington, D.C. 20001-2113
Tel:  (202) 879-3939
Fax:  (202) 626-1700

Thomas M.J. Hathaway
CLARK HILL, P.L.C.
500 Woodward Ave., Suite 3500
Detroit, MI 48226
Tel.: (313) 965-8300
Fax: (313) 965-8252

*Attorneys for Defendant St. John Health*

s/Kenneth J. McIntyre (with consent)
Kenneth J. McIntyre
L. Pahl Zinn
DICKINSON WRIGHT PLLC
500 Woodward Avenue, Suite 4000
Detroit, MI 48226-3425
Tel:  (313) 223-3500
Fax:  (313) 223-3598

Alethea A. Wilson
Charles N. Raimi
Patricia C. Schabath
DETROIT MEDICAL CENTER
3990 John R, 7 Brush W.
Detroit, MI 48201

Tel:  (313) 887-5381
Fax: (313) 887-5110

*Attorneys for Defendant Detroit Medical Center*


s/David Marx, Jr. (with consent)
David Marx, Jr.
Benjamin J. Hanauer
David L. Hanselman, Jr.
Stephen Y. Wu
MCDERMOTT, WILL, & EMERY
227 W. Monroe Street
Chicago, IL 60606
Tel:  (312) 372-2000
Fax:  (312) 984-7700

Mark S. Wilkinson
Terrence J. Miglio
Jonathon A. Rabin
KELLER THOMA
440 E. Congress, 5th Floor
Detroit, MI 48226-2918
Tel:  (313) 965-7610
Fax:  (313) 965-4480

*Attorneys for Defendant Henry Ford Health System*


s/David A. Ettinger (with consent)
David A. Ettinger
Peter E. Boivin
HONIGMAN MILLER SCHWARTZ AND COHN LLP
660 Woodward Avenue, Suite 2290
Detroit, MI 48226-3506
Tel:  (313) 465-7368
Fax:  (313) 465-8000


Michael J. Bommarito
MCLAREN HEALTH CARE
G3235 Beecher Road, Suite C
Flint, MI 48532-3615

Tel: (810) 342-1431
Fax: (810) 342-1436

*Attorneys for Defendant McLaren Health Care Corp.*


s/ Howard B. Iwrey

Howard B. Iwrey
DYKEMA GOSSETT
39577 Woodward Avenue, Suite 300
Bloomfield Hills, MI 48304-2820
Tel:  (248) 203-0526
Fax:  (248) 203-0763

*Attorneys for Defendant Oakwood Healthcare Inc.*


/s Fred K. Herrman (with consent)

Fred K. Herrmann
KERR, RUSSELL & WEBER, PLC
500 Woodward Avenue, Suite 2500
Detroit, MI 48226-3406
Tel:  (313) 961-0200
Fax:  (313) 961-0388

*Attorneys for Defendant Bon Secours Cottage Health Services*

## EXHIBIT A

I hereby certify (i) my understanding that Discovery Material containing Confidential Information or Highly Confidential Information is being provided to me pursuant to the terms and restrictions of the Stipulation and Protective Order Governing the Production and Exchange of Confidential Information ("Order") entered in *Cason-Merendo, et al. v. Detroit Medical Center, et al.*, United States District Court, Eastern District of Michigan, Civil Action No. 2:06-cv-15601-GER-MKM, and (ii) that I have received and read the Order. I understand the terms of the Order, I agree to be fully bound by the Order, and I hereby submit to the jurisdiction of the Court for purposes of enforcement of the Order. I understand that violation of the Order may be punishable by contempt of Court.

Dated: _____  Signature: _____

Name: _____

Address: _____

_____

CHI99 4810483-1.040554.0017