UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| PAT CASON-MERENDA and JEFFREY A. SUHRE on behalf of themselves and others similarly situated, | ) ) ) Case No. 06-15601 (GER) |
| Plaintiffs, | ) ) Hon. Gerald E. Rosen |
| v. | ) ) |
| DETROIT MEDICAL CENTER, HENRY FORD HEALTH SYSTEM, MOUNT CLEMENS GENERAL HOSPITAL, INC., ST. JOHN HEALTH, OAKWOOD HEALTHCARE INC., BON SECOURS COTTAGE HEALTH SERVICES, WILLIAM BEAUMONT HOSPITAL d.b.a. BEAUMONT HOSPITALS, and TRINITY HEALTH CORP., | ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) ) |

DEFENDANT TRINITY HEALTH CORP.'S MOTION TO DISMISS
PLAINTIFFS' THIRD CORRECTED CLASS ACTION COMPLAINT

Defendant Trinity Health Corp. ("Trinity"), through its counsel and pursuant to Rule

12(b)(6) of the Federal Rules of Civil Procedure, moves for the dismissal of the Third Corrected

Class Action Complaint filed against it.  As explained fully in the attached brief, upon which

Trinity relies, the Third Corrected Complaint fails to allege any specific, wrongful conduct by

Trinity, and does not tie Trinity to any specific role in the alleged conspiracy.  Trinity contends

that simply adding a defendant to an existing complaint, without articulating any wrongful

conduct on the part of that defendant to warrant its inclusion, does not satisfy the Federal Rules

or justify the expense of suit.  Particularly in light of the Supreme Court's recent decision in *Bell

Atlantic Corp. v. Twombly*, ___ U.S. ___, 127 S. Ct. 1955 (2007), the Third Corrected Complaint

is deficient under Fed. R. Civ. P. 8 and dismissal of Trinity is appropriate.

Pursuant to Local Rule 7.1(a), counsel for Trinity conferred with plaintiffs' counsel on the issues raised in this Motion, and was unable to obtain concurrence on the relief sought. Accordingly, it was necessary to file this Motion.

**WHEREFORE** Trinity respectfully requests that this Court, after hearing at a date to be set by the Court: (a) grant its Motion; (b) dismiss, without prejudice, plaintiffs' Third Corrected Class Action Complaint against it; and (c) grant any further relief this Court deems just and necessary.

Dated: August 16, 2007

SONNENSCHEIN NATH & ROSENTHAL LLP

By: _____/s/ Margo Weinstein_____
     Margo Weinstein
     Sandra D. Hauser
     Robert N. Potter
7800 Sears Tower
Chicago, Illinois 60606
(312) 876-8000
mweinstein@sonnenschein.com

1221 Avenue of the Americas
New York, New York 10020
(212) 768-6700
shauser@sonnenschein.com
rpotter@sonnenschein.com

LAW OFFICE OF DAVID B. GUNSBERG, P.C.
David B. Gunsberg (P24235)
322 North Old Woodward Avenue
Birmingham, Michigan  48009
(248) 646-9090
davidgunsberg@hotmail.com

TRINITY HEALTH CORPORATION
Cathrine F. Wenger (P37861)

- 2 -

27870 Cabot Drive
Novi, Michigan 48377
(248) 489-5004
wengerc@trinity-health.org

*Attorneys for Defendant Trinity Health Corp.*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| PAT CASON-MERENDA and JEFFREY A. SUHRE on behalf of themselves and others similarly situated, | Case No. 06-15601 (GER) |
| Plaintiffs, | Hon. Gerald E. Rosen |
| v. | |
| DETROIT MEDICAL CENTER, HENRY FORD HEALTH SYSTEM, MOUNT CLEMENS GENERAL HOSPITAL, INC., ST. JOHN HEALTH, OAKWOOD HEALTHCARE INC., BON SECOURS COTTAGE HEALTH SERVICES, WILLIAM BEAUMONT HOSPITAL d.b.a. BEAUMONT HOSPITALS, and TRINITY HEALTH CORP., | |
| Defendants. | |

DEFENDANT TRINITY HEALTH CORP.'S MEMORANDUM OF LAW
IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS'
THIRD CORRECTED CLASS ACTION COMPLAINT

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................................................ ii

ISSUES PRESENTED.............................................................................................................. iv

PRELIMINARY STATEMENT ................................................................................................ 1

STATEMENT OF FACTS ........................................................................................................ 2

ARGUMENT ............................................................................................................................ 6

    I.    PLAINTIFFS' COMPLAINT FAILS TO PLEAD ANY SPECIFIC FACTS TYING
    TRINITY, OR ANY OTHER DEFENDANT, TO CONDUCT IN VIOLATION OF
    ANTITRUST LAWS ........................................................................................................ 6

    II.    AMENDMENT OF PLAINTIFFS' COMPLAINT TO ADD TRINITY IS NOT
    JUSTIFIED ABSENT ARTICULATION OF GROUNDS TO BRING IN A NEW
    DEFENDANT.................................................................................................................. 11

CONCLUSION........................................................................................................................ 12

- i -

## TABLE OF AUTHORITIES

### Federal Cases

*Adams v. American Bar Association*, 400 F. Supp. 219 (E.D. Pa. 1975) ...........................7

*American Copper & Brass, Inc. v. Daniel Boliden AB*, No. 04-2771-DV, 2005
     WL 1631034 (W.D. Tenn. July 6, 2005) ......................................................8

*Athuahene v. City of Hartford*, 10 Fed. Appx. 33, 34 (2d Cir. 2001) .................................7

*Bell Atlantic Corp. v. Twombly*, ___ U.S. ___, 127 S. Ct. 1955 (2007) .....................2, 6, 8

*Brainard v. American Skandia Assurance Corp.*, 432 F.3d 655 (6th Cir. 2005) ...............12

*Jung v. Association of America Medical Colleges*, 200 F. Supp. 2d 119 (D.D.C.
     2004) ........................................................................................................6, 9

*Kostrzewa v. City of Troy*, 247 F.3d 633 (6th Cir. 2001) ..............................................4 n.1

*Longo v. Glime*, No. 86 73842, 1987 U.S. Dist. LEXIS 15548 (E.D. Mich. Dec.
     16, 1987) .......................................................................................................12

*Medina v. Bauer*, No. 02 Civ. 8837(DC), 2004 WL 136636 (S.D.N.Y. Jan. 27,
     2004) ...............................................................................................................6

*Michigan Division - Monument Builders of N. America v. Michigan Cemetery
     Associate ("Michigan Cemetery")*, 458 F. Supp. 2d 474 (E.D. Mich. 2006)......... 6, 8-9

*Monsanto Co. v. Spray-Rite Service Corp.*, 465 U.S. 752, 104 S. Ct. 1646 (1984) ........1, 6

*Mountain View Pharmacy v. Abbott Laboratories*, 630 F.2d 1383 (10th Cir. 1980) ..........7

*New England Health Care Employees' Pension Fund v. Ernst & Young, LLP*, 336
     F.3d 495 (6th Cir. 2003) ...............................................................................4 n.1

*National Independent Theatre Exhibitors, Inc. v. Charter Finance Group, Inc.*,
     747 F.2d 1396 (11th Cir. 1984) ........................................................................12

*RE/MAX International, Inc. v. Smythe, Cramer Co.*, 265 F. Supp. 2d 882 (N.D.
     Ohio 2003) ......................................................................................................10

- ii -

*U.S. v. Griffith Amusement Co.*, 1 F.R.D. 229 (W.D. Okla. 1940)......................................7

*Van Dyke Ford, Inc. v. Ford Motor Co.*, 399 F. Supp. 277 (E.D. Wis. 1975) ...................7

**Federal Rules**

Fed. R. Civ. P. 8.........................................................................................7, 9, 10

Fed. R. Civ. P. 12.................................................................................................2

**ISSUES PRESENTED**

Whether an antitrust complaint that fails to allege any specific, unlawful conduct by a defendant, and instead lumps together all defendants without distinguishing that each participated in a purported conspiracy and how, satisfies the pleading requirements of Fed. R. Civ. P. 8, particularly in light of *Bell Atlantic Corp. v. Twombly*, ___ U.S. ___, 127 S. Ct. 1955 (2007)?

Trinity answers:  "No."

**PRELIMINARY STATEMENT**

In their Third Corrected Class Action Complaint, plaintiffs Pat Cason-Merenda and Jeffrey A. Suhre attempt to tack on Trinity as a defendant without including a single, specific allegation as to how (if at all) Trinity participated in any conspiracy, let alone exhibited "conscious commitment to a common scheme." *See generally Monsanto Co. v. Spray-Rite Serv. Corp.*, 465 U.S. 752, 768, 104 S. Ct. 1464, 1473 (1984).  Simply adding a defendant to an existing complaint – without articulating any wrongful conduct on the part of that defendant to warrant its inclusion – does not satisfy the Federal Rules and does not justify the immense expense that Trinity immediately will face in defending this case.  Under basic rules of pleading, a complaint must afford a defendant fair notice of the claims directed specifically at that defendant and, critically, the grounds upon which they rest.  As the Supreme Court recently reiterated in *Bell Atlantic Corp. v. Twombly*, factual allegations "must be enough to raise a right to relief beyond the speculative level;" "formulaic recitation of the elements of a cause of action will not do."  *See* __ U.S. __, 127 S. Ct. 1955, 1965 (2007) (internal citations omitted).

Here, plaintiffs do not identify even the most basic element of their claim against Trinity: what exactly they believe the conspiracy among Detroit hospitals to be, and what Trinity's role in it ostensibly was.  The complaint fails to articulate who, or what, specifically was involved in a conspiracy, and what unlawful conduct any participant is purported to have engaged in, beyond generic "class" and "antitrust" charges lodged at an amalgamated "defendant" mass.

As *Twombly* holds, threshold insistence upon minimal adequacy in pleading is particularly appropriate in antitrust cases where, like here, the costs of discovery will be

staggering. __ U.S. __, 127 S. Ct. at 1967 ("It is only by taking care to require allegations that reach the level suggesting conspiracy that we can hope to avoid the potentially enormous expense of discovery in cases with no reasonably founded hope that the [discovery] process will reveal relevant evidence to support a § 1 claim.") (quotation marks and citation omitted) (alteration in original).  Based on the discovery already served by plaintiffs in this case, Trinity, a non-profit health care system with a charitable mission, will be forced to divert scarce financial resources and personnel to collect, process and review enormous amounts of electronically stored information, documents and database material.  Nothing in the Third Corrected Complaint justifies that burden.

The Third Corrected Complaint, which lumps together "defendants" and contains **no** allegations of wrongdoing tied to Trinity, does not satisfy the basic pleading requirements and should be dismissed without prejudice as to Trinity under Fed. R. Civ. P. 12(b)(6).

## STATEMENT OF FACTS

Plaintiffs first brought suit in December 2006 under Section 1 of the Sherman Antitrust Act, purportedly on behalf of a class, alleging a conspiracy among Detroit area hospitals to "depress the compensation" of Registered Nurses in the Detroit MSA over a period of more than five years.  Plaintiffs' original complaint named six hospitals or hospital systems, but did not name Trinity as a defendant.  Trinity and another hospital, William Beaumont Hospital, were added six months later, to plaintiffs' Third Corrected Class Action Complaint, filed in late June 2007.

Other than pleading Trinity's corporate addresses, a national revenue figure published on its corporate website, and identifying two hospitals in the Detroit MSA operated by Trinity, plaintiffs have pled no specific fact or allegation whatsoever against Trinity.  See Compl. ¶ 19. Plaintiffs have not pled that Trinity or any of its affiliated hospitals engaged in any specific conduct violating the Sherman Act.  Nor have they pled that Trinity or any of its affiliated hospitals entered into any actual agreement with any other party.  Plaintiffs have not specifically alleged that Trinity or any of its affiliated hospitals commissioned or participated in exchanges of information.  They have stated no specific fact whatsoever as to Trinity from which illegal conduct might be inferred, other than identifying Trinity as an operator of Detroit-area hospitals employing RNs.

Plaintiffs' general allegations against "defendants" provide no better notice of their actual theory of liability.  The allegations are boilerplate, or vague and generalized, with no indications of specific conduct by any specific defendant in furtherance of any specific conspiracy.  It is a striking illustration of the speculative and boilerplate nature of the allegations that numerous of its paragraphs are identical to paragraphs in other complaints filed by the same plaintiffs' counsel in other cities.

For example, Paragraph 35 purports to set forth four specific acts in furtherance of the alleged conspiracy among defendants and their co-conspirators in the Detroit MSA.  (Compl. ¶ 35(a)-(d).)  But this paragraph is *identical* to paragraphs in the complaints filed in three similar

actions, in Memphis, Albany, and San Antonio.[1]  Similarly, Paragraph 37 – which makes superficial allegations concerning phone calls between human resource employees, an uptick in such calls at the end of each fiscal year, the use of such calls to set RN compensation, and the evaluation of human resource employees based on such calls – is a *verbatim* copy of language used in three of the other complaints.[2]

The allegations that are not simply copied from earlier filed complaints are no more specific.  Most of these allegations simply reference "defendants and their co-conspirators," followed by general assertions of anticompetitive actions or activities.   And the allegations that do not conflate all defendants do not specify to which defendants they refer.  For example, plaintiffs allege that "*[s]everal* of the defendants . . . conducted informal surveys of other hospitals,"  (Compl. ¶ 38 (emphasis added)), and that "*[s]everal* of the defendants . . . retained

---

[1]  *See* Compl. ¶ 27, *Clarke v. Baptist Mem'l Healthcare Corp.,* No. 2:06-cv-02377 (W.D. Tenn. June 20, 2006) (Ex. 1); Second Am. Compl. ¶ 29, *Fleischman v. Albany Med. Ctr.*, No. 06-CV-0765 (N.D.N.Y. June 20, 2006) (Ex. 2); Second Am. Compl., *Maderazo v. VHS San Antonio Partners, L.P.*, No. SA06CA0535 (W.D. Tex. June 20, 2006) (Ex. 3).  The language is virtually identical to a similar paragraph in the complaint filed in a fourth case in Chicago.  *See* Third Am. Compl., *Reed v. Advocate Health Care*, No. 06 C 3337 (N.D. Ill. June 20, 2006) (Ex. 4).  Trinity respectfully requests that the Court take judicial notice of these four complaints.  *See, e.g.*, *New England Health Care Employees' Pension Fund v. Ernst & Young, LLP*, 336 F.3d 495, 501 (6th Cir. 2003) (taking judicial notice of a complaint filed in another case while deciding a motion to dismiss); *Kostrzewa v. City of Troy*, 247 F.3d 633, 644 (6th Cir. 2001).

[2]  *See* Compl. ¶ 29, *Clarke* (Ex.1); Second Am. Compl. ¶ 31, *Fleischman* (Ex. 2); Third Am. Compl. ¶ 32, *Reed* (Ex. 4).  Very similar language, stretching across two paragraphs, is used in *Maderazo*.  *See* Second Am. Compl. ¶ 35-36 (Ex. 3).  Other significant portions of the "factual background" alleged in plaintiffs' complaint are also duplicative of or nearly identical to those contained in the other complaints.  *Compare* Compl. ¶¶ 46-48 *with* Compl. ¶¶ 30-32, *Clarke* (Ex. 1); Second Am. Compl. ¶¶ 33-35, *Fleischman* (Ex. 2); Second Am. Compl. ¶¶ 38-40, *Maderazo* (Ex. 3); Third Am. Compl. ¶¶ 38-40, *Reed* (Ex. 4); *compare also* Compl. ¶ 38 *with* Third Am. Compl. ¶ 33, *Reed* (Ex. 4).

consultants . . . to conduct surveys," (Compl. ¶ 39 (emphasis added).  Not all defendants are alleged to have engaged in this conduct, but the Third Corrected Complaint does not tell you which ones did.  These allegations were included in plaintiffs' initial complaint and Trinity was not even a defendant when they were first pled.  But Trinity cannot determine if this means the allegations do not apply to it, or whether Trinity too is now one of the "several" defendants.

Simply put, as a newly added defendant, Trinity has no notice of  critical facts necessary to evaluate the case and prepare a defense.  Trinity cannot determine which, if any, of the allegations against "defendants" – all of which pre-date Trinity's inclusion in the case – are asserted against Trinity.  Trinity cannot even determine what "defendants" allegedly conspired to do.  Was it to fix wages at a set amount, to limit increases by a set amount or a fixed percentage, or something else entirely?

At the same time, plaintiffs have served expansive discovery on Trinity, along with all other defendants in the case, covering areas with broad scope as to subject and time frame and which will require production of substantial database information, electronically stored information from numerous custodians, hard copy documents and other materials.  Given the vast volume and nature of what has been demanded, this case will cost Trinity hundreds of thousands of dollars, if not millions of dollars, in discovery costs alone.  Articulating sufficient grounds for the addition of Trinity as a defendant is a critical predicate to necessitating this expense.

## ARGUMENT

I.  **PLAINTIFFS' COMPLAINT FAILS TO PLEAD ANY SPECIFIC FACTS TYING TRINITY, OR ANY OTHER DEFENDANT, TO CONDUCT IN VIOLATION OF ANTITRUST LAWS**

As a central element of a claim under the Sherman Antitrust Act, a plaintiff must allege (and ultimately must show) that each defendant had a "conscious commitment to a common scheme designed to achieve an unlawful objective." *Monsanto*, 465 U.S. at 768, 104 S. Ct. at 1473 (1984); *cf. Twombly*, __ U.S. at __, 127 S. Ct. at 1963 (reiterating that "'conscious parallelism' has not yet read conspiracy out of the Sherman Act entirely") (quotation marks and citations omitted). Simply putting forward an alleged scheme, without alleging "conscious participation" in that scheme by each and every defendant, will not suffice.

This Court and others routinely reject complaints that simply amalgamate defendants into one large mass and fail to distinguish that, and how, each joined a conspiracy. *See, e.g., Michigan Div. – Monument Builders of N. Am. v. Michigan Cemetery Assoc.* ("*Michigan Cemetery*"), 458 F. Supp. 2d 474, 485 (E.D. Mich. 2006) (dismissing antitrust complaint "because the complaint contains no allegations that Defendants engaged in any specific conduct in violation of antitrust laws"); *Jung v. Association of Am. Med. Colls.*, 200 F. Supp. 2d 119, 163-64 (D.D.C. 2004) ("Plaintiffs cannot escape their burden of alleging that each defendant participated in or agreed to join the conspiracy by using the term 'defendants' to apply to numerous parties without any specific allegations as to the [specific defendant]"); *Medina v. Bauer*, No. 02 Civ. 8837(DC), 2004 WL 136636 at *6 (S.D.N.Y. Jan. 27, 2004) ("By lumping all the defendants together and failing to distinguish their conduct, plaintiff's amended complaint

fails to satisfy the requirements of Rule 8.  Specifically, the allegations fail to give adequate

notice to these defendants as to what they did wrong"); *U.S. v. Griffith Amusement Co.*, 1 F.R.D.

229, 231 (W.D. Okla. 1940) ("Each of the defendants . . . has a right to know what he or it is

alleged to have done which made him or it a part of the conspiracy and these acts should be

alleged with sufficient definiteness, not only to enable the defendant to meet the charge with

proof at time of trial, but to prepare his or its answer to the complaint"); *Athuahene v. City of

Hartford*, 10 Fed. Appx. 33, 34 (2d Cir. 2001) (noting that while Rule 8 does not demand "a

model of clarity," plaintiff fails to satisfy even the minimal standard "[b]y lumping all the

defendants together in each claim and providing no factual basis to distinguish their conduct");

*Adams v. American Bar Ass'n*, 400 F. Supp. 219, 223 (E.D. Pa. 1975) (dismissing complaint

where plaintiffs "allege a mass conspiracy, but they fail to set forth supporting facts to define the

conspiracy or demonstrate how any of the defendants participated in the alleged conspiracy");

*Van Dyke Ford, Inc. v. Ford Motor Co*., 399 F. Supp. 277 (E.D. Wis. 1975) (conclusory

allegation that defendants conspired, in the absence of any allegation of specific defendants'

participation, was insufficient to state a claim).

The complexity of this case, with numerous defendants and a proposed plaintiff class,

heightens plaintiffs' burden to distinguish one defendant from another.  As the Tenth Circuit has

recognized, "[t]o provide adequate notice, a complaint in a complex, multi-party suit may require

more information than a simple single-party case."  *Mountain View Pharmacy v. Abbott Labs.*,

630 F.2d 1383, 1388 (10th Cir. 1980); *see also Adams*, 400 F. Supp. at 223.

Vague and conclusory allegations applied indiscriminately to hospitals in five major cities across the country fail to adequately allege how each specific defendant was involved in the alleged conspiracy.  This does not and cannot provide the level of notice required by the Federal Rules.  *See Twombly*, __ U.S. at __, 127 S. Ct. at 1970 n.10 (antitrust complaint likely fails to give sufficient notice under Rule 8 when it "furnishes no clue as to which of the four [defendants] (much less which of their employees) supposedly agreed, or when and where the illicit agreement took place"); *American Copper & Brass, Inc. v. Daniel Boliden AB*, No. 04-2771-DV, 2005 WL 1631034, at *4 (W.D. Tenn. July 6, 2005) (dismissing antitrust complaint as to specific defendant when "no factual link is alleged to connect [specific defendant] with the conspiratorial acts that occurred").

This Court's recent decision in the *Michigan Cemetery* case is instructive.  In that case, as here, plaintiffs attempted to camouflage the factual gaps in their complaint by addressing all allegations to "defendants," and never accusing any particular defendant of any particular conduct:

> [W]ith the exception of allegations as to [defendants'] ownership, location and/or state of incorporation, there are no specific factual allegations that relate to them.  That is, Plaintiffs' complaint is devoid of any factual allegations that any . . . defendant entered into an agreement with any other defendant.  The complaint is also devoid of any specific factual allegations that any . . . defendant engaged in any wrongful conduct.  Rather, the complaint contains a "laundry list" of general allegations, without any references to conduct by any specific . . . defendant.

*Id.*

- 8 -

In dismissing the complaint the Court held that, despite the liberal pleading standards of Rule 8, "[p]laintiffs cannot escape their burden of alleging that each defendant participated in or agreed to join the conspiracy by using the term 'defendants' to apply to numerous parties without any specific allegations as to any individual . . . defendant." *Id.* Plaintiffs' complaint here is equally deficient and, like the plaintiffs in *Michigan Cemetery*, they "have failed to plead sufficient facts in the complaint to establish a conspiracy." *Id.*

Also instructive is *Jung v. Association of American Medical Colleges*. In *Jung*, Plaintiffs similarly couched their antitrust allegations as against "defendants," without connecting any particular defendant to the alleged conspiracy. 200 F. Supp. at 163-64. Just as in *Michigan Cemetery*, the district court – after noting "the ambiguity inherent in the global term 'defendants'" – dismissed plaintiff's complaint as "vague, conclusory and simply insufficient to meet plaintiffs' burden under Rule 12(b)(6)." *Id.* at 164. Significantly, that court found that although it "must consider defendants' motions to dismiss in the context of the larger conspiracy . . . , *plaintiffs are not relieved from alleging that each individual defendant joined the conspiracy and played some role in it*." *Id.* (emphasis added). Numerous courts across the country have reached the same conclusion, rejecting mass pleadings. *See supra* pp. 6-7.

Plaintiffs' Complaint is further deficient in its failure to allege specific facts surrounding the timing of the alleged conspiracy. As to when the conspiracy occurred, Plaintiffs allege only that it "[b]eg[an] before November 2002 and continu[es] to the present." (Compl. ¶ 34.) In *Twombly,* while addressing different facts and antitrust theories than presented here, the Supreme Court specifically criticized plaintiffs' complaint for its absence of facts, noting, "[a]part from

- 9 -

identifying a seven-year span in which the § 1 violations were supposed to have occurred (*i.e.*, '[b]eginning at least as early as February 6, 1996, and continuing to the present'), the pleadings mentioned no specific time . . . involved in the alleged conspiracies" and "furnish[] no clue as to which of the four [defendants] (much less which of their employees) supposedly agreed, or when and where the illicit agreement took place."  ___ U.S. at ___, 127 S. Ct. at 1970 n.10.  *See also RE/MAX Int'l, Inc. v. Smythe, Cramer Co.*, 265 F. Supp. 2d 882, 896 (N.D. Ohio 2003) (finding, for example, allegations that identified the time of the conspiracy only as "[s]ince at least February 2001" insufficiently vague).  The instant complaint's skeletal allegations are similarly deficient.

Plaintiffs certainly will point out that the Western District of Tennessee denied a motion to dismiss brought by the two hospital defendants in *Clarke*, on a similar complaint.  *See* May 17, 2007 Order, *Clarke*.  Trinity's motion rests on different grounds than the motion in *Clarke,* however, and the ruling is distinguishable in several significant ways.  Defendants in *Clarke* first argued as a centerpiece of their motion that plaintiffs had failed to allege a plausible product market.  Trinity has not raised this argument in its motion (although it in no way concedes that plaintiffs' market allegations are either legally or factually sufficient).  With respect to Rule 8, the *Clarke* defendants argued that plaintiffs had "not alleged sufficient facts to state a claim for wage-fixing" (*id.*, at 13-14) – but importantly did not argue, as Trinity does here, that plaintiffs had failed to identify the specific conduct attributable to each defendant.  In fact, the *Clarke* complaint presents a different circumstance because it named only two defendants.  Any alleged conspiracy must, by definition, include *each* of those defendants, thus the facts regarding notice

- 10 -

were entirely different.  Here, however, Plaintiffs' Third Corrected Complaint names eight

defendants, constituting an even greater number of separate hospitals/HR systems.  The semantic

sleight-of-hand plaintiffs attempt in painting all with the broad brush "defendants" is not

sufficient here.

 In addition, the *Clarke* motion was decided prior to the Supreme Court's decision in

*Twombly*, which clarified and reiterated the threshold requirements to plead an antitrust

conspiracy.

## II.  AMENDMENT OF PLAINTIFFS' COMPLAINT TO ADD TRINITY IS NOT JUSTIFIED ABSENT ARTICULATION OF GROUNDS TO BRING IN A NEW DEFENDANT

 Even assuming that Plaintiffs' complaint somehow was sufficiently pled against the

original named defendants (Trinity contends it was not), it fails as to Trinity.  Trinity was added

to this case upon the filing of the Third Corrected Complaint on June 15, 2007.  This "corrected"

complaint contained the identical factual allegations as the Second Corrected Complaint, filed

February 28, 2007.  *Compare* Third Corr. Compl. *with* Second Corr. Compl.  Plaintiffs have

failed to add even one unique or specific allegation applicable to Trinity.  Just as plaintiffs may

not address all of their allegations as to "defendants" generally, they certainly may not tack on

additional defendants at their whim without adducing a single specific allegation to connect such

new defendants with the alleged conspiracy.  Plaintiffs' complaint is completely generic as to

Trinity, and offers no factual basis specifically connecting Trinity to the alleged conspiracy.

 If plaintiffs in fact do not have specific facts concerning Trinity, other than its identity as

a Detroit-area hospital system, they should not have obtained leave to amend (or "correct") their

complaint to name Trinity as a defendant.  *See, e.g.*, *Brainard v. American Skandia Assurance Corp.*, 432 F.3d 655, 666 (6th Cir. 2005) (affirming denial of request to add a defendant when, in part, "plaintiffs failed to allege how [new defendant] was allegedly liable to plaintiffs"); *National Indep. Theatre Exhibitors, Inc. v. Charter Fin. Group, Inc.*, 747 F.2d 1396, 1404 (11th Cir. 1984) (affirming denial of request to amend complaint to add defendants when, in part, "the plaintiffs . . . made no showing in their factual allegations as to how the additional parties could be held liable on any of the claims they were asserting against" the existing defendants); *Longo v. Glime*, No. 86 73842, 1987 U.S. Dist. LEXIS 15548, at *2 (E.D. Mich. Dec. 16, 1987) ("If no factual allegations are made as to how additional parties are liable, allowing an amended complaint adding those parties may be an abuse of discretion.").  If plaintiffs had such facts, they should have pled them.  As it stands, the complaint does not provide fair notice of the grounds upon which the suit against Trinity is based.

### CONCLUSION

With no articulated basis, plaintiffs have added Trinity as a defendant in this action. Plaintiffs assert no allegations of any specific misconduct by Trinity and no specific allegations of when or how Trinity joined what conspiracy, and now want to go on a fishing expedition for the specifics – at the expense of this non-profit hospital system.  The Federal Rules don't work that way.  Notice pleading requires notice of what it is that Trinity is alleged to have done before

the case against Trinity should move forward.  Trinity respectfully requests that this Court

dismiss, without prejudice, the Third Corrected Complaint against it.

Dated:  August 16, 2007

SONNENSCHEIN NATH & ROSENTHAL LLP

By: _____/s/ Margo Weinstein_____
     Margo Weinstein
     Sandra D. Hauser
     Robert N. Potter
7800 Sears Tower
Chicago, Illinois 60606
(312) 876-8000
mweinstein@sonnenschein.com

1221 Avenue of the Americas
New York, New York 10020
(212) 768-6700
shauser@sonnenschein.com
rpotter@sonnenschein.com

LAW OFFICE OF DAVID B. GUNSBERG, P.C.
David B. Gunsberg (P24235)
322 North Old Woodward Avenue
Birmingham, Michigan  48009
(248) 646-9090
davidgunsberg@hotmail.com

TRINITY HEALTH CORPORATION
Cathrine F. Wenger (P37861)
27870 Cabot Drive
Novi, Michigan 48377
(248) 489-5004
wengerc@trinity-health.org

*Attorneys for Defendant Trinity Health Corp.*

17570140

- 13 -

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification of such filing to the following:

| | |
|---|---|
| Peter E. Boivin | pboivin@honigman.com |
| Michael J. Bommarito | michaelb@mclaren.org |
| David A. Ettinger | dettinger@honigman.com |
| Raymond J. Farrow | rfarrow@kellerrohrback.com, esullivan@kellerrohrback.com |
| Louis P. Gabel | lpgabel@jonesday.com, emvalentine@jonesday.com, mrshumaker@jonesday.com, slcuba@jonesday.com, tgsinger@jonesday.com |
| Mark A. Griffin | mgriffin@kellerrohrback.com, khoyer@kellerrohrback.com |
| David B. Gunsberg | davidgunsberg@hotmail.com, cewebber36@hotmail.com |
| Benjamin J. Hanauer | bhanauer@mwe.com |
| David L. Hanselman, Jr. | dhanselman@mwe.com, kpaley@mwe.com |
| David A. Hardesty | dhardesty@clarkhill.com, gsmith@clarkhill.com |
| Thomas M.J. Hathaway | thathaway@clarkhill.com, gsmith@clarkhill.com |
| Michelle R. Heikka | mheikka@dickinsonwright.com, ahowington@dickinsonwright.com |
| Fred K. Herrmann | fkh@krwlaw.com, brm@krwlaw.com, ecf@krwlaw.com |

Howard B. Iwrey              hiwrey@dykema.com,
                            dtonelli@dykema.com

Sheldon H. Klein            klein@butzel.com

Shari Ross Lahlou           slahlou@crowell.com

Jill L. Marr                jmarr@honigman.com,
                            pgodfroy@honigman.com

David Marx, Jr.             dmarx@mwe.com

Kenneth J. McIntyre         kmcintyre@dickinsonwright.com,
                            cbennett@dickinsonwright.com

Terrence J. Miglio          tjm@kellerthoma.com,
                            dsg@kellerthoma.com

Mark T. Nelson              nelson@butzel.com,
                            nance@butzel.com

Paul F. Novak               pnovak@clarkhill.com,
                            mturney@clarkhill.com

Jonathon A. Rabin           jar@kellerthoma.com,
                            bly@kellerthoma.com

Charles N. Raimi            craimi@dmc.org

Patricia C. Schabath        pschabat@dmc.org,
                            bnicholl@dmc.org

Bruce L. Sendek             sendek@butzel.com,
                            johnsonl@butzel.com

William B. Slowey           slowey@butzel.com,
                            wagner@butzel.com

Michael R. Turco            turco@butzel.com,
                            vancleve@butzel.com

Stephen F. Wasinger         sfw@sfwlaw.com,
                            kfiema@kickhamhanley.com,

|                        | jschroeder@kickhamhanley.com                          |
| Cathrine F. Wenger     | WengerC@trinity-health.org                            |
| Mark S. Wilkinson      | msw@kellerthoma.com,<br>sad@kellerthoma.com           |
| Alethea A. Wilson      | Awilson4@dmc.org                                      |
| Bethany M. Wimsatt     | bwimsatt@crowley.com,<br>splatter@crowell.com         |
| Stephen Y. Wu          | swu@mwe.com                                           |
| L.Pahl Zinn            | pzinn@dickinsonwright.com,<br>jford@dickinsonwright.com |

and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: *None*.

Dated: August 16, 2007

SONNENSCHEIN NATH & ROSENTHAL LLP


By: _____ */ s / Robert N. Potter*_____
               Robert N. Potter

1221 Avenue of the Americas
New York, New York 10020
(212) 768-6700
rpotter@sonnenschein.com

*Attorney for Defendant Trinity Health Corp.*