**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

PAT CASON-MERENDA and
JEFFREY A. SUHRE,

       Plaintiffs,                      Case No. 06-15601
                                                Hon. Gerald E. Rosen

vs.

DETROIT MEDICAL CENTER, *et al.,*

       Defendants.
_____/

**OPINION AND ORDER OVERRULING PLAINTIFFS' OBJECTIONS
TO MAGISTRATE JUDGE'S ORDER GRANTING DEFENDANT ST. JOHN'S
MOTION TO COMPEL COMPLETE ANSWER TO INTERROGATORY NO. 21**

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on     March 7, 2008

PRESENT: Honorable Gerald E. Rosen
                United States District Judge

By order dated October 11, 2007, Magistrate Judge Donald A. Scheer granted Defendant St. John Health's motion to compel a complete answer to Interrogatory No. 21 served on May 24, 2007. In particular, the Magistrate Judge directed Plaintiffs to reveal the identities of the individuals referred to as witnesses "A" through "H" in Plaintiffs' initial response to this interrogatory. Plaintiffs now object to this ruling, arguing primarily (i) that the Magistrate Judge erred in his interpretation of the interrogatory at issue, and (ii) that the disclosures ordered by the Magistrate Judge would impermissibly infringe upon the work product protection afforded to an attorney's selection of persons

to interview in a pre-filing investigation. For the reasons stated below, the Court finds no such infirmities in the Magistrate Judge's ruling, and thus overrules Plaintiffs' objections.

## I. **BACKGROUND**

In its Interrogatory No. 21, Defendant requested that Plaintiffs:

> Identify each person who participated in any investigation of the facts that formed the basis for the claims asserted in this lawsuit or in gathering any evidence or information supporting, refuting or otherwise relating to the allegations in the Complaint, including without limitation any employee or representative of the Mintz Group, the Feldman Group, Barbara Bergmann, and the Global Strategy Group,[1] and describe with particularity all such facts and evidence collected or gathered.

In response, Plaintiffs first listed a number of individuals employed by the Mintz Group, Women's Policy Research, and SEIU International, as well as Plaintiffs' counsel, as having participated in the investigation that led to this suit. Plaintiffs then provided a fairly extensive summary of the facts revealed through this investigation, identifying witnesses "A" through "H" as the sources of most or all of these facts.

Upon receiving this response, and after trying but failing to resolve the parties' differences through less formal means, Defendant brought a motion to compel a more complete answer to its interrogatory. Specifically, Defendant argued that Plaintiffs should be ordered to disclose the identities of the witnesses "A" through "H" cited in their answer to the interrogatory. In response, Plaintiffs noted that they already had identified all persons with knowledge of relevant facts relating to the complaint's allegations in

---

[1]The specific entities and individual referenced in the interrogatory evidently have served as investigators in other nurse wage cases brought around the country.

2

their answer to a different interrogatory, and they argued that the more specific disclosure sought by Defendant would impermissibly reveal their counsel's strategic decisions and mental impressions by identifying individuals selected for interviews during counsel's pre-filing investigation.

After extensive briefing and oral argument, the Magistrate Judge granted Defendant's motion. In so ruling, the Magistrate Judge first determined that Defendant's interrogatory did not seek the disclosure of those *selected for interview* in Plaintiffs' pre-filing investigation, bus instead was properly construed as requesting (i) the identities of those individuals who *conducted* the investigation, and (ii) the *facts* gathered in this investigation. The Magistrate Judge then rejected Plaintiffs' appeal to the work product doctrine, reasoning that this doctrine's protection did not extend to the identities of persons with knowledge of facts supporting a party's claims or defenses. Accordingly, Plaintiffs were directed to supplement their interrogatory response by revealing the identities of the individuals referred to as witnesses "A" through "H" in their initial response. Plaintiffs now object to this ruling.

## II. ANALYSIS

In support of their present challenge to the Magistrate Judge's order granting Defendant's motion to compel, Plaintiffs identify two purported defects in the Magistrate Judge's ruling. First, Plaintiffs contend that the Magistrate Judge erred in construing Defendant's Interrogatory No. 21 as seeking the disclosure only of those persons who conducted Plaintiffs' pre-filing investigation, and not those individuals who were

3

interviewed in this investigation. Second, Plaintiffs argue that the disclosure of the identities of witnesses "A" through "H," as ordered by the Magistrate Judge, would subvert the work product protection afforded to an attorney's selection of interview subjects in a pre-filing investigation. As explained below, the Court finds no merit in these objections.

**A.      The Magistrate Judge Did Not Err in Determining that Interrogatory No. 21 Does Not Seek the Disclosure of the Persons Selected for Interviews in Plaintiffs' Pre-Filing Investigation.**

Plaintiffs' first challenge to the Magistrate Judge's ruling is readily resolved. As the Magistrate Judge properly concluded, Interrogatory No. 21, viewed in its totality, does not call for Plaintiffs to identify any and all persons interviewed, whether by Plaintiffs' counsel or by outside investigators, as part of Plaintiffs' pre-filing investigation of the claims and allegations advanced in their complaint. Indeed, this conclusion is confirmed by Plaintiffs' own response to this interrogatory, which neither supplied such information nor objected to any perceived request for such information. Rather, the Court agrees with the Magistrate Judge that this interrogatory is directed solely at the individuals who conducted Plaintiffs' pre-filing investigation.

In advocating — somewhat perversely, it seems to the Court — a broad reading of Interrogatory No. 21,[2] Plaintiffs focus on the language calling for the identification of "each person who *participated in*" Plaintiffs' pre-filing investigation. Plaintiffs reason

---

[2]By the same token, and as discussed below, Defendant's effort to construe its interrogatory more narrowly has some undesired consequences to its overall position as well.

that the ordinary understanding of a "participant" in an investigation encompasses both those who interview and those who are interviewed. It follows, in Plaintiffs' view, that Defendant's interrogatory seeks, at least in part, a list of the individuals who Plaintiffs' counsel selected for interview in the investigation leading up to this suit. As Plaintiffs point out, such a discovery request would implicate the work product doctrine, as it would threaten to disclose the thought processes and strategic assessments of Plaintiffs' counsel in deciding who to interview. See, e.g., Laxalt v. McClatchy, 116 F.R.D. 438, 443 (D. Nev. 1987); Massachusetts v. First National Supermarkets, Inc., 112 F.R.D. 149, 152 (D. Mass. 1986).

Fortunately, however, Defendant's interrogatory is readily amenable to a narrower and less troublesome interpretation — one that, as it happens, was evidently shared by Plaintiffs and Defendant alike until they sought the Court's intervention in their dispute. In particular, the "participa[nts]" whose identities were sought in this interrogatory were those who "participated in any investigation of the facts that formed the basis for the claims asserted in this lawsuit or in gathering any evidence or information supporting, refuting or otherwise relating to the allegations in the Complaint." The latter half of this quoted passage, of course, explicitly refers only to those who "gather[ed]" evidence or information, and not those who provided it. Similarly, if the former portion of this passage had referred to those who "participated in *investigating* the facts," as opposed to those who "participated in *any investigation of* the facts," this again would most naturally be understood as calling for the identities of the investigators, and not the individuals who

5

supplied facts to these investigators. Reading the entire passage as a whole, it is difficult to believe that Defendant purposefully chose "investigation" over "investigating" in order to sweep in those who had any role in Plaintiffs' pre-filing investigation, whether as information gatherers or providers. This construction becomes even more implausible in light of what follows — namely, a list, by way of example, of outside consultants who were known to have served as investigators in similar nurse wage cases pending in other courts.

But perhaps the most compelling evidence against Plaintiffs' proposed reading of Interrogatory No. 21 is Plaintiffs' own response to this interrogatory. In particular, Plaintiffs neither provided a comprehensive list of individuals selected as interview subjects in their pre-filing investigation, nor did they interpose any objection to any perceived request for such a list. Rather, Plaintiffs simply identified a number of individuals who served as ***investigators.*** While this list was preceded by an objection on relevance and work product grounds, this objection was expressly limited, once again, to Defendant's perceived request that Plaintiffs identify their pre-filing ***investigators***.[3] In short, nothing in Plaintiffs' response evidences even their own belief that Defendant's interrogatory sought the disclosure of any and all "participants" in Plaintiffs' pre-filing investigation, investigators and subjects alike.

Finally, it bears emphasis that Defendant has not advocated such a reading of its

---

[3]As noted, Plaintiffs then proceeded to provide this information notwithstanding their objection.

interrogatory at any point in the proceedings on its motion to compel. In bringing this motion, Defendant did not ask that Plaintiffs be ordered to identify each and every individual interviewed by their counsel or outside investigators during the course of their pre-filing investigation. Rather, it has sought only the identities of the specific individuals identified as witnesses "A" through "H" in Plaintiffs' answer to the interrogatory. Under this record pointing uniformly toward a single, narrow construction of Interrogatory No. 21, the Court finds no basis to overturn the Magistrate Judge's decision to adopt this construction.

**B.      The Magistrate Judge Did Not Infringe Upon the Protected Work Product of Plaintiffs' Counsel by Ordering Plaintiffs to Disclose the Identities of Witnesses "A" Through "H."**

While the Court has rejected Plaintiffs' proposed reading of Defendant's interrogatory, this is not the end of the matter. Regardless of what Defendant might have initially sought in this interrogatory, Plaintiffs contend that it is now asking for something more — something which *does,* in Plaintiffs' view, intrude upon the protected work product of their counsel. In particular, Plaintiffs argue that the disclosures ordered by the Magistrate Judge — namely, the identities of witnesses "A" through "H" referenced in Plaintiffs' answer to Interrogatory No. 21 — would impermissibly reveal a subset, at least, of the individuals who their counsel selected for interviews in Plaintiffs' pre-filing investigation. Although Plaintiffs' characterization is accurate, at least as events have unfolded, the Court cannot agree that these disclosures run afoul of the work product doctrine.

As a threshold matter, the Court returns to its earlier observation that, as the Magistrate Judge correctly found, Defendant's interrogatory does not call for Plaintiffs to divulge some or all of the witnesses that their counsel selected for interviews in the pre-filing investigation. Rather, the Court agrees with the Magistrate Judge that the interrogatory seeks (i) the identities of Plaintiffs' investigators, and (ii) the "facts and evidence collected or gathered" by these investigators. The question of witness identities arose only when *Plaintiffs* elected to respond to the second prong of this inquiry by revealing that most or all of the pertinent "facts and evidence" came from the mouths of certain unnamed witnesses. Even then, the *additional* revelation that these unidentified witnesses had been selected for pre-filing interviews by Plaintiffs' counsel emerged only during the meet-and-confer process that preceded the filing of Defendant's motion to compel.

Under these circumstances, the Court views Plaintiffs' appeal to the work product doctrine as an impermissible attempt to sweep ordinary, clearly discoverable facts under the protective cloak of counsel's mental impressions and strategies. It is beyond dispute that Defendant is entitled to discovery as to "the identity and location of persons having knowledge of any discoverable matter." Fed. R. Civ. P. 26(b)(1); see also Norflet v. John Hancock Financial Services, Inc., 2007 WL 433332, at *2-*3 (D. Conn. Feb. 5, 2007); In re Theragenics Corp. Securities Litigation, 205 F.R.D. 631, 634 (N.D. Ga. 2002); American Floral Services, Inc. v. Florists' Transworld Delivery Ass'n, 107 F.R.D. 258, 260 (N.D. Ill. 1985). Thus, if Plaintiffs had responded to Defendant's interrogatory

merely by recounting the facts they had gathered in their pre-filing investigation, and if Defendant had propounded an additional interrogatory asking Plaintiffs to identify the persons with knowledge of these facts, the Court cannot see how Plaintiffs could plausibly have objected that these identities were protected work product. Whether or not Plaintiffs' counsel actually interviewed some or all of these individuals in a pre-filing investigation, such a hypothetical interrogatory would permissibly be focused upon "persons having knowledge of . . . discoverable matter[s]," Fed. R. Civ. P. 26(b)(1), and not counsel's determination of worthy interview subjects. Numerous courts have cited precisely this distinction in allowing such discovery over claims of work product protection. See, e.g., In re Harmonic, Inc. Securities Litigation, 245 F.R.D. 424, 427-28 (N.D. Cal. 2007);[4] Brody v. Zix Corp., 2007 WL 1544638, at *1-*2 (N.D. Tex. May 25, 2007); Norflet, 2007 WL 433332, at *3; Theragenics Corp. Securities Litigation, 205 F.R.D. at 634-36; In re Aetna Inc. Securities Litigation, 1999 WL 354527, at *2-*3 (E.D. Pa. May 26, 1999); cf. EEOC v. Collegeville/Imagineering Ent., 2007 WL 1089712, at

---

[4]Although the Court identified this decision in its own research, Defendant also has cited this case in a January 14, 2008 letter alerting the Court to this "supplemental authority." Plaintiffs, in turn, have filed a January 16, 2008 motion to strike Defendant's submission, noting that the decision in question was available to Defendant at the time it filed its response to Plaintiffs' objections — and, indeed, had been issued before the Magistrate Judge held a hearing on Defendant's underlying motion to compel.

The Court agrees with Plaintiffs that parties should be discouraged from alerting the Court to additional authorities that are merely new *to them,* but that were available for discussion in the parties' ordinary round of briefing. Thus, Defendant is cautioned against any further use of this practice in this litigation. Nonetheless, the Court finds it unnecessary to strike Defendant's submission, as the Court views the ruling in question as merely cumulative of the other case law cited by the parties and identified in the Court's research.

9

*1-*2 (D. Ariz. Apr. 10, 2007) (disallowing interrogatories that did not "seek to discover the identities of witnesses with information about this case," but instead "ask[ed] what Plaintiff's counsel ha[d] done"); First National Supermarkets, 112 F.R.D. at 152-53 (citing the "distinction between asking the identity of persons with knowledge, which is clearly permissible, and asking the identity of persons contacted and/or interviewed during an investigation, which is not," and finding that the interrogatory at issue fell on the impermissible side of this line).

Yet, this hypothetical differs from the present situation only because of the additional, unsolicited information ***provided by Plaintiffs*** in their response to Interrogatory No. 21 and in the ensuing meet-and-confer process. Simply stated, Defendant has ***never sought*** any insight into the selection of interview subjects in Plaintiffs' pre-filing investigation. Rather, Defendant has requested only the discoverable ***product*** of this investigation — namely, the facts uncovered in support of Plaintiffs' claims and the persons with knowledge of these facts. Plaintiffs cannot unilaterally inject their counsel's thought processes into Defendant's otherwise unobjectionable discovery request, and thereby invoke work product protection, by volunteering the fact that their counsel interviewed these individuals in a pre-filing investigation. See Reed v. Advocate Health Care, No. 06-3337 (N.D. Ill. Sept. 5, 2007) (attached as Ex. 9 to Defendant's Response).[5] Consequently, the Court rejects Plaintiffs' contention that the disclosures

---

[5]The September 5, 2007 order in Reed — another nurse wage suit in which the plaintiffs are represented by many of the same attorneys who have appeared on Plaintiffs' behalf in this

ordered by the Magistrate Judge run afoul of the work product doctrine.

To be sure, just as Defendant's Interrogatory No. 21 does not ask Plaintiffs to identify the persons interviewed by their counsel in the pre-filing investigation, this interrogatory *also* does not request the identity of those who supplied or have knowledge of the facts gathered in this investigation. The hypothetical interrogatory discussed earlier, in other words, has never been propounded. Thus, if pressed upon the point, the Court would have to concede that Defendant's motion to compel, and the Magistrate Judge's resulting order, arguably address (and compel) the disclosure of information that Defendant has yet to specifically request in an interrogatory. Instead, Defendant asked only about the facts gathered in Plaintiffs' pre-filing investigation.[6]

---

case — has been the subject of still another round of motion practice arising from Defendant's underlying motion to compel. In particular, when Defendant cited Reed for the first time in its reply in support of its motion, Plaintiffs sought leave to file a sur-reply brief in order to respond to this new authority. Unfortunately, this matter was not formally referred to the Magistrate Judge until after the hearing on Defendant's motion to compel and the October 11, 2007 order granting this motion. Thus, there is no way to know whether the Magistrate Judge reviewed Plaintiffs' sur-reply brief before deciding Defendant's motion, and Plaintiffs cite this uncertainty as another ground for this Court to overturn the Magistrate Judge's ruling.

The Court deems it unnecessary to inquire what the Magistrate Judge knew and when he knew it. Through the present objections and corresponding round of briefing, Plaintiffs undeniably have had the opportunity to address the order in Reed. Having reviewed both the order itself and Plaintiffs' arguments as to its significance (or lack thereof), the Court agrees with the reasoning of Judge Grady on the point discussed in the text accompanying this footnote — namely, that a party cannot bring the otherwise discoverable identities of fact witnesses within the work product doctrine by volunteering the fact that those witnesses were interviewed by counsel in a pre-filing investigation.

[6]As noted earlier, Defendant also propounded a separate interrogatory in which it more broadly asked Plaintiffs to identify all persons with knowledge of relevant facts relating to the complaint's allegations, as well as the specific allegations about which each of these individuals have knowledge. In response, Plaintiffs provided a list of 395 names.

Nonetheless, the Court concludes, as a practical matter, that Plaintiffs should make the disclosures ordered by the Magistrate Judge. The central focus of the parties' arguments to this Court, after all, concerns the question whether the witness identities sought by Defendant are protected work product. The Court having addressed this issue and resolved it in Defendant's favor, it would make little sense for the Court to then rule that Defendant is not entitled to the identities of witnesses "A" through "H" because it has yet to explicitly request this information.[7] If the Court were to do so, Defendant surely would respond by propounding precisely such an interrogatory. Under the circumstances, the Court declines to rest its ruling upon such formalities, but instead affirms the Magistrate Judge's order in all respects.

---

[7]Certainly, Plaintiffs do not urge this result, even though they have quite correctly noted the inherent tension in Defendant's arguments (i) that its interrogatory did not seek the identities of witnesses, but (ii) that Plaintiffs nonetheless should be ordered to divulge the identities of the witnesses referenced in their interrogatory response.

### III. CONCLUSION

For the reasons set forth above,

NOW, THEREFORE, IT IS HEREBY ORDERED that Plaintiffs' October 29, 2007 objections to the Magistrate Judge's October 11, 2007 order granting Defendant St. John Health's motion to compel are OVERRULED. IT IS FURTHER ORDERED that Plaintiffs shall promptly provide a supplemental response to Defendant's Interrogatory No. 21 in accordance with the Magistrate Judge's order. Finally, IT IS FURTHER ORDERED that Plaintiffs' January 16, 2008 motion to strike addendum is DENIED AS MOOT.

                                            s/Gerald E. Rosen
                                            Gerald E. Rosen
                                            United States District Judge

Dated: March 7, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 7, 2008, by electronic and/or ordinary mail.

                                            s/LaShawn R. Saulsberry
                                            Case Manager