**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

PAT CASON-MERENDA and
JEFFREY A. SUHRE,

      Plaintiffs,                         Case No. 06-15601
                                                    Hon. Gerald E. Rosen

vs.

DETROIT MEDICAL CENTER, *et al.,*

      Defendants.
_____/

**ORDER GRANTING DEFENDANT DETROIT MEDICAL
CENTER'S MOTION TO AMEND PROTECTIVE ORDER**

                  At a session of said Court, held in
              the U.S. Courthouse, Detroit, Michigan
              on  March 24, 2008

              PRESENT:  Honorable Gerald E. Rosen
                                  United States District Judge

      Defendant Detroit Medical Center ("DMC") filed the present motion on December 11, 2007, requesting that the Court amend the stipulated protective order entered on May 30, 2007 to permit DMC's deputy general counsel, Charles Raimi, to gain access to materials designated as "highly confidential" under the protective order. Absent such an amendment, Mr. Raimi would not be entitled to review "highly confidential" materials, as the protective order limits access to such materials to outside counsel, and not in-house counsel. Certain (but not all) of DMC's co-defendants have filed a response in opposition to DMC's motion, as has a non-party, the Service Employees International Union

("SEIU"), which has produced materials that have been designated as "highly confidential" under the protective order. Having reviewed DMC's motion, the submissions in opposition, and the record as a whole, the Court finds that the motion should be granted.

As noted by DMC — albeit in its reply brief — the courts that have considered whether to permit in-house counsel to be treated as outside counsel, for purposes of access to confidential materials, have looked to the extent to which an in-house attorney is "involved in competitive decisionmaking" at his firm. See, e.g., Matsushita Electric Industrial Co. v. United States, 929 F.2d 1577, 1579-80 (Fed. Cir. 1991); U.S. Steel Corp. v. United States, 730 F.2d 1465, 1468 (Fed. Cir. 1984); Intervet, Inc. v. Merial Ltd., 241 F.R.D. 55, 56-58 (D.D.C. 2007). Here, Mr. Raimi states in his declaration that he is not involved in competitive decisionmaking in his position as deputy general counsel at DMC, but that his duties instead consist of "strictly legal activities essentially indistinguishable from outside counsel." (Raimi Decl. at ¶ 7.) He further attests "as an officer of the Court that if I receive access to any information designated 'highly confidential,' I will not share it with any other DMC employees, and will abide fully by the protective order as if I were outside counsel." (Id. at ¶ 8.)

In opposing DMC's motion, the co-defendants and SEIU do not challenge Mr. Raimi's characterization of his duties at DMC, nor do they question the good faith of his assurances that he will abide by the terms of the protective order. Rather, their opposition is based largely on the seeming absence of changed circumstances between May of 2007,

when DMC stipulated to the entry of the protective order, and December of 2007, when DMC requested that it be modified. Absent such changed circumstances, they argue that DMC should be held to the terms of the protective order it agreed to near the outset of this litigation.

To the extent that changed circumstances are necessary to amend the protective order, the Court is satisfied that DMC has identified them. First, DMC points to the substantial financial burden imposed by this litigation and its own precarious financial situation, both of which have necessitated an increased effort to reduce litigation expenses by assigning Mr. Raimi a lead role in this case. Next, while none of the materials produced by DMC in discovery have been designated as "highly confidential," DMC notes that other parties and SEIU have made considerable use of this designation in their document productions to date, resulting in Mr. Raimi being precluded from viewing more materials than might have been anticipated earlier in this litigation. In light of these circumstances, as well as Mr. Raimi's unchallenged representations that he is not involved in DMC's competitive decisionmaking and will act wholly as though he were outside counsel in his access to materials designated as "highly confidential," the Court finds that DMC has established a sufficient basis for amending the protective order.[1]

---

[1] To the extent that the other parties to this suit or SEIU are not satisfied with the above-quoted assurances Mr. Raimi has provided in his declaration, but would prefer that he identify more specific measures for ensuring that his access to and use of "highly confidential" materials remains as strictly confined as if he were outside counsel, they may seek such additional assurances from Mr. Raimi, and may return to the Court in the event they are dissatisfied with the outcome of this effort.

For these reasons,

NOW, THEREFORE, IT IS HEREBY ORDERED that Defendant Detroit Medical Center's December 11, 2007 motion to amend protective order is GRANTED. IT IS FURTHER ORDERED that the May 30, 2007 protective order in this case is AMENDED to grant Detroit Medical Center's deputy general counsel, Charles Raimi, access to all information and materials designated as "highly confidential" under the protective order. IT IS FURTHER ORDERED that, as conditions of gaining this access, Mr. Raimi shall (i) be subject to all provisions of the protective order as if he were serving as outside counsel, (ii) access and use the information and materials designated as "highly confidential" solely for purposes of this litigation, and not share such information and materials with any DMC employees, and (iii) take all necessary and appropriate steps to ensure that other DMC employees do not obtain access to any information or materials designated as "highly confidential."

Dated:   March 24, 2008    s/Gerald E. Rosen
Gerald E. Rosen
United States District Judge

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 24, 2008, by electronic and/or ordinary mail.

s/LaShawn R. Saulsberry
Case Manager

4