## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

PAT CASON-MERENDA and
JEFFREY A. SUHRE,

        Plaintiffs,                    Case No. 06-15601
                                              Hon. Gerald E. Rosen

vs.

DETROIT MEDICAL CENTER, *et al.,*

        Defendants.
_____/

### ORDER DENYING DEFENDANT
### TRINITY HEALTH CORP.'S MOTION TO DISMISS

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on    March 31, 2008

PRESENT: Honorable Gerald E. Rosen
                  United States District Judge

Defendant Trinity Health Corp. ("Trinity") filed the present motion on August 16, 2007, seeking the dismissal of Plaintiffs' third corrected class action complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim. For the reasons set forth briefly below, the Court finds that this motion should be denied.

Before turning to the merits of Trinity's motion, the Court briefly notes the procedural backdrop, both here and elsewhere, against which Trinity seeks the dismissal of Plaintiffs' complaint. First, it is noteworthy that Trinity stands alone among the eight defendant health care systems in this case in arguing that Plaintiffs' complaint is subject

to dismissal.  Evidently, then, the remaining defendants do not share Trinity's belief that

the complaint does not "identify even the most basic element of [Plaintiffs'] claim against

[each defendant]:  what exactly [Plaintiffs] believe the conspiracy among Detroit

hospitals to be, and what [each defendant's] role in it ostensibly was."  (Trinity's Motion,

Br. in Support at 1.)

But the other defendants here are in good company in their apparent belief that

Plaintiffs' allegations are likely to survive the challenge mounted by Trinity in this case.

As Trinity observes in its motion, the allegations made by Plaintiffs in this case are quite

similar to those found in the complaints in several other nurse wage suits pending in other

district courts, including Clarke v. Baptist Memorial Healthcare Corp., No. 06-02377

(W.D. Tenn.), Fleischman v. Albany Medical Center, No. 06-0765 (N.D.N.Y.), Maderazo

v. VHS San Antonio Partners, L.P., No. 06-0535 (W.D. Tex.), and Reed v. Advocate

Health Care, No. 06-3337 (N.D. Ill.).  Yet, out of the many health care institutions named

as defendants in these several suits, only *one* comparable motion to dismiss has been

brought, and this motion was denied.  (See Plaintiffs' Response, Ex. D, Clarke v. Baptist

Memorial Healthcare Corp., No. 06-02377 (W.D. Tenn. May 17, 2007), Order Denying

Motion to Dismiss.)  Even then, Trinity itself insists in its present motion that the

challenge in Clarke "rest[ed] on different grounds."  (Trinity's Motion, Br. in Support at

10.)[1]  Among the defendants that eschewed such a challenge in these other suits was the

---

[1]The Court returns to this proposition below.

University of Chicago Hospitals, a defendant in <u>Reed</u> that is represented by the very same

counsel who filed the present motion on Trinity's behalf.[2]  At a minimum, then, the

purported defects identified in Trinity's motion have escaped the notice of a whole host of

defendants and their counsel in suits across the country.[3]

Proceeding to the merits of Trinity's motion, the Court finds no basis for dismissal

of the complaint.  In its initial brief in support of its motion, Trinity faults Plaintiffs for

"amalgamat[ing] [the] defendants into one large mass," and failing to identify any actions

taken by a particular defendant, whether Trinity or any other.  (Trinity's Motion, Br. in

Support at 6.)  As Plaintiffs point out, however, the allegations of their complaint are

entirely consistent with their theory that the alleged conspiracy to suppress their wages

"operated through essentially identical conduct on the part of all participants."

(Plaintiffs' Response at 2.)  If this conduct, when carried out in concert by each

defendant, would suffice to establish the antitrust violations set forth in Plaintiffs'

complaint, there is no need for Plaintiffs to go further and identify additional actions

unique to Trinity or any other defendant.  On this point, then, the Court agrees with

Plaintiffs that their allegations, while not specific to each defendant, are sufficiently

specific as to a common course of conduct to alert each defendant, including Trinity, to

_____

[2]As Plaintiffs observe in their response to Trinity's motion, it is unclear "what . . . counsel has unlearned" since filing the answer in <u>Reed</u> "that makes them incapable of answering th[e] Complaint" in this case.  (Plaintiffs' Response at 1 n.1.)

[3]These parties certainly had an incentive to raise such a challenge, in light of the discovery efforts in these cases that Trinity aptly characterizes as both expansive and expensive.

the factual basis underlying Plaintiffs' antitrust claims.  The Court further agrees with

Plaintiffs that the principal case relied upon by Trinity, <u>Jung v. Association of American</u>

<u>Medical Colleges</u>, 300 F. Supp.2d 119, 163-64 (D.D.C. 2004), is distinguishable on this

ground, where the plaintiffs in that case "use[d] . . . the term 'defendants' to refer to

multiple defendants situated very differently from one another in the context of general

and global allegations."  Here, in contrast, the defendants are similarly situated, thereby

making Plaintiffs' generalized allegations of common conduct more appropriate.

In apparent recognition of this, Trinity shifts the focus of its reply brief away from

the complaint's lack of allegations distinguishing one defendant from another, and instead

argues more broadly that Plaintiffs have "fail[ed] to plead grounds for concluding that

any particular defendant participated and did something unlawful."  (Trinity's Reply Br.

at 4.)  Again, the remaining defendants in this case have not challenged the complaint on

this ground, even though this defect, if it existed, would require the dismissal of the

claims against them as well.  Nor (with one exception) have the defendants in the other

above-cited nurse wage cases mounted such a challenge to the admittedly similar

allegations in those complaints.

The one exception, as noted earlier, is <u>Clarke</u>, in which the defendants raised a

similar argument that the complaint's allegations were insufficient to state viable antitrust

claims.  Judge Mays rejected this challenge in a comprehensive order, (<u>see</u> Plaintiffs'

Response, Ex. D, <u>Clarke v. Baptist Memorial Healthcare Corp.</u>, No. 06-02377 (W.D.

Tenn. May 17, 2007), Order Denying Motion to Dismiss at 13-19, 29-30), and this Court

concurs in this analysis and result.  While the Court recognizes that this ruling pre-dates

the Supreme Court's decision in <u>Bell Atlantic Corp. v. Twombly</u>, 127 S. Ct. 1955 (2007),

nothing in <u>Twombly</u> purports to change the substantive standards for determining

whether a complaint's allegations state a viable claim under federal antitrust law.

Moreover, Plaintiffs' allegations here, while not defendant-specific, are sufficiently

detailed as to an alleged common course of conduct to avoid <u>Twombly</u>'s admonishment

against mere "formulaic recitation of the elements of a cause of action."  <u>Twombly</u>, 127

S. Ct. at 1965.

For these reasons,

NOW, THEREFORE, IT IS HEREBY ORDERED that Defendant Trinity Health

Corp.'s August 16, 2007 motion to dismiss is DENIED.

s/Gerald E. Rosen
Gerald E. Rosen
United States District Judge

Dated:   March 31, 2008


I hereby certify that a copy of the foregoing document was served upon counsel of record
on March 31, 2008, by electronic and/or ordinary mail.

s/LaShawn R. Saulsberry
Case Manager