UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAT CASON-MERENDA, et al.,

     Plaintiffs,

v.

DETROIT MEDICAL CENTER,
et al.,

     Defendants.
_____/

CIVIL ACTION NO. 06-15601

DISTRICT JUDGE GERALD E. ROSEN

MAGISTRATE JUDGE DONALD A. SCHEER

## ORDER DENYING DETROIT MEDICAL CENTER'S
## MOTION TO REQUIRE PLAINTIFFS TO SHARE
## THIRD PARTY VENDOR COSTS OF ELECTRONIC DISCOVERY

     This matter is before the magistrate judge on an Order of Reference. Defendant Detroit Medical Center ("DMC") has moved, pursuant to Fed.R.Civ.P. 26(c) for an order requiring Plaintiffs to pay at least 50% of its third party vendor electronic discovery costs. The Motion was filed on May 20, 2008. Plaintiffs' filed their Response on June 9, 2008, and movant filed its Reply Brief on June 17, 2008. The Motion was heard on July 1, 2008. Having reviewed the Motion, Response and Reply, and having had the benefit of oral argument, I find that the Motion should be denied.

     The rapidly expanding utilization of electronically stored information ("ESI") has been the subject of intense interest and continuing policy development in the courts. The Federal Rules of Civil Procedure require the parties to confer on the issue of discovery, and to develop a proposed discovery plan. The plan is required to state the parties' views and proposals on any issues regarding the disclosure or discovery of ESI. Fed.R.Civ.P. 26(f). Determining the nature and location of records, narrowing the scope of discovery and

discussing issues of accessibility and cost of production are among the primary goals of the Rule 26(f) conference. In this action, the parties entered a Stipulated Order for Discovery of Electronically Stored Information, which was adopted by the court on June 20, 2007. The Order notes that the parties held several discussions regarding the possibility of limiting the scope and extent of discovery and that future agreements might be reached. They also reserved the right to petition the court to limit the scope and burden of discovery and to request that the opposing party share the costs.

>Fed.R.Civ.P. 26(b)(2)(B) provides as follows:
>
>>A party need not provide discovery of electronically stored information from sources that the party identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the party from whom discovery is sought must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

Fed.R.Civ.P. 26(b)(2)(B). Among the measures available to the court is the apportionment (or shifting) of costs between the requesting and the producing parties. In the instant case, Defendant DMC did not identify any form of ESI "as not reasonably accessible because of undue burden or cost," nor did it file a motion for an order protecting it from the obligation of production. Rather, it produced the information requested of it and seeks, after the fact, an order imposing 50% of its costs upon the Plaintiffs.

I am persuaded that the instant motion is untimely in two respects. First, the courts Scheduling Order of April 23, 2007 provides, in pertinent part, that "[a]ll motions . . . for protective orders . . . must be filed within 14 days of receipt or notice of such disputed

2

discovery." Second, the provisions of Fed.R.Civ.P. 26(b)(2)(B) and 26(c) plainly contemplate that a motion for protective relief (including cost shifting) is to be brought before the court <u>in advance</u> of the undue burden, cost or expense from which protection is sought.

Paragraph 2 of the April 23, 2007 Scheduling Order is captioned "Discovery Problems and Motions Related Thereto." Paragraph 2A, quoted above, requires that all motions to compel disputed discovery must be filed within 14 days of receipt of notice of such disputed discovery. That subparagraph further provides that the court will not entertain such motions beyond that deadline "absent some extraordinary showing of good cause."

At oral argument, DMC's counsel argued that the terms of the Scheduling Order were inapplicable because the instant motion did not involve "disputed discovery." The evidence suggests otherwise. Appended to Plaintiffs' Response to the instant motion is the sworn Declaration of Raymond J. Farrow, an attorney with Keller Rohrback L.L.P., attorneys of record for Plaintiffs and the proposed class. Paragraphs 2 through 4 of the Declaration describe negotiations between Plaintiffs' counsel and DMC's counsel regarding the appropriate format for DMC's record production. He asserts that DMC requested Plaintiffs' counsel to review its production in native format, and that Plaintiffs' counsel consulted with ESI experts in an effort to accommodate the request. Farrow further states that Plaintiffs' efforts to accommodate DMC's proposals were unsuccessful, and that "Plaintiffs' counsel unambiguously informed DMC's counsel that they would not share the costs of producing ESI on April 4, 2008." (Farrow Declaration, Paragraph 4). I am satisfied that, at that point in time, a discovery dispute existed with respect to the format in which

DMC would produce its records. Based upon Defendant's current position, i.e. that satisfying Plaintiffs' discovery request was unduly burdensome or costly, DMC could have self-designated the requested information as "not reasonably accessible because of undue burden or cost," and refused to complete production pending the court's ruling on a Motion to Compel Discovery or DMC's own Motion for a Protective Order. Fed.R.Civ.P. 26(b)(2)(B). As stated above, however, any Motion for Protective Order was required to be filed within 14 days of Plaintiffs' April 4, 2008 Notice. The instant Motion was not filed until May 20, 2008.

At oral argument, DMC's counsel asserted that the Federal Rules don't envision a ruling on cost sharing early in the case, and that the parties' June 20, 2007 Stipulated Order for Discovery of Electronically Stored Information reserved unrestricted the right of any party to limit the scope and burden of discovery and to request cost sharing. I disagree with both propositions.

DMC's counsel argued at the hearing that the "issue" raised by the instant Motion is whether its discovery compliance involved "undue burden or expense." "Undue burden or cost" is precisely the basis upon which Rule 26(b)(2)(B) permits a party to refuse production "of electronically stored information from sources that the party identifies as not reasonably accessible . . .." On a Motion to Compel Discovery or for a Protective Order, the non-producing party must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may only order the discovery from such sources "if the requesting party shows good cause . . .," in which case the court may specify conditions for discovery (including cost sharing). Implicit in the grant of authority to impose such conditions is the proposition that the requesting party may elect

4

either to: (a) meet the conditions, or (b) not obtain the disputed discovery (thus avoiding undue burden or cost to the producing party).  It offends common sense, in my view, to read the rule in a way that requires (or permits) the producing party to suffer "undue burden or cost" <u>before</u> raising the issue with the court.  Under such a reading, a court would be powerless to avoid unnecessary expense or to specify any meaningful "conditions" for the discovery other than cost sharing.  Furthermore, the requesting party would be stripped of its implicit right to elect either to meet the conditions or forego the requested information.  The Rule, if it is to be sensible and useful, must be read as a means of <u>avoiding</u> undue burden or cost, rather than simply distributing it.  Indeed, Fed.R.Civ.P. 1 provides that the Rules are to be "construed and administered to secure the just, speedy <u>and inexpensive</u> determination of every action and proceeding."  (Emphasis added).

    This interpretation is further reinforced by Fed.R.Civ.P. 26(b)(2)(C)(iii) which provides that the court <u>must</u> limit the frequency or extent of discovery otherwise allowed by the rules if it determines that "the burden or expense of the <u>proposed</u> discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the party's resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues."  (Emphasis added).  Again the clear objective is the avoidance of undue cost rather than merely the apportionment of it.

    DMC surely was, or should have been, aware of the substantial cost of responding to Plaintiffs' discovery requests before it undertook to do so.  Rather than raising the issue of undue burden and cost before they were incurred, when there would have been an opportunity for the court to demand a showing of good cause by the requesting party, explore alternatives, impose conditions or otherwise encourage compromise, DMC elected

to suffer the expense and only then seek contribution from the Plaintiffs. I conclude that the movant has failed to make timely resort to Rule 26(b)(2)(B).

DMC argues that it reserved the right in the party's Stipulated Order for Discovery of ESI to request that Plaintiffs share in the costs of discovery. While the language in Paragraph F of that Order does express such a reservation, it neither attempts nor succeeds in relieving the Plaintiffs of its obligations under the court's April 23, 2007 Scheduling Order to file a Motion for Protective Relief within 14 days of receipt of notice of a discovery dispute. Simply put, the parties are not at liberty to stipulate away their scheduling obligations, and nothing in their Stipulated Order can be fairly read to do so. On this basis as well, then, the instant motion is untimely.

Ironically, DMC argues that the ESI addressed in the instant motion may be viewed as "accessible" for purposes of Rule 26(b), and that neither the Federal Rules of Civil Procedure nor the reported case law restricts cost sharing to "inaccessible data." I find this argument unpersuasive. The federal rules contemplate that discovery will proceed without judicial intervention unless a party moves for a protective order or an order compelling discovery. Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340 (1978). Ordinarily, a party must bear the expense of complying with discovery requests, although he may invoke the district court's discretion to grant orders protecting him from undue burden or expense, including orders conditioning discovery upon cost shifting. Id., at 358. There is authority that "[a] court should consider cost shifting only when electronic data is relatively inaccessible, such as in back up tapes." Zubulake v. U.B.S. Warburg LLC, 217 F.R.D. 309, 324 (S.D. N.Y 2003). Thus, to the extent that DMC maintains that the information produced by it in discovery was accessible, court ordered cost shifting is inappropriate. The highly

respected Sadona Principles are in accord. Principle 13 provides that:

> Absent a specific objection, party agreement or court order, the reasonable costs of retrieving and reviewing electronically stored information should be born by the responding party, unless the information sought is not reasonably available to the responding party in the ordinary course of business. If the information sought is not reasonably available to the responding party in the ordinary course of business, then, absent special circumstances, the costs of retrieving and reviewing such electronic information may be shared or shifted to the requesting party.

The Sadona Principles: Second Edition, June 2007.[1]

On the theory that the information in question was not inaccessible within the meaning of Rule 26(b), DMC invokes the court's broad authority to protect a party from "undue burden or expense" under Rule 26(c). In my view, the provisions of that rule simply underscore the untimeliness of the instant motion. The rule provides, in pertinent part, that "[t]he court may, for good cause, issue an order to protect a party or person from . . . undue burden or expense, including one or more of the following:

---

[1] The commentary on Principle 13 is relevant as well to the issue of the timeliness of the instant motion. It provides that:

> Shifting the costs of extraordinary electronically stored information discovery efforts should not be used as an alternative to sustaining a responding party's objection to undertaking such efforts in the first place. Instead, such efforts should only be required where the requesting party demonstrates substantial need or justification. The courts should discourage burdensome requests that have no reasonable prospect, given the size of the case, of significantly contributing to the discovery effort, even if the requesting party is willing to pay.

Because of its tardiness in seeking cost sharing, DMC has deprived this court of any meaningful opportunity to avoid unduly burdensome or costly discovery.

7

> (A) Forbidding the disclosure or discovery;
>
> (B) Specifying terms, including time and place, for the disclosure or discovery;
>
> (C) Prescribing a discovery method other than the one selected by the party seeking discovery;
>
> (D) Forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters;
>
> \* \* \*

Fed.R.Civ.P. 26(c)(1). The clear import of the language employed is that the court has wide discretion to <u>prevent</u> undue burden or expense. But for Defendant's delay, the court would have been in a position to select from a range of alternative actions. In addition, had the court determined to impose conditions upon DMC's production, Plaintiffs presumably would have been in a position to elect either (a) to accept the conditions or (b) to forego the discovery and save DMC the burden and expense of producing it. Unfortunately, DMC's tardy filing has deprived this court of its most valuable prerogatives. Having elected to martyr itself rather than to seek relief in a timely fashion, DMC seeks an order imposing the cost of its choice upon its opponents. I find neither substantive merit nor equity in its request.

IT IS THEREFORE ORDERED that Detroit Medical Center's Motion to Require Plaintiffs to Share Third Party Vendor Costs of Electronic Discovery is denied.

                                                    s/Donald A. Scheer
                                                    DONALD A. SCHEER
                                                    UNITED STATES MAGISTRATE JUDGE

DATED: July 7, 2008

## CERTIFICATE OF SERVICE

I hereby certify on July 7, 2008 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on July 7, 2008. **None.**

s/Michael E. Lang
Deputy Clerk to
Magistrate Judge Donald A. Scheer
(313) 234-5217