UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAT CASON-MERENDA and
JEFFREY A. SUHRE,

       Plaintiffs,                  Case No. 06-15601
                                         Hon. Gerald E. Rosen

vs.

DETROIT MEDICAL CENTER, *et al.,*

       Defendants.
_____/

## OPINION AND ORDER OVERRULING DEFENDANTS' OBJECTIONS TO MAGISTRATE JUDGE'S ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL UNREDACTED DATABASE AND DOCUMENT PRODUCTION

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on    November 12, 2008

PRESENT: Honorable Gerald E. Rosen
                  United States District Judge

By order dated July 30, 2008, Magistrate Judge Donald A. Scheer granted Plaintiffs' motion to compel the production of certain requested data and documents without the redaction of personal identifying information. Defendants Henry Ford Health System, Oakwood Healthcare, Inc., and William Beaumont Hospital now object to this ruling,[1] contending that Plaintiffs' underlying motion to compel should have been denied

---

[1] Defendant St. John Health also has lodged an objection to the Magistrate Judge's order. The Court has been advised, however, that this Defendant has reached a settlement with Plaintiff. Thus, the Court declines to address St John's objection at this time. The remaining Defendants have not filed any objections to the July 30, 2008 order.

on the procedural ground that it was not timely filed in accordance with the "14-day rule" set forth in this Court's April 23, 2007 scheduling order. As explained below, upon applying the deferential standard that governs this Court's review of the Magistrate Judge's order, the Court concludes that this order should not be disturbed.

The disposition of Defendants' objections turns, to a large extent, upon the proper interpretation and application of a May 31, 2007 stipulated order that clarifies how the Court's "14-day rule" will be triggered in this case. Through this order, the parties have agreed upon the conditions under which they will be deemed to have "notice" of a discovery dispute, such that a party then must bring an appropriate motion within 14 days or waive its opportunity to seek the Court's intervention in the dispute.[2] For present purposes, the relevant portion of the May 31 order distinguishes between two types of disputes that may arise in connection with requests for production: (i) disputes "concerning written responses to a request for production," and (ii) disputes "concerning the general objections and the actual production of documents or tangible things in response to a request for production." (5/31/2007 Order at 3.)

As to the former, a party that receives allegedly deficient "written responses" must initiate a meet-and-confer process within ten days, and this party will be deemed to have "notice" of a dispute upon exhausting this process without receiving supplemental

---

[2]The stated purpose of this order is to encourage negotiations over discovery disputes, in order to "provide the parties with an opportunity to resolve outstanding issues before burdening the Court with unripe or piecemeal discovery disputes." (5/31/2007 Order at 1.)

responses that it deems sufficient.  (*Id.*)  As to the latter, in contrast, a party will be deemed to have "notice" of a dispute only upon (i) receiving documents or data, "including any supplemental productions or final portions of any rolling productions," that are believed to be insufficient, (ii) initiating a meet-and-confer process,[3] and (iii) exhausting this process without securing a supplemental production that resolves the party's concerns.  (*Id.* at 3-4.)  In support of their objections to the Magistrate Judge's July 30 order granting Plaintiffs' motion to compel, Defendants submit that the underlying dispute that gave rise to Plaintiffs' motion arose from Defendants' "written responses" to one of Plaintiffs' requests for the production of documents and data, so that Plaintiffs' "notice" of this dispute is to be determined by the portion of the May 31 order governing disagreements over the sufficiency of "written responses."  For their part, Plaintiffs contend that the parties' dispute concerned Defendants' "actual production" of documents and data, so that Plaintiffs' motion to compel was timely filed so long as Defendants had not completed the production of the requested documents and data.

In the underlying document request at issue, Plaintiffs sought the production of all documents and databases containing a variety of information about the nurses employed by Defendants, including personnel information, job history, and compensation history.  In response to this request, two of the Defendants — Henry Ford Health System and

---

[3]In contrast to the provision of the May 31 order addressing disputes over "written responses" to requests for production, the provision governing disputes over "general objections and the actual production of documents" does not set a time limit for the dissatisfied party to initiate the meet-and-confer process.

Oakwood Healthcare, Inc. — interposed objections to "producing any information that would provide the identities of specific employees, such as names and addresses, prior to the Court's ruling on class certification."[4]  These Defendants then stated that "[s]ubject to and without waiving" this and other objections, they would "produce a computer-generated report that will provide employment information reasonably accessible from [their] databases concerning registered nurses employed by [these Defendants] since December 15, 2002, including employment history, compensation and benefits."[5]  Similarly, the third Defendant that has objected to the Magistrate Judge's order, William Beaumont Hospital, stated in its response to Plaintiffs' document request that it objected to "producing any information that would provide the identities of or personal information regarding specific employees, such as names, addresses, and telephone numbers and other private information that is privileged, confidential, private or protected from disclosure by contract or statute."[6]  Defendant Beaumont further stated that subject

---

[4]At the time Defendants Henry Ford and Oakwood advanced these objections in late May of 2007, the Court had yet to issue a written ruling on Defendants' April 19, 2007 motion to bifurcate class certification and merits discovery.  The Court had addressed this motion at an April 23, 2007 scheduling conference, however, indicating at that time — and subsequently confirming in a July 11, 2007 order — that this motion would be denied, and that the parties should concurrently pursue both class certification and merits discovery.  Thus, Defendants' reference to an anticipated ruling on class certification seems somewhat disingenuous.

[5]The quoted language is from Defendant Oakwood's response.  The response of Defendant Henry Ford, while slightly different, is materially indistinguishable.

[6]It should be noted — and Plaintiffs freely acknowledge — that Plaintiffs' document request encompasses some personal identifying information of the nurses employed by Defendants.  Nonetheless, Plaintiffs assert — and the Magistrate Judge has agreed — that this information is relevant, and that the protective order entered in this case provides sufficient safeguards against the unwarranted disclosure of any private or confidential information

4

to this and other objections, it would "produce reasonably accessible information from its database at a mutually agreeable date and location."

These responses were merely the first step in a lengthy and contentious process of document and data production that has spanned much of the discovery period in this case. Shortly after receiving the responses of Defendants Henry Ford and Oakwood in late May of 2007,[7] Plaintiffs requested to meet and confer with Defendants concerning these and other responses to Plaintiffs' document requests. In the ensuing initial round of conferences, however, Plaintiffs did not raise the issue of Defendants' objections to the production of personally identifying information. Instead, following these sessions, Plaintiffs filed a June 21, 2007 motion seeking to compel the production of a different set of information — namely, wage data for non-nurse employees.

Over the course of the summer of 2007, Defendants did not produce any of the electronically stored information ("ESI") sought in the document request at issue, whether in redacted or unredacted form. Rather, in light of substantial concerns that had arisen in this case with respect to ESI production, the Court convened an October 4, 2007 status conference to address this matter, and then issued an order imposing a deadline of October 31, 2007 for Defendants to provide Plaintiffs with their plans for the production

---

produced in response to their document request. In lodging objections to the July 30 order, Defendants do not challenge the merits of the Magistrate Judge's determination that this information is relevant and subject to production, but instead focus solely upon Plaintiffs' purported failure to timely file a motion to compel the production of this information.

[7]Defendant Beaumont did not respond to the document request at issue until September 17, 2007, because it was not named as a party to this suit until late June of 2007.

of ESI. Moreover, the production of paper documents by Defendants Henry Ford and Oakwood during this period was limited to a single sample personnel file from each of these institutions, which Plaintiffs evidently requested to assess the feasibility of extracting relevant information from paper files rather than computer databases.[8] In producing these sample files, Defendants redacted the personal identifying information contained in these materials, and Plaintiffs made no objection to these redactions.[9]

On September 27 and October 19, 2007, respectively, Defendants Oakwood and Henry Ford made their first significant production of paper documents in response to the document request at issue. According to Plaintiffs, Oakwood made no redactions in its production, and they point to other Defendants — including Detroit Medical Center, Mount Clemens General Hospital, and Bon Secours Cottage Health Services — that produced unredacted documents or ESI around this same time in early October. Thus, while some Defendants had raised objections to the production of personal identifying information in their written responses to Plaintiffs' document request, Plaintiffs opine that

---

[8]Defendant Beaumont produced neither ESI nor paper documents during the summer of 2007 — or, indeed, at any time during that year. As noted, Beaumont had only recently been named as a party to this suit, and it did not serve its written response to Plaintiffs' request for production until September 17, 2007.

[9]During this same period, however, Plaintiffs' counsel sent a July 30, 2007 letter to Defendants, enclosing an order recently entered in a similar nurse wage case, *Reed v. Advocate Health Care,* No. 06-C-3337 (N.D. Ill.), in which the court had directed the defendant health care institutions not to redact personal identifying information from their document production. Plaintiffs' counsel opined that this ruling "correctly states the law," and cautioned that Plaintiffs would "oppose any effort by Defendants in this matter to redact personal identifying information from their document or database[] [production." (Henry Ford's Objections, Ex. 4.)

they had no reason to believe, as of October of 2007, that Defendants would actually redact such information from their production of documents and ESI.

Rather, Plaintiffs state that they first became aware of Defendants' intention to redact personal identifying information when they received Defendants' plan for the production of ESI on October 31, 2007. Specifically, this plan states that "[p]ersonal identifying information (name, residence address, and telephone number) may not be included in the data produced for certain Defendants, as set forth in defendant-specific responses and/or objections to Plaintiffs' discovery requests." (Plaintiffs' Response, Ex. 3, IT Plan at 2.) Upon reviewing this plan, Plaintiffs initiated the meet-and-confer process contemplated in the May 31, 2007 order, and then filed a December 14, 2007 motion to compel the unredacted production of the nurse employee information sought in their underlying document request. After the Magistrate Judge granted this motion in a July 30, 2008 order, Defendants Henry Ford, Oakwood, and Beaumont lodged the present objections, arguing that Plaintiffs' motion should have been denied as untimely filed several months after they raised objections to the production of personal identifying information in their written responses to Plaintiffs' document requests.

If this Court were deciding this matter on a blank slate, it might well agree with Defendants that Plaintiffs were given "notice" of the present discovery dispute when they received Defendants' written responses stating their objections to the production of personal identifying information. Yet, under the governing standard of review, this Court cannot overturn the Magistrate Judge's July 30 order unless it is "clearly erroneous or

7

contrary to law." 28 U.S.C. § 636(b)(1)(A); *see also United States v. Curtis,* 237 F.3d 598, 602-03 (6th Cir. 2001). In light of the latitude enjoyed by the Magistrate Judge in deciding whether to entertain arguably untimely motions to compel, and in light of the ambiguity in the May 31, 2007 order as to whether a given discovery dispute "concern[s] written responses" or "concern[s] the general objections and the actual production of documents or tangible things in response to a request for production," the Court cannot say that Defendants have identified a ground for reconsideration of the July 30 order.

First, the Court notes that Defendants Henry Ford and Oakwood expressly conditioned their willingness to produce personal identifying information upon an anticipated decision by the Court on class certification, stating that they objected to producing such information before the Court had ruled on this issue. Yet, while Defendants sought bifurcation of class certification and merits discovery, the Court declined to grant this request. Thus, to the extent that Henry Ford's and Oakwood's objections rested on a premise of bifurcated discovery, Plaintiffs could reasonably have believed that these objections had lost their force in light of the Court's ruling on bifurcation shortly after these objections were made. Under this view of the record, the parties' discovery dispute ripened only when Defendants prepared to actually produce the requested documents and data, and when they reiterated in their plan for ESI production that at least some of them would be withholding personal identifying information.

Moreover, upon reviewing Defendants' objections to the production of personal identifying information in the context of the other objections that accompanied them, the

Court finds that they could plausibly be viewed as "general objections" that ripened into an actual discovery dispute only when Defendants actually prepared to produce documents and data with the personal identifying information redacted. Notably, in addition to the "general objections" identified at the outset of Defendants' written responses to Plaintiffs' document requests, Defendants Henry Ford, Oakwood, and Beaumont each responded to the specific document request at issue by objecting that it was overly broad, unduly burdensome, and sought information that was not discoverable under the standards of Fed. R. Civ. P. 26(b)(1). Each of these Defendants then stated its objection to the production of personal identifying information, and closed its written response by indicating that, subject to and without waiving its various objections, it would provide at least some "information" bearing upon its nurse employees that was "reasonably available" or "reasonably accessible" from its databases.

Under this record, Plaintiffs could reasonably be uncertain about precisely what information these Defendants would ultimately produce and what would be withheld. Although Defendants' complaints of overbreadth, undue burden, and irrelevance were included among their objections to the specific discovery request at issue, as opposed to in the section of their responses labeled "general objections," they presumably would concede that these objections also were "general," in the sense that they did not alert Plaintiffs to any specific information that would be withheld. The Court cannot say that Defendants' objections to the production of personal identifying information were of such a different character from these accompanying "general" objections that they should be

9

treated differently under the May 31, 2007 order governing the timing of motions to compel. Rather, as to each of these objections, it remained to be seen whether Defendants would produce all of the requested information — albeit "[s]ubject to and without waiving" their objections — or whether some portion of it would be withheld.[10] By initiating the meet-and-confer process after Defendants again addressed the possibility of redaction in their plan for ESI production, but before any such production of ESI had actually occurred, Plaintiffs acted within the time frame contemplated in the May 31 order for addressing a dispute concerning "general objections and the actual production of documents or tangible things in response to a request for production."

Finally, and more generally, it bears emphasis that any delay in Plaintiffs' initiation of the meet-and-confer process and in filing their motion to compel cannot be said to have prejudiced the three Defendants before the Court in any way. When the parties first met and conferred on the subject of personal identifying information in early November of 2007, Defendant Beaumont had not produced any documents or data in response to Plaintiffs' request, and Defendant Oakwood evidently had produced a significant number of documents without redacting any personal identifying information. While Defendant Henry Ford apparently had produced a redacted set of documents, this

---

[10]By way of contrast, the Court notes that at least one Defendant, St. John Health, expressly stated in its written response to Plaintiffs' document requests that it would "exclude or redact any identifying information" from the documents and data it produced in response to the request at issue. In the face of such specificity as to precisely what would be withheld, it would be far less reasonable for Plaintiffs to claim that they lacked notice of a discovery dispute until they received an actual document production that was consistent with this stated intent.

production was made on October 19, 2007, not long before Plaintiffs initiated the meet-and-confer process.[11] Moreover, none of these Defendants had produced any of the ESI sought in Plaintiffs' document request.

Under these circumstances, the Court finds that Plaintiffs acted with sufficient dispatch in challenging Defendants' planned redaction of personal identifying information. Very little (if any) of this redaction had yet occurred when Plaintiffs raised the issue and initiated the meet-and-confer process. In addition, Plaintiffs' counsel had alerted Defendants in a July 30, 2007 letter that such an attempt at redaction had been rejected in a similar nurse wage case in the Northern District of Illinois, and that Plaintiffs likewise would oppose any such redactions in the present litigation. Because Plaintiffs raised the issue of redaction relatively early in the lengthy discovery process in this case, at a time when Defendants' production of pertinent documents and data had scarcely begun, the Court declines to disturb the Magistrate Judge's decision to entertain Plaintiffs' motion to compel the production of unredacted documents and data.

For these reasons,

NOW, THEREFORE, IT IS HEREBY ORDERED that the objections lodged by Defendant Henry Ford Health System (docket #238), Defendant Oakwood Healthcare,

---

[11]Apart from these productions of documents by Defendants Henry Ford and Oakwood, each of these Defendants had previously produced a sample personnel file for one of its nurses with at least some personal information redacted. Yet, in light of the limited purpose for which these samples were provided, it cannot be said that these redactions revealed the broader intent of these two Defendants to redact personal identifying information from each of their subsequent document and data productions. To the contrary, Defendant Oakwood evidently did not redact any such information from its initial production of documents.

Inc. (docket #236), and Defendant William Beaumont Hospital (docket #237) to the Magistrate Judge's July 30, 2008 order granting Plaintiffs' motion to compel are OVERRULED. IT IS FURTHER ORDERED that these Defendants shall promptly make any necessary supplemental productions of unredacted documents and data in accordance with the Magistrate Judge's order. Finally, IT IS FURTHER ORDERED that the objections lodged by Defendant St. John Health (docket #234) are DISMISSED AS MOOT, in light of the settlement evidently reached between Plaintiffs and this Defendant.

s/Gerald E. Rosen  
Gerald E. Rosen  
United States District Judge

Dated: November 12, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 12, 2008, by electronic and/or ordinary mail.

s/LaShawn R. Saulsberry  
Case Manager