UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAT CASON-MERENDA, et al.,

          Plaintiffs,

v.

DETROIT MEDICAL CENTER, et al.,

          Defendants.

_____/

CIVIL ACTION NO. 06-15601

DISTRICT JUDGE GERALD E. ROSEN

MAGISTRATE JUDGE DONALD A. SCHEER

**ORDER GRANTING IN PART PLAINTIFFS'
MOTION TO CHALLENGE HENRY FORD HEALTH
SYSTEM'S WITHHOLDING OF CERTAIN DOCUMENTS
ON THE BASIS OF ATTORNEY-CLIENT PRIVILEGE**

Plaintiffs' Motion to challenge Henry Ford Health System's Withholding of Certain Documents on the Basis of Attorney-Client Privilege was referred to the undersigned magistrate judge for hearing and determination.  The parties appeared, by counsel, for hearing on November 13, 2008.  The motion was taken under advisement, pending completion of an *in camera* review of the challenged documents.  Having reviewed the documents, as well as the parties' written briefs, and having heard the arguments of counsel, I find that the motion should be granted, in part, as described below.

The instant motion is filed pursuant to the Stipulated Order Regarding Discovery Negotiations (Docket Entry No. 61).  The motion challenges Henry Ford's assertion of attorney-client privilege with respect to 26 documents, 22 of which were withheld in their entirety, with the remaining 4 produced in redacted form.  The parties resolved their differences as to 2 of the withheld documents, and my Order of February 24, 2009 denied

Plaintiffs' Motion to Declare Attorney-Client Privilege Inapplicable to one of the redacted documents.

The burden of establishing the existence of the privilege rests with the person asserting it. See In Re: Grand Jury Investigation No. 83-2-35, 723 F.2d 447, 450 (6th Cir. 1983). "The elements of the attorney-client privilege are as follows: (1) where legal advice of any kind is sought (2) from a professional legal advisor in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal advisor, (8) unless the protection is waived." Reed v. Baxter, 134 F.3d 351, 355-56 (6th Cir. 1998) (citing Fausek v. White, 965 F.2d 126, 129 (6th Cir. 1992). It is a generally accepted proposition that confidential communications of legal advice from an attorney to his client are within the attorney-client privilege, so as to minimize the risk of betraying privileged client communications to which the advice pertains. Commentators discuss two lines of authority on the level of protection afforded to attorney communications. Some courts apply a strict construction which affords protection only to the extent that the legal opinion expressed contains the confidential matter revealed in confidence by the client in seeking the opinion. A second line of authority embraces a more liberal rule which affords privilege protection to attorney communications containing legal advice to the client, regardless of whether it expressly reveals client confidences. See Edna Selan Epstein, The Attorney-Client Privilege and the Work Product Doctrine, (5th Ed. 2007), Vol. 1, Pages 76-86.

> The broader application of the privilege to attorney communications is consistent with the concept that the purpose of the privilege is to encourage *two-way* communications in the context of an attorney-client relationship. Under this broader view of the privilege, it is just as important that a client receive

2

> candid legal advice as it is desirable that a client be
> forthcoming with the lawyer.  Indeed, the very purpose of
> encouraging the client to be forthcoming is *so that* the client
> may receive candid legal advice.  Accordingly, under the
> broader view, both kinds of communications are protected from
> disclosure - a client's communication to an attorney and an
> attorney's communication to the client.

Id., at Page 82.  As stated in my Order of February 24, 2009, I conclude that the broader

interpretation best serves the principle upon which the attorney-client privilege is based.

That view was adopted by this court in Schenet v. Anderson, 678 F.Supp. 1280 (E.D. Mich.

1988) in which Judge Duggan asserted that "[a]n attorney's communication to a client may

also be protected by the privilege, to the extent that they are based on or contain

confidential information provided by the client, or legal advice or opinions from the

attorney."  678 F.Supp. at 1281 (emphasis added).  See also, Amway v. Proctor and

Gamble Co., No. 1:98cv726, 2001 U.S. Dist. LEXIS 4561, at *17 (W.D. Mich. April 3, 2001).

Fed.R.Civ.P. 26(b)(5)(A) provides as follows:

> *Information Withheld.*  When a party withholds information
> otherwise discoverable by claiming that the information is
> privileged or subject to protection as trial preparation material,
> the party must:
>
> (i) expressly make the claim; and
>
> (ii) describe the nature of the documents,
> communications, or tangible things not produced
> or disclosed - and do so in a manner that,
> without revealing information itself privileged or
> protected, will enable other parties to assess the
> claim.

Fed.R.Civ.P. 26(b)(5)(A).

I have reviewed the documents submitted by Henry Ford as well as the privilege log

submitted with respect to them.  Based upon my review, I find as follows:

3

1.  Document 47 is not privileged, as it contains no attorney/client communication and does not expressly embody any such communication.  The document is a business communication.

2.  Document 54 is not privileged, as it contains no attorney/client communication and does not expressly embody any such communication.  The document is a business communication.

3.  Document 67 is not privileged, as it contains no attorney/client communication and does not expressly embody any such communication.  The document is a business communication.

4.  Document 68 is not privileged, as it contains no attorney/client communication and does not expressly embody any such communication.  The document is a business communication.

5.  Document 86 is not privileged, as it contains no attorney/client communication and does not expressly embody any such communication.  The document is a business communication.

6.  Document 92 is not privileged, as it contains no attorney/client communication and does not expressly embody any such communication.  The document is a business communication.

7.  Document 93 is not privileged, as it contains no attorney/client communication and does not expressly embody any such communication.  The document is a business communication.

8.  Document 94 is not privileged, as it contains no attorney/client communication and does not expressly embody any such communication.  The document is a business communication.

9.  Document 99 is privileged, as it is an effort to secure information requested by an attorney for the purpose of providing legal advice.

10.  Document 101 is not privileged, as it contains no attorney/client communication and does not expressly embody any such communication.  The document is a business communication.  The fact of an attorney/client meeting, or an attorney/client relationship is not, in itself, privileged.

11.  Document 105 is not privileged, as it contains no attorney/client communication and does not expressly embody any such communication.  The document is a business communication.

12.  Document 106 is privileged, as it represents a communication between client and counsel for the purpose of securing legal advice.

13.  Document 107 is privileged, as it transmits advice from legal counsel.

14.  Document 114 is privileged, as it transmits legal advice from counsel.

15.  Document 115 is not privileged, as it contains no attorney/client communication and does not expressly embody any such communication.  The document is a business communication.

16.  Document 117 is not privileged, as it contains no attorney/client communication and does not expressly embody any such communication.  The document is a business communication.

17.  Document 118 is not privileged, as it contains no attorney/client communication and does not expressly embody any such communication.  The document is a business communication.

18.   Document 127 is privileged, as it represents a request by an attorney for information in the course of providing legal advice.

19.   Document 128 is privileged, as it represents a request by an attorney for information in the course of providing legal advice.

20.   The withheld portion of redacted document 1 is privileged, as it relays attorney/client communications generated in the course of providing legal advice.

21.   The withheld portion of redacted document 2 is not privileged, as it does not communicate legal advice or seek information necessary to obtaining legal advice.  The fact of an attorney/client relationship, contacts with counsel and the general subject matter as to which the attorney/client relationship pertains is not privileged.

22.   The withheld portion of redacted document 3 is privileged, as it communicates a request by counsel for information necessary to providing legal advice.

23.   Redacted document 4 has previously been ruled upon.

IT IS THEREFORE ORDERED that Plaintiffs' Motion to Challenge Henry Ford Health System's Withholding of Certain Documents on the Basis of Attorney-Client Privilege is GRANTED with respect to documents numbered 47, 54, 67, 68, 86, 92, 93, 94, 101, 105, 115, 117, 118, and redacted document 2.  Those documents shall be provided to counsel for Plaintiffs within ten (10) days of the date of this Order.

IT IS FURTHER ORDERED that the Motion is DENIED with respect to documents numbered 99, 106, 107, 114, 127, 128, 134, and as to the withheld portions of redacted documents 1 and 3.

s/Donald A. Scheer
DONALD A. SCHEER
UNITED STATES MAGISTRATE JUDGE

DATED: April 21, 2009

**CERTIFICATE OF SERVICE**

I hereby certify on April 21, 2009 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically.  I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on April 21, 2009: **None.**

s/Michael E. Lang
Deputy Clerk to
Magistrate Judge Donald A. Scheer
(313) 234-5217

7