UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| PAT CASON-MERENDA and JEFFREY A. SUHRE on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DETROIT MEDICAL CENTER, HENRY FORD HEALTH SYSTEM, MOUNT CLEMENS GENERAL HOSPITAL, INC., ST. JOHN HEALTH, OAKWOOD HEALTHCARE INC., BON SECOURS COTTAGE HEALTH SERVICES, WILLIAM BEAUMONT HOSPITAL d.b.a. BEAUMONT HOSPITALS, and TRINITY HEALTH CORP.,<br><br>Defendants. | Case No. 06-15601 (GER)<br><br>Hon. Gerald E. Rosen |

**CERTAIN DEFENDANTS' MOTION TO DEFER PLAINTIFFS' REQUESTS FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENTS**

Defendants Trinity Health Corp., Henry Ford Health System, Mount Clemens General Hospital, Inc. and William Beaumont Hospital ask the Court by this Motion to Defer Plaintiffs' Requests for Preliminary Approval of the class settlements before it, specifically Plaintiffs' Revised Settlement reached with St. John Health and Plaintiffs' newly presented Settlement with Bon Secours. A supporting Memorandum of Law follows.

Dated: October 9, 2009

Respectfully Submitted:

SONNENSCHEIN NATH & ROSENTHAL LLP

By: /s/ Sandra D. Hauser

Sheldon H. Klein (P41062)
Bruce L. Sendek (P28095)
BUTZEL LONG, P.C.
150 West Jefferson, Suite 100
Detroit, Michigan 48226-4454
(313) 225-7000
klein@butzel.com
sendek@butzel.com

***Counsel for William Beaumont Hospital***

David A. Ettinger
Peter E. Boivin
HONIGMAN MILLER SCHWARTZ AND COHN LLP
2290 First National Building
660 Woodward Avenue
Detroit, Michigan 48226
(313) 465-7368
dettinger@honigman.com
pboivin@honigman.com

***Counsel for Mount Clemens General Hospital***

Sandra D. Hauser
1221 Avenue of the Americas
New York, New York 10020
(212) 768-6700
shauser@sonnenschein.com

Margo Weinstein
Corey M. Shapiro
7800 Sears Tower
Chicago, Illinois 60606
(312) 876-8000
mweinstein@sonnenschein.com
cshapiro@sonnenschein.com

David B. Gunsberg (P24235)
LAW OFFICE OF DAVID B. GUNSBERG, P.C.
322 North Old Woodward Avenue
Birmingham, Michigan 48009
(248) 646-9090
davidgunsberg@hotmail.com

Cathrine F. Wenger (P37861)
TRINITY HEALTH CORPORATION
27870 Cabot Drive
Novi, Michigan 48377
(248) 489-5004
wengerc@trinity-health.org

***Counsel for Trinity Health Corp.***

David Marx, Jr.
David L. Hanselman, Jr.
Stephen Y. Wu
Amy J. Carletti
MCDERMOTT WILL & EMERY LLP
227 West Monroe Street
Chicago, Illinois 60606
(312) 372-2000
dmarx@mwe.com
dhanselman@mwe.com
swu@mwe.com
acarletti@mwe.com

Terrence J. Miglio
Gouri G. Sashital
KELLER THOMA, P.C.
440 East Congress Street, 5th Floor
Detroit, Michigan 48226
Telephone: (313) 965-7610
tjm@kellerthoma.com
gsr@kellerthoma.com

***Counsel for Henry Ford Health System***

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| PAT CASON-MERENDA and JEFFREY A. SUHRE on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DETROIT MEDICAL CENTER, HENRY FORD HEALTH SYSTEM, MOUNT CLEMENS GENERAL HOSPITAL, INC., ST. JOHN HEALTH, OAKWOOD HEALTHCARE INC., BON SECOURS COTTAGE HEALTH SERVICES, WILLIAM BEAUMONT HOSPITAL d.b.a. BEAUMONT HOSPITALS, and TRINITY HEALTH CORP.,<br><br>Defendants. | Case No. 06-15601 (GER)<br><br>Hon. Gerald E. Rosen |

**MEMORANDUM OF LAW IN SUPPORT OF CERTAIN DEFENDANTS' MOTION TO DEFER PLAINTIFFS' REQUESTS FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENTS**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ........ ii

QUESTIONS PRESENTED ........ iii

INTRODUCTION ........ 1

I. PLAINTIFFS' PROPOSED ORDERS ARE OVERLY BROAD AND UNFAIRLY PREJUDICIAL ........ 2

II. CLASS NOTICE IS NOT APPROPRIATE AT THIS TIME ........ 4

CONCLUSION ........ 6

## TABLE OF AUTHORITIES

### FEDERAL CASES

*In re New Motor Vehicles Canadian Export Antitrust Litigation*, 236 F.R.D. 53 (D.Me. 2006) .......... 2

*Nilsen v. York County*, 228 F.R.D. 60 (D.Me. 2005).......... 3

### DOCKETED CASES

*Ivax Corp. v. Akzo Nobel Chemicals B.V.*, Civ. A. No. 01-1714 (D.D.C. Dec. 3, 2001).......... 2

*Reed, et al. v. Advocate Health Care, et al.*, No. 06 C3337 (N.D. Ill. Sept. 28, 2009).......... 3

### OTHER

Fed. Rule Civ. P. 23 .......... 1

Manual for Complex Litigation Fourth, § 21.651 (2004) .......... 4

## QUESTIONS PRESENTED

1. Should the Court enter an Order with respect to Plaintiffs' Motions for Preliminary Approval of the Class Settlements reached with Defendants St. John Health and Bon Secours Health that includes findings that Plaintiffs have met their burden to satisfy the elements of Rule 23 in this case, *before* the Court has ruled upon Plaintiffs' motion for certification of a litigation class?

**Movants' answer: "No."**

2. Should the Court approve distribution of multiple settlement class notice at this juncture, prior to reaching any determination as to the certification of a litigation class?

**Movants' answer: "No."**

## INTRODUCTION

Defendants submit this Motion to address two aspects of the proposed class settlements before the Court that bear directly upon Defendants' interests as remaining parties to this case, and that are not alleviated by either the revisions to Plaintiffs' settlement with St. John Health, or the fact that Plaintiffs' Motion to Certify a Litigation Class has now been fully briefed.[1]

*First,* in connection with each of Plaintiffs' Motions for Preliminary Approval of the three proposed class settlements they have put before the Court, Plaintiffs request that the Court enter an Order reaching specific findings that each of the requirements of Fed. Rule Civ. P. 23(a) and 23(b)(3) has been satisfied in this case. Entry of a broad Order with specific Rule 23 findings is not necessary for purposes of preliminary approval, even if this Court otherwise is prepared to grant preliminary approval. On the other hand, entering Plaintiffs' proposed Orders would unfairly prejudice the non-settling Defendants because of the clear potential for misconstruction of the language included in such Orders in the context of the pending motions seeking certification of a litigation class.

*Second*, it is both inefficient and unfairly prejudicial to Defendants, to permit settlement class notice at this juncture, particularly since: (a) a minimum of three separate notices to settlement class members are contemplated, (b) one of those contemplated notices (regarding St. John) outlines different outcomes, contingent upon this Court's future ruling on the motion to

---

[1] The same Moving Defendants filed a Motion to Stay on April 20, 2009 (regarding the first St. John settlement), Dkts.335 and 461 (opening and reply), and a Motion to Defer on June 5, 2009 (regarding the Oakwood Health settlement), Dkt. 465. Defendants do not withdraw their prior Motions. Defendants submit the present Motion and Memorandum to address Plaintiffs' assertions that: (a) the revisions to the settlement they reached with St. John somehow obviate the grounds underlying Defendants' prior Motion to Stay Preliminary Approval of the St. John Settlement, and (b) with respect to both the St. John and Bon Secours settlements, that Plaintiffs' Motions for Preliminary Approval are now ripe, given that briefing with respect to the litigation class is now concluded. Defendants do not repeat here the central grounds articulated for deferral in their prior Motions and Memoranda.

certify a litigation class; and (c) under the terms of the settlements, no distributions are even possible to class members, prior to final resolution of the litigation class. The Court should therefore decline to authorize notice at this stage.

There is no question that Defendants are within their rights to seek the relief herein. The moving non-settling Defendants are not submitting objections to the proposed settlements with St. John, Oakwood and Bon Secours, and do not assert "standing" to object. Rather Defendants are moving this Court to exercise its discretion to reject Plaintiffs' proposed Orders, and to defer any class notice, in light of the unfair prejudice to the non-settling Defendants and the inefficiency of proceeding now. As articulated by Defendants in their earlier papers, where deferring decision on a proposed settlement will promote judicial efficiency and justice, the Court can and should stay preliminary approval of the settlement pending full consideration of the litigation class. *See In re New Motor Vehicles Canadian Export Antitrust Litigation*, 236 F.R.D. 53, 56 (D. Me. 2006); *Ivax Corp. v. Akzo Nobel Chemicals B.V.*, Civ. A. No. 01-1714 (D.D.C. Dec. 3, 2001). Arguments raised by Plaintiffs regarding lack of "standing" are inapt.

## ARGUMENT

### I. PLAINTIFFS' PROPOSED ORDERS ARE OVERLY BROAD AND UNFAIRLY PREJUDICIAL

Plaintiffs acknowledge in each of their Memoranda submitted in support of their settlement Motions that they are requesting only "preliminary approval" -- and thus, according to them, the Court need "not decide the merits of the case or resolve unsettled legal questions" at this juncture. *See, e.g.*, Plaintiffs' Memorandum in Support of Plaintiffs' Motion for Preliminary Approval of Revised Settlement with St. John Health, at 7, *citing, inter alia, Berry v. Sch. Dist. Of Benton Harbor,* 184 F.R.D. 93, 97 (W.D. Mich. 1998). Plaintiffs note that the inquiry at this

stage is only whether the settlement is "potentially approvable," such that there is good reason to notify the members of the class and proceed with a fairness hearing.

At the same time, Plaintiffs' Proposed Orders improperly reach for rulings far beyond what is appropriately before the Court. Rather than proposing that the Court condition any findings as preliminary and for settlement purposes only, Plaintiffs present an Order that suggests that the Court would be concluding now -- before hearing and ruling on the substantial evidence and arguments the non-settling Defendants presented with respect to the litigation class -- that the Rule 23 criteria are met. This is inappropriate and unnecessary, and will yield only confusion and unfair prejudice to Defendants. *See, e.g., In re New Motor Vehicles*, 236 F.R.D. at 56, *Nilsen v. York County*, 228 F.R.D. 60 (D.Me. 2005).

Defendants' position is that certification of any litigation class is not warranted in this case. As emphasized by the recent Order of the Honorable John F. Grady of the U.S. District Court for the Northern District of Illinois in *Reed, et al. v. Advocate Health Care, et al.*, No. 06 C 3337 (N.D. Ill. Sept. 28, 2009), denying class certification in a related nurse wage antitrust case, Rule 23(b)(3)'s predominance and superiority requirements are not met here.[2]

Defendants certainly understand and appreciate the Court's ability to parse the issues and to understand the significance of its own rulings. At the same time, were the Court to issue Orders in the form that Plaintiffs' propose at this preliminary stage, the Orders could be used to suggest that legal conclusions have been reached before they even are fully considered, which would be unfairly prejudicial to the Defendants who oppose certification of a litigation class.

[2] See Defendants' Notice of Supplemental Authority, Dkt. 589, filed October 5, 2009. The *Reed* case in Chicago raises the same antitrust allegations as plaintiffs have made in this litigation and in other nurse wage class actions filed in Albany, San Antonio, and Memphis.

Under these circumstances, Courts have exercised their discretion to delay consideration of the proposed settlement class and avoid giving a premature stamp of approval to certification. At minimum, if the Court does choose to act first on the settlements, any Order on preliminary approval should be very clear that it is merely preliminary, and should omit any specific finding on the Rule 23 elements as wholly unnecessary at the opening juncture.

## II. CLASS NOTICE IS NOT APPROPRIATE AT THIS TIME

In addition, sending class notice at this juncture -- particularly the multiple, confusing class notices proposed here -- is unduly prejudicial to the non-settling Defendants. Many of the over 20,000 RNs who would receive the various notices are current employees of the non-settling Defendants. Under any circumstances, the mass mailing to the non-settling Defendants' employees would be disruptive and detrimental to the employment relationship.

The particular notices here will, moreover, risk rampant confusion. Plaintiffs' apparently contemplate that RNs in the proposed class(es) will receive overlapping but separate notices regarding the St. John settlement (with all of its complexities for class members), the Oakwood settlement (which includes nurses not included in the St. John or Bon Secours settlement classes), the Bon Secours settlement, and potentially a litigation class. As recognized by the Manual for Complex Litigation, multiple notices in the context of partial settlements should be avoided as they can confuse and prejudice class members:

> Settlement classes present special problems when they involve partial settlements. . . . [M]embers of the settlement class might have difficulty understanding their position in the litigation. Because they may not know whether they will be members of a class with respect to claims against nonsettling defendants, they may be unable to make an informed decision regarding the adequacy of the settlement.

MANUAL FOR COMPLEX LITIGATION FOURTH, § 21.651 (2004). Under Plaintiffs' proposal, serial notices to the overlapping sets of RNs would be unavoidable. Different nurses will be affected

in different ways by different notices. How is a nurse to sort through and understand the varying notices of settlements with and/or litigation against, her employer and other employers and make informed decisions of whether to participate or opt out? What would the notice say to inform APNs, for example, that they are within the Oakwood settlement class, but excluded both from the proposed litigation class and from the St. John and Bon Secours settlement classes, and how their opt-in or opt-out decision affects their rights? Such confusion and the accompanying unfair prejudice easily can be avoided if the Court delays decision with respect to notice until it rules upon the certification of a litigation class.

Conversely, there is no prejudice whatsoever to the settling parties if notice is delayed. In fact, with respect to the revised St. John settlement, distribution is not even possible since the parties specifically agreed that: "no monies from the Settlement Fund will be distributed until after the Court has ruled on Class Certification or the Court has approved settlements with all Non-Settling Defendants, whichever is earlier." St. John Revised Settlement Agreement, ¶ 49, Dkt. # 579-2; see also St. John Settlement Agreement, Ex. A, Proposed Class Notice at §2.5.¶ Likewise under the Oakwood settlement, settlement proceeds will not be distributed until all claims are resolved against all parties. Proposed Class Notice, Ex. A to Oakwood Settlement Agreement, ¶ 8, Dkt # 462-2. The Bon Secours Settlement also does not contemplate distribution at this time. Bon Secours Settlement ¶ 44, Dkt. 585-2.

Considerations of both efficiency and fairness thus suggest that the Court should exercise its discretion to defer ruling on class notice until after the Court rules on Plaintiffs' motion for certification of a litigation class.

## CONCLUSION

The moving Defendants thus respectfully request that this Court grant this motion and decline to issue any Order in the form proposed by Plaintiffs, as well as defer any settlement class notice until after Plaintiffs' motion to certify a litigation class has been finally adjudicated.

Dated: October 9, 2009

Respectfully Submitted:

SONNENSCHEIN NATH & ROSENTHAL LLP

By: /s/ Sandra D. Hauser

Sandra D. Hauser
1221 Avenue of the Americas
New York, New York 10020
(212) 768-6700
shauser@sonnenschein.com

Margo Weinstein
Corey M. Shapiro
7800 Sears Tower
Chicago, Illinois 60606
(312) 876-8000
mweinstein@sonnenschein.com
cshapiro@sonnenschein.com

David B. Gunsberg (P24235)
LAW OFFICE OF DAVID B. GUNSBERG, P.C.
322 North Old Woodward Avenue
Birmingham, Michigan 48009
(248) 646-9090
davidgunsberg@hotmail.com

Cathrine F. Wenger (P37861)
TRINITY HEALTH CORPORATION
27870 Cabot Drive
Novi, Michigan 48377
(248) 489-5004
wengerc@trinity-health.org

***Counsel for Trinity Health Corp.***

Sheldon H. Klein (P41062)
Bruce L. Sendek (P28095)
BUTZEL LONG, P.C.
150 West Jefferson, Suite 100
Detroit, Michigan 48226-4454
(313) 225-7000
klein@butzel.com
sendek@butzel.com

***Counsel for William Beaumont Hospital***

David A. Ettinger
Peter E. Boivin
HONIGMAN MILLER SCHWARTZ AND COHN LLP
2290 First National Building
660 Woodward Avenue
Detroit, Michigan 48226
(313) 465-7368
dettinger@honigman.com
pboivin@honigman.com

***Counsel for Mount Clemens General Hospital***

David Marx, Jr.
David L. Hanselman, Jr.
Stephen Y. Wu
Amy J. Carletti
MCDERMOTT WILL & EMERY LLP
227 West Monroe Street
Chicago, Illinois 60606
(312) 372-2000
dmarx@mwe.com
dhanselman@mwe.com
swu@mwe.com
acarletti@mwe.com

Terrence J. Miglio
Gouri G. Sashital
KELLER THOMA, P.C.
440 East Congress Street, 5th Floor
Detroit, Michigan 48226
Telephone: (313) 965-7610
tjm@kellerthoma.com
gsr@kellerthoma.com

***Counsel for Henry Ford Health System***

## CERTIFICATE OF SERVICE

I, Sandra D. Hauser, an attorney of record in this case, hereby certify that, on this 9th day of October, 2009, I electronically filed the forgoing documents with the Clerk of Court using the CM/ECF system, which will send notification to all counsel of record in this action who are registered as CM/ECF users.

/s/ Sandra D. Hauser
Sandra D. Hauser
SONNENSCHEIN NATH & ROSENTHAL LLP
1221 Avenue of the Americas
New York, New York 10020
(212) 768-6700
shauser@sonnenschein.com

***Counsel for Trinity Health Corp.***