UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAT CASON-MERENDA and
JEFFREY A. SUHRE,

       Plaintiffs,                        Case No. 06-15601
                                                 Hon. Gerald E. Rosen

vs.

DETROIT MEDICAL CENTER, *et al.,*

       Defendants.
_____/

## ORDER DENYING DEFENDANTS'
## MOTIONS TO DEFER CONSIDERATION OF PLAINTIFFS'
## MOTIONS FOR PRELIMINARY APPROVAL OF SETTLEMENTS

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on       January 28, 2010

PRESENT: Honorable Gerald E. Rosen
                        Chief Judge, United States District Court

     Over the course of the past several months, Plaintiffs have reached settlements with three of the Defendants in this action — Oakwood Healthcare Inc., St. John Health Partners, and Bon Secours Cottage Health Services — and have filed motions seeking preliminary approval of these settlements. The non-settling Defendants, in turn, have filed motions requesting that the Court defer its consideration of Plaintiffs' requests for preliminary approval until the Court has ruled on Plaintiffs' pending motion for class certification and the non-settling Defendants' summary judgment motions. For the reasons stated briefly below, the Court finds no basis for delaying the preliminary review

sought by Plaintiffs.

While the non-settling Defendants have suggested a number of reasons why the Court should defer its consideration of Plaintiffs' pending motions for preliminary approval, only two of these reasons warrant discussion here.[1]  First, the non-settling Defendants express their concern that the proposed orders submitted by Plaintiffs might suggest that the Court has decided issues — *e.g.,* the propriety of certifying a litigation class — that are the subject of pending motions, and that have yet to be fully heard and addressed by the Court.  Yet, as Plaintiffs point out, to the extent that the Court determines that their proposed orders might be misleading in one or more respects, the Court surely has the authority to amend these proposed orders prior to their entry, such that they accurately reflect the current procedural posture of this case — namely, that only a partial settlement has been reached, and that issues of certification of a litigation class, summary judgment, and the like remain to be decided as between Plaintiffs and the non-settling Defendants.  Moreover, Plaintiffs further observe that their proposed orders would be misleading only to the extent that the ***Court itself*** believed that it was bound to adhere to the rulings in these orders as it issued subsequent decisions in this case.  The non-settling Defendants may rest assured that the Court is mindful of the distinct sets of standards that govern the pending class certification and summary judgment motions in

---

[1]Apart from addressing the arguments advanced in the non-settling Defendants' motions, Plaintiffs have repeatedly insisted in their responses to these motions that the non-settling Defendants lack standing to seek a stay of preliminary approval of the settlements reached between Plaintiffs and the settling Defendants.  The Court finds it unnecessary to decide this issue of standing, in light of its conclusion that the requested stay is unwarranted.

this case, and that nothing in the preliminary approval process will prejudge or conclusively resolve the issues raised in those motions.

Next, the non-settling Defendants cite the risk of confusion as proposed class members receive separate notices of the settlements reached between Plaintiffs and the three settling Defendants. This confusion will be compounded, in the non-settling Defendants' view, by the contingencies that stand between the proposed class members and any eventual distribution of settlement funds. Most notably, the non-settling Defendants point to a provision in the St. John settlement agreement that prohibits distributions from the settlement fund until after the Court has ruled on Plaintiffs' class certification motion or the Court has approved settlements with the non-settling Defendants, whichever occurs first.[2] The non-settling Defendants argue that all such confusion may readily be avoided by deferring preliminary approval and notice to the class until after the Court has ruled on Plaintiffs' motion for class certification and the non-settling Defendants' summary judgment motions.

The Court agrees with Plaintiffs that this risk of confusion may be adequately addressed through appropriate language in the notices sent to the members of the proposed settlement classes. It surely is possible to draft these notices in a way that sufficiently apprises class members (i) that only a partial settlement has been reached with

---

[2] The amount to be paid by St. John, in turn, is reduced if the Court declines to certify a litigation class or certifies a litigation class that is materially different from the class defined in the settlement agreement.

certain of the Defendants, and that Plaintiffs' claims against the non-settling Defendants are still being litigated; (ii) that the precise timetable for distribution of the settlement proceeds remains uncertain; and (iii) that, in one case (St. John), the amount of the settlement is contingent upon the Court's ruling on pending motions brought by Plaintiffs and the non-settling Defendants.[3]  Against this acknowledged but surmountable drafting challenge, Plaintiffs point to a real risk of prejudice if the Court were to defer consideration of the pending settlements, where (i) one of the settling Defendants (St. John) is not obligated to pay its settlement amount into escrow until the Court grants final approval of the settlement between Plaintiff and this Defendant, and (ii) the settlements were negotiated against a backdrop of uncertainty as to how the Court might rule on class certification and summary judgment.

Upon considering the totality of these circumstances, including the competing concerns of confusion and prejudice to the class and settling parties, the Court finds that the preliminary approval process should go forward.  The Court fully recognizes the potential for confusion in notifying class members of a partial settlement reached between Plaintiffs and only some of the Defendants, with the claims against the non-settling Defendants still to be litigated, and with the partial settlement contingent, to some extent, upon the Court's future disposition of the pending class certification and summary

---

[3]Plaintiffs note that they have prepared a model notice describing the settlements reached with each of the three settling Defendants, in the event that the Court finds it preferable to send a single "omnibus" notice to all class members rather than a separate notice for each of the three settlements.

4

judgment motions. As explained, however, the Court believes that this potential for confusion is better addressed through careful drafting of notices to class members, as opposed to placing the settlements between Plaintiffs and the settling Defendants on indefinite hold.

For these reasons,

NOW, THEREFORE, IT IS HEREBY ORDERED that the following motions brought by the non-settling Defendants to defer consideration of Plaintiffs' motions for preliminary approval of settlements are DENIED:

(1) Certain Defendants' April 20, 2009 motion to stay consideration of Plaintiffs' motion for preliminary approval of settlement with St. John Health (docket #335);

(2) Certain Defendants' June 5, 2009 motion to defer consideration of Plaintiffs' motion for preliminary approval of settlement with Oakwood (docket #465);

(3) Certain Defendants' October 9, 2009 motion to defer Plaintiffs' requests for preliminary approval of class settlements (docket #591); and

(4) Defendant Detroit Medical Center's November 3, 2009 motion seeking deferral of Plaintiffs' motions for preliminary approval of class settlements (docket #618).

Finally, in light of these rulings, IT IS FURTHER ORDERED that Plaintiffs' December 21, 2009 motion to strike improper expert opinion evidence (docket #647) is DENIED AS MOOT.

    SO ORDERED.

                                  s/Gerald E. Rosen
                                  Chief Judge, United States District Court

Dated:  January 28, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 28, 2010, by electronic and/or ordinary mail.

                                  s/Ruth Brissaud
                                  Case Manager