UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| PAT CASON-MERENDA and JEFFREY A. SUHRE on behalf of themselves and others similarly situated, | |
| | Case No. 06-15601 |
| Plaintiffs, | |
| | Hon. Gerald E. Rosen |
| v. | |
| | Magistrate:  Donald A. Scheer |
| DETROIT MEDICAL CENTER, HENRY FORD HEALTH SYSTEM, MOUNT CLEMENS GENERAL HOSPITAL, INC., ST. JOHN'S HEALTH, OAKWOOD HEALTHCARE, INC., BON SECOURS COTTAGE HEALTH SERVICES, WILLIAM BEAUMONT HOSPITAL d.b.a. BEAUMONT HOSPITALS, and TRINITY HEALTH CORP., | |
| Defendants. | |

**ORDER GRANTING PRELIMINARY APPROVAL
OF SETTLEMENTS WITH OAKWOOD HEALTHCARE INC., WITH ST. JOHN
HEALTH, AND WITH BON SECOURS COTTAGE HEALTH SERVICES,
AND AUTHORIZING THE DISSEMINATION OF NOTICE**

Upon consideration of Plaintiffs' Motion For Preliminary Approval Of Settlement With

Oakwood Healthcare Inc. (the "Oakwood Motion"), Plaintiffs' Motion For Preliminary Approval

Of Revised Settlement With St. John Health (the "St. John Motion"), and Plaintiffs' Motion For

Preliminary Approval Of Settlement With Bon Secours Cottage Health Services, (the "Bon

1

Secours Motion")( collectively "the Motions"), and after hearing from the parties to those

settlements at a hearing on March 5, 2010, it is hereby **ORDERED** as follows:

    1.      The Motions are **GRANTED**.

    2.      The Court finds that the settlement set forth in the Class Settlement Agreement

And Release ("Oakwood Settlement Agreement") between Plaintiffs Pat Cason-Merenda and

Jeffrey A. Suhre, (collectively "Plaintiffs"), as representatives of a putative class of similarly

situated registered nurses (as defined in paragraph 5 below), and Defendant Oakwood Healthcare

Inc., attached as Exhibit 1 to the Oakwood Motion, subject to final determination following

proper notice and a fairness hearing, is sufficiently fair, reasonable, and adequate to authorize

dissemination of notice to the proposed Class.

    3.      The Court finds that the settlement set forth in the Settlement Agreement ("St.

John Settlement Agreement") between Plaintiffs Pat Cason-Merenda and Jeffrey A. Suhre,

(collectively "Plaintiffs"), as representatives of a putative class of similarly situated registered

nurses (as defined in paragraph 7 below), and Defendant St. John Health, attached as Exhibit A

to the Declaration of Mark A. Griffin in Support of the St. John Motion, subject to final

determination following proper notice and a fairness hearing, is sufficiently fair, reasonable, and

adequate to authorize dissemination of notice to the proposed Class.

    4.      The Court finds that the settlement set forth in the Class Settlement Agreement

And Release ("Bon Secours Settlement Agreement") between Plaintiffs Pat Cason-Merenda and

Jeffrey A. Suhre, (collectively "Plaintiffs"), as representatives of a putative class of similarly

situated registered nurses (as defined in paragraph 7 below), and Defendant Bon Secours Cottage

Health Services, attached as Exhibit A to the Declaration of Mark A. Griffin in Support of the

Bon Secours Motion, subject to final determination following proper notice and a fairness

hearing, is sufficiently fair, reasonable, and adequate to authorize dissemination of notice to the

proposed Class.

5.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure and in light of the

proposed Settlement Agreement with Oakwood, the Court hereby preliminarily finds that the

prerequisites for a class action have been met and certifies the following Settlement Class (the

"Oakwood Settlement Class"):

> All persons employed by any Defendant to work in a short-term
> acute care facility in the Detroit, Michigan Metropolitan Statistical
> Area as a Registered Nurse ("RN"), excluding RNs providing
> supervisory or managerial services, at any time from December 12,
> 2002 through December 12, 2006.

6.     The Court finds that the certification of the Oakwood Settlement Class is

warranted in light of the settlement because (a) the class is so numerous that joinder is

impracticable; (b) Plaintiffs' claims present common issues and are typical of the Class; (c)

Plaintiffs and Class Counsel (defined below) will fairly and adequately represent the Settlement

Class; and (d) common issues predominate over any individual issues affecting the members of

the Oakwood Settlement Class.  The Court further finds that Plaintiffs' interests are aligned with

the interests of all other members of the Oakwood Settlement Class.  The Court also finds

settlement of this action, with respect to Oakwood, on a class basis is superior to other means of

resolving this matter.

7.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure and in light of the

proposed Settlement Agreement with St. John Health and Bon Secours, the Court hereby

preliminarily finds that the prerequisites for a class action have been met and certifies the

following Settlement Class (the "Bon Secours and St. John Settlement Class"):

> All persons employed by any Defendant to work in a short-term
> acute care facility in the Detroit, Michigan Metropolitan Statistical
> Area as a Registered Nurse ("RN"), exclusive of supervisory,
> managerial or advanced practice nurses, at any time from
> December 12, 2002 through December 12, 2006.

8.      The Court finds that the certification of the Bon Secours and St. John Settlement

Class is warranted in light of the settlements because (a) the class is so numerous that joinder is

impracticable; (b) Plaintiffs' claims present common issues and are typical of the Class; (c)

Plaintiffs and Class Counsel (defined below) will fairly and adequately represent the Bon

Secours and St. John Settlement Class; and (d) common issues predominate over any individual

issues affecting the members of the Bon Secours and St. John Settlement Class.  The Court

further finds that Plaintiffs' interests are aligned with the interests of all other members of the

Bon Secours and St. John Settlement Class.  The Court also finds settlement of this action, with

respect to St. John Health and to Bon Secours Cottage Health Services, on a class basis is

superior to other means of resolving this matter.

9.      The Court appoints the firms of Keller Rohrback L.L.P., Cohen Milstein Sellers &

Toll, PLLC, and James & Hoffman, P.C. as Class Counsel and Stephen F. Wasinger, P.L.C. as

Liaison Counsel for both the Bon Secours and St. John Settlement Class and the Oakwood

Settlement Class (collectively "the Settlement Classes"), and appoints Pat Cason-Merenda and

Jeffrey A. Suhre as Class Representatives for each of the Settlement Classes.

10.      The Court approves the retention of Rust Consulting, Inc. to serve as Settlement

Administrator.

11.     Notice shall be provided to members of the Settlement Classes.  The Court approves the form of the Legal Notice of Class Action Settlement (the "Notice"), in both long form and short form, submitted by the parties to these agreements upon the condition that the content of the Notice, including all dates, times, and addresses, substantially conforms to the requirements of this Order.  The Court further finds that the mailing of the long form Notice and publication of the short form Notice in the manner set forth in paragraph 12 below constitutes the best notice practicable under the circumstances, as well as valid, due and sufficient notice to all persons entitled thereto and comply fully with the requirements of Federal Rule of Civil Procedure 23 and the due process requirements of the United States Constitution.

12.     Plaintiffs shall cause the Notice, substantially in the form of Exhibit A attached hereto, to be mailed by first class mail, postage prepaid, on May 15, 2010 (referred to herein as the "Notice Date"), to all members of the Settlement Classes as identified by Defendants and publish a one-quarter (1/4)-page advertisement in the May 3, 2010 edition of the Midwest Edition of "Nursing Spectrum" magazine, substantially in the form of the approved short form Notice attached as Exhibit B hereto.

13.     Plaintiffs shall identify and maintain a mailing address to receive requests from parties seeking to exclude themselves from the Settlement Classes.  Plaintiffs must identify the address in the Notice prior to mailing any Notice pursuant to paragraph 12.

14.     The Court will hold a hearing on final approval (the "Hearing") on Thursday, September 2, 2010, at 2:00 p.m. at the Theodore Levin United States Courthouse, Room 733, 231 W. Lafayette Blvd., Detroit, MI, 48226, to determine the fairness, reasonableness, and adequacy of the proposed settlements and whether the settlements should be finally approved

and a final judgment entered thereon.  Any member of the Settlement Classes who follows the procedure set forth in the Notice may appear and be heard at this hearing.  The hearing may be continued without further notice to the Settlement Classes.

15.     Plaintiffs shall file with the Court and serve their motion for final approval of the settlement no later than 65 calendar days following the Notice Date.

16.     All requests for exclusion from the Settlement Class shall be postmarked no later than 40 calendar days following the Notice Date, and shall otherwise comply with the requirements set forth in the Notice.

17.     Any member of any of the Settlement Classes who wishes to object to the terms of a settlement must do so in a writing filed with the Court and served on Class Counsel and counsel for the appropriate settling defendant(s) no later than 20 calendar days prior to the Hearing, and shall otherwise comply with the requirements set forth in the Notice.

18.     No later than ten calendar days before the date fixed by this Court for the Hearing, Class Counsel may file a response with the Court to any objections submitted pursuant to Paragraph 17 above.

19.     Ten calendar days before the date fixed by this Court for the Hearing, Class Counsel shall file with the Court affidavits or declarations of the person under whose general direction the mailing of the Notice was made showing that mailing was made in accordance with this order.

20.     After the Notice Date and within twenty-five (25) business days thereof, the Plaintiffs shall establish, place on line, and maintain a web site on the internet containing the documents and information set forth in the Settlement Agreements.

21.     Class Counsel is authorized to pay the cost of providing notice to the Settlement

Classes, taxes, tax expenses, and charges of the escrow agent from the Settlement Fund as they

are incurred.

22.     The litigation against Oakwood, against St. John Health, and against Bon Secours,

is stayed except to the extent necessary to effectuate the Settlement Agreements.


DATED this 16th day of March, 2010.


s/Gerald E. Rosen
Honorable Gerald E. Rosen
Chief Judge, United States District Court

Presented by:
KELLER ROHRBACK L.L.P.

By s/Mark A. Griffin
Mark A. Griffin
Raymond J. Farrow
Tana Lin
1201 Third Avenue, Suite 3200
Seattle, WA  98101
Tel :  206-623-1900
Fax :  206-623-3384

*Attorneys for Plaintiffs*

**EXHIBIT A**

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN

# LEGAL NOTICE OF CLASS ACTION SETTLEMENTS

## If you were employed as a Registered Nurse by a hospital in the Detroit area between December 12, 2002 and December 12, 2006, one or more class action partial settlements may affect you.

*A federal court has authorized this Notice.*
*This is not a solicitation from a lawyer. You are not being sued.*

**PLEASE READ THIS NOTICE IN FULL**
**TO DETERMINE YOUR RIGHTS AND OBLIGATIONS.**

***Your Legal Rights Are Affected Even If You Do Not Act.***
***Read This Notice Carefully.***

- Please read this Notice in its entirety to know your legal rights regarding a class action lawsuit alleging that certain Registered Nurses ("RNs") in certain hospitals in the Detroit area were underpaid in violation of the antitrust laws. This Notice is intended to give you the information you need to determine whether you are a member of certain Settlement Classes. ***The Court has not yet made any finding of whether or not there has been any violation of law, and each Defendant denies any wrongdoing whatsoever.***

- Two nurses filed a lawsuit, *Pat Cason-Merenda, et al. v. Detroit Medical Center, et al.* No. 2:06-cv-15601, in the United States District Court for the Eastern District of Michigan (the "Court") claiming that certain hospitals conspired to keep down RN compensation and to exchange information about RN compensation in violation of the antitrust laws. The hospitals named as defendants are: Detroit Medical Center, Henry Ford Health Medical System, Mount Clemens General Hospital, Inc., St. John Health, Oakwood HealthCare, Inc., Bon Secours Cottage Health Services, William Beaumont Hospital, and Trinity Health Corp. (jointly referred to below as "Defendants" or "Defendant Hospitals").

- All Defendants deny that they engaged in the conduct alleged in the lawsuit, that any of their conduct was unlawful and that they underpaid their RN employees. Defendants contend that they have set, adjusted, and increased their RN compensation and benefits programs unilaterally and independently at competitive levels.

- Three of the Defendants, St. John Health (including its parent entity, Ascension Health), Oakwood Healthcare, and Bon Secours (the "Settling Defendants"), have agreed to settle this lawsuit.

- These Settlements are subject to final approval by the Court.  A hearing has been scheduled for this purpose ("Final Fairness Hearing") before Chief Judge Gerald E. Rosen, on ___ 2010, at ___.m. in Courtroom ___, at 231 W. Lafayette Blvd., Detroit, Michigan.

- If you are part of one of the Settlement Classes (as defined in Section 2.1 below) and wish to participate in a Settlement, you don't need to do anything.  Alternatively, you may "opt out" of (elect not to participate in) one or more of the Settlements, or object to any Settlement prior to the Final Fairness Hearing, but to do so you must follow the procedures set forth below.

- The lawsuit continues on behalf of a proposed class, or group of people, that might include you but only against the remaining five non-settling Defendants, Detroit Medical Center, Henry Ford, Mount Clemens, William Beaumont, and Trinity Health (the "Non-Settling Defendants").  The continuing lawsuit affects persons who worked as RNs from December 12, 2002 through December 12, 2006, in the Defendant hospitals named, including nurses employed by any settling Defendant (St. John, Oakwood and Bon Secours).

- The Court has scheduled a hearing when it will determine whether to approve each of these settlements for [_____] at _____ PM.

Each of the Settlement Agreements as well as additional information is available online at www.detroitnursewages.com.  If you would like to obtain copies of other court documents or have questions about the lawsuit or settlement, you also can write or call the Class Claims Administrator at the address and telephone number provided in Part 2.3.

### ARE YOU AFFECTED BY THE SETTLEMENTS?

Use the chart below to help you understand whether you belong to one or more classes of RNs affected by these settlements.  You may belong to more than one settlement class and therefore may need to make more than one decision in response to this Notice.  More details are provided below in Parts 2 and 3 of this Notice.

|  | St John Health Settlement Class | Oakwood Settlement Class | Bon Secours Settlement Class |
|---|---|---|---|
| **Staff Nurse at any Defendant short term acute care facility in Detroit at any time between 12/12/2002 and 12/12/2006** | Member of the class | Member of the class | Member of the class |
| **Advanced Practice Nurse at any Defendant short term acute care facility in Detroit at any time between 12/12/2002 and 12/12/2006** | Not a member of the class unless you also were a Staff Nurse during some part of this time, in which case your claim is limited to the time you worked as a Staff Nurse. | Member of the class | Not a member of the class unless you also were a Staff Nurse during some part of this time, in which case your claim is limited to the time you worked as a Staff Nurse. |
| **Managerial or Supervisory Nurse (including case managers) at any Defendant short term acute care facility in Detroit** | Not a member of the class unless you also were a Staff Nurse during some part of this time, in which case your claim is limited to the time you worked as a Staff Nurse. | Not a member of the class unless you also were a Staff Nurse or APN during some part of this time, in which case your claim is limited to the time you worked as a Staff Nurse or APN. | Not a member of the class unless you also were a Staff Nurse during some part of this time, in which case your claim is limited to the time you worked as a Staff Nurse. |

It is important to note that if you meet the definitions above, you are a member of these classes even if you never worked at a St. John hospital, a Bon Secours hospital, or an Oakwood hospital. Staff Nurses employed by any of the Defendant Hospitals are members of all three Settlement Classes, and an APN employed by any of the Defendant Hospitals is a member of the Oakwood Settlement Class.

## WHAT THIS NOTICE CONTAINS

**Summary of the Settlements**

**Part 1: General Information – What Is This Notice About?**
1.1     Why did I get this Notice?
1.2     What is the lawsuit about?
1.3     Why is this a class action?
1.4     What is the current status of the lawsuit?
1.5     Why did the parties agree to this settlement?

**Part 2: Who Is Affected by Each Settlement?**
2.1:    How Are The Settlement Classes Defined?
2.2:    How Do I Know If I Am A Member Of One Or More Of These Settlement Classes?

**Part 3: What Are Your Rights and Duties, and What Do the Settlements Provide?**
3.1     What are my rights and options if I am a member of any Settlement Class?
3.2     What does the St. John settlement provide?
3.3     What does the Bon Secours settlement provide?
3.4     What does the Oakwood settlement provide?
3.5     Will I receive any money from a settlement?
3.6     What happens if one or more additional Defendants decide to settle? Will I be part of those settlements?
3.7     How can I get a payment?

**Part 4: Excluding Yourself from any of the Settlements**
4.1     What does it mean to exclude yourself from one of the settlements?
4.2     How do I exclude myself from a settlement?

**Part 5: The Lawyers Representing the Class**
5.1     Do I have lawyers in this case?
5.2     How will the lawyers be paid?

**Part 6: Objecting to a Settlement**
6.1     If I do not like a settlement, how do I tell the Court?
6.2     What is the difference between objecting and excluding?

**Part 7: The Court's Fairness Hearing**
7.1     When and where will the Court decide whether to approve the settlements?
7.2     Do I have to come to the hearing?
7.3     May I speak at the hearing?

**Part 8: What Happens If I Do Nothing At All?  What Is The Release Of Claims?**

**Part 9: How Can I Get More Information On The Settlements?**

| **Summary of the Settlements** |
| --- |

- St. John Health has agreed to pay $13,583,475 for the benefit of a class of nurses who provided direct patient care in Defendants' short term acute care facilities in Detroit other than as supervisory, managerial, or advanced practice nurses between December 12, 2002 and December 12, 2006.  However, this sum may be reduced to $3,400,410 depending on certain conditions described in Part 3.2 below.

- Oakwood has agreed to pay $7,183,000 for the benefit of a class of nurses who provided direct patient care in Defendants' short term acute care facilities in Detroit other than as supervisory or managerial nurses (but including advanced practice nurses ("APNs")) between December 12, 2002 and December 12, 2006.

- Bon Secours has agreed to pay $325,000 for the benefit of a class of nurses who provided direct patient care in Defendants' short term acute care facilities other than as supervisory, managerial, or advanced practice nurses in Detroit between December 12, 2002 and December 12, 2006.

As with any litigation, Plaintiffs would face an uncertain outcome if the Litigation were to continue against the Settling Defendants.  As of the date of the Settlement Agreement, the Court had not yet determined whether or not to certify a class action for trial purposes.  If the Court were to do so, continuation of the Litigation against Settling Defendants could result in a judgment or verdict greater or lesser than the recovery under the Settlement, or in no recovery at all.

Throughout the Litigation, Plaintiffs and Settling Defendants have disagreed on both liability and damages.  The Settling Defendants have denied and continue to deny the claims and contentions alleged by Plaintiffs, that it is liable at all to the Class, and that Class Members have suffered any damages for which the Settling Defendants are legally responsible.  Nevertheless, the Settling Defendants have taken into account the uncertainty and risks inherent in any litigation, particularly in a complex case such as this, and has concluded that it is desirable that the Litigation be fully and finally settled and resolved as to them on the terms and conditions set forth in the Settlement Agreements with the Settling Defendants.

This is only a summary of the Settlements.  The Settlements are governed by the Settlement Agreements and by the related orders of the Court, copies of which are available online at www.detroitnursewages.com, or by contacting Class Counsel at the address listed below.

**Part 1: General Information - What is this Notice About?**

## 1.1    Why did I get this Notice?

You received this Notice because you may be an RN who belongs to one or more classes of RNs affected by the Settlement Agreements with the Settling Defendants -- the St. John Health Settlement Class, the Bon Secours Settlement Class, or the Oakwood Settlement Class -- as defined in Part 2.1 below.  The Court ordered that this Notice be sent to you because, if you fall within this group, you have a right to know about the Settlements and about all of your options before the Court decides whether to approve the Settlements.

This Notice explains:

- What the lawsuit is about
- Who is affected by each of the three proposed settlements
- What the settlements are about
- What your legal rights and options are with respect to the settlements
- Who represents the Settlement Classes
- How and by when you need to act with respect to each settlement

## 1.2    What is the lawsuit about?

This lawsuit was filed by Pat Cason-Merenda and Jeffrey A. Suhre ("Plaintiffs") on behalf of all RNs employed at certain hospitals, i.e. short term acute care facilities, in the Detroit area.

The hospitals named as Defendants are: Detroit Medical Center, Henry Ford Health Medical
System, Mount Clemens General Hospital, Inc., St. John Health, Oakwood HealthCare, Inc.,
Bon Secours Cottage Health Services, William Beaumont Hospital, and Trinity Health Corp.

Plaintiffs make two claims.  First, they claim that Defendants conspired to keep down RN compensation, in violation of federal antitrust law.  Second, they claim that Defendants conspired to regularly exchange detailed information about current and future RN compensation, with the effect of keeping down RN compensation, in violation of federal antitrust law.  Plaintiffs seek to recover for every member of the proposed litigation class three times the amount that they were allegedly underpaid, as well as their attorneys' fees, and litigation costs.

The Defendants, including the Settling Defendants, deny the existence of any conspiracy, that any of their conduct was unlawful, than any exchange of RN compensation information kept down RN compensation and that they underpaid their RN employees. Each of the Defendant Hospitals contends that it has set, adjusted, and increased its RN compensation and benefits programs unilaterally and independently at competitive levels.

The Court has not yet heard or resolved the merits of the Plaintiffs' claims, nor determined whether the Plaintiffs' or Defendants' contentions are true.

## 1.3    Why is this a class action?

In a class action, one or more people called "plaintiffs" or "class representatives" sue on behalf of people who have similar claims.  If the court decides to certify the case as a class action, then all of the individuals on whose behalf the named plaintiffs are suing are "class members."  One court then resolves the issues for all class members.  In this Litigation, Pat Cason-Merenda and Jeffrey Suhre are the named plaintiffs (and are called "Plaintiffs" in this Notice and in the Settlement Agreement).  Each is a current or former employee of one of the Defendant hospitals.  U.S. District Chief Judge Gerald E. Rosen is presiding over this case.  In its order granting preliminary approval of the Settlement and setting the date for the Final Fairness Hearing, the Court provisionally certified the Settlement Classes defined below.

## 1.4    What is the current status of the lawsuit?

This lawsuit was filed in December 2006.  Counsel for all parties conducted an extensive investigation into the facts of this case.

Plaintiffs have filed a motion to certify a class of Staff Nurses (asking that all people who have similar claims be allowed to bring them together all in the same case) in the ongoing lawsuit against the five non-settling Defendants.  The Non-Settling Defendants have opposed Plaintiffs' motion to certify a class and have also filed various motions seeking to have the Court dismiss Plaintiffs' claims prior to trial.  The Court has not yet ruled on any of those pending motions.

The Plaintiffs reached a Settlement Agreement with St. John Health on March 3, 2009, an agreement that was modified on August 24, 2009.  A description of the essential terms of this agreement is set forth below.  The Court granted preliminary approval of the Settlement on March 5, 2010.

The Plaintiffs reached a Settlement Agreement with Oakwood Healthcare on May 13, 2009.  A description of the essential terms of this agreement is set forth below.  The Court granted preliminary approval of the Settlement on March 5, 2010.

The Plaintiffs reached a Settlement Agreement with Bon Secours Cottage Health Services on September 11, 2009.  A description of the essential terms of this agreement is

set forth below.  The Court granted preliminary approval of the Settlement on March 5, 2010.

## 1.5     Why did the parties agree to this settlement?

These Settlements are the product of extensive, arm's-length negotiations between Class Counsel and the Settlement Defendants' counsel, and were facilitated, in part, by the services of an experienced mediator, Professor Eric Green.  Plaintiffs and the Settlement Defendants have agreed to settle to end the lawsuit as between them.  If the Settlements become final, they will avoid the cost, risk, and distraction of a trial.  As with any litigation, the Plaintiffs would face an uncertain outcome if this case went to trial.  On the one hand, pursuing the case against the Settling Defendants could result in a verdict offering relief greater than these Settlements.  On the other hand, continuing the lawsuit against the Settling Defendants could result in a verdict for less money than Plaintiffs have obtained in this Settlement, or even in no recovery at all.  Based on these factors, the Plaintiffs and their attorneys believe the Settlements are in the best interests of members of the Settlement Classes.  They also believe they are fair, reasonable, and adequate under all of the circumstances, including their intensive investigation of the facts over a period of several years.  These settlements do not represent an admission of liability by any of the Settling Defendants or that the Court has reached a final decision with respect to the merits of the lawsuit.  The lawsuit will continue against the Non-Settling Defendants.  Oakwood's inclusion of APNs in its Settlement is not admission of any liability with respect to APNs or an admission that Oakwood treated APNs unfairly.

---

| Part 2:   Who Is Affected by Each Settlement? |
|---|

## 2.1:     How Are The Settlement Classes Defined?

The Court has conditionally certified that the St. John and Bon Secours Settlements shall proceed on behalf of everyone who fits the following description:

> All registered nurses who provided direct patient care in short term acute care facilities, exclusive of supervisory, managerial and advanced practice nurses, and who were employed by Defendants within the Detroit-Warren-Livonia Metropolitan Statistical Area ("Detroit MSA") at any time from December 12, 2002 through December 12, 2006 ("St. John Health Settlement Class" and Bon Secours Settlement Class").

The Court has conditionally certified that the Oakwood Settlement Class, but ***not*** the St. John or Bon Secours Settlement Classes, includes, in addition to the RNs defined above, any nurse who worked at a Defendant Detroit hospital as an Advanced Practice Nurse ("APN") at any time between December 12, 2002 and December 12, 2006, i.e. the Oakwood Settlement Class is defined as:

> All registered nurses who provided direct patient care in short term acute care facilities, exclusive of supervisory and managerial nurses, and who were employed by Defendants within the Detroit MSA at any time from December 12, 2002 through December 12, 2006.

## 2.2:  How Do I Know If I Am A Member Of One Or More Of These Settlement Classes?

If you were employed as a Staff Nurse (which term, for purpose of this Notice, is defined as "any RN other than a RN working in a managerial or supervisory capacity or as an APN") at any of the Defendant hospitals in Detroit at any time between December 2002 and December 2006, then you are member of all three Settlement Classes.  This is true even if you also worked as a managerial or supervisory nurse for part of the class period, although any share of the settlement proceeds you are entitled to will be based only on the time you worked as a Staff Nurse (for example, if you were a Staff Nurse from December of 2002 to December 2003 and then a case manager from December 2003 to December 2006, you are a member of all three classes, but you only have a claim to a share of the settlement money based upon the amount of time you worked as a Staff Nurse. If you were a case manager or other type of supervisor for part of the class period *this does not mean you lose your status as a member of any of the Settlement Classes*, it merely limits the share of the settlement funds to which you will be entitled.).

If you only ever worked as an APN for one of the Defendant hospitals between December 12, 2002 and December 12, 2006, then you are only a member of the Oakwood Settlement Class and have no entitlement to share in the funds from the St. John or Bon Secours settlements.

If you worked for a Defendant hospital between December 2002 and December 2006 *only* as a managerial or supervisory nurse then you are *not* a member of any of these classes and received this Notice in error.

It is important to note that if you meet the definitions above, you are a member of these classes even if you never worked at a St. John hospital, a Bon Secours hospital, or an Oakwood hospital.  Staff Nurses employed by any Defendant hospital are members of all three Settlement Classes, and an APN employed by any Defendant hospital is a member of the Oakwood Settlement Class.

If you wish to understand any rights you may have to pursue any claim you may have for time you worked as a supervisory or managerial nurse at a Defendant hospital or as an APN at a Defendant hospital, you should seek advice from an attorney, at your own expense.

**Part 3:   What Are Your Rights and Duties, and What Do the Settlements Provide?**

### 3.1   What are my rights and options if I am a member of any Settlement Class?

Your rights and options are the same for each Settlement Class of which you are a member.  These rights and options can be exercised independently for each class of which you are a member, if you so desire (so, for example, if you were a Staff Nurse and hence are a member of all three Settlement Classes, you could chose to opt out of the St. John Settlement Class, stay in The Bon Secours Settlement Class but notify the Court of your objection to the settlement, and do nothing, thereby staying in the Oakwood Settlement Class without making any objection).  If you do nothing you will be considered to have elected to remain a member of all three Settlement Classes and to have no objections to the terms of any of the settlements.

| Summary of Your Legal Rights and Options under the Settlements: | |
|---|---|
| **Remain a Member of One or More Settlement Classes by Doing Nothing With Respect to Each Class You of Which You Desire to Remain a Member** | You do not need to do anything to remain a member of any of the Settlement Classes.  If you choose to remain a member of any Settlement Class, you are eligible to receive a share of the settlement amount from that settlement, after payment of attorneys' fees and other expenses.   By remaining in a Settlement Class, you will be bound by any decision of the Court with respect to that settlement and you will give up any legal rights you ever had, or hereafter may have, against the settling Defendant regarding the claims in this case. You may chose to remain a member of only certain Settlement Classes and exclude yourself for the others, as described below. |
| **Exclude Yourself ("Opt Out") (Postmarked by [_____])** | You have the right to exclude yourself from any or all of these Settlement Classes.  This is referred to as "opting out" of a settlement. The required procedure for opting out is set forth in Part 4 below.  If you opt out of any Hospital Defendant's settlement, you will not be entitled to receive any money from that settlement, but will retain the right to bring your own lawsuit (subject to any available defenses) against that Hospital Defendant for all claims that will otherwise be released if you participate in the Settlement.  You have no right to "object" to the terms of any settlement if you "opt out" of the corresponding Settlement Class. |
| **Object to One or More of the** | If you wish to object to any or all of these Settlements, you may (as discussed in Part 6 below) write to the Court and |

| | |
|---|---|
| **Settlements** <br> **(Filed with the Court and received by listed counsel by [_____])** | counsel about why you do not like any Settlement.  If you want to be represented by your own lawyer in this matter then you may hire one at your own expense. (See Part 6 for information about your right to object.) |
| **Hire Your own Lawyer** | You may, but are not required to, hire your own lawyer at your expense to advise you of your rights under any of the proposed settlements, including your right to intervene in this lawsuit.  You have the right to enter an appearance in the lawsuit through your lawyer if you wish. |
| **You May Seek Leave to Intervene** | You may (but are not required to) file a motion with the Court seeking leave to intervene as a party to the Litigation.  You must comply with the Federal Rules of Civil Procedure and other Court rules.  The Court will decide any such motion. |
| **You May Attend the Final Fairness Hearing (\_\_\_, \_\_, 2010)** | You may ask to speak in Court about the fairness of any settlement so long as you have not "opted out" of that settlement, but only if you first follow certain procedures described in Part 6 below. |

If you change your address, or if this notice was not mailed to your correct address, send your updated address, in writing and referencing the case name and number, to: Rust Consulting, Inc., re:  Detroit Nurses Antitrust Settlement; E.D. Mich. Case No. 06-15601; [street address or P.O. box, etc.]

## 3.2    What does the St. John Health settlement provide?

St. John Health has agreed to pay $13,583,475 for the benefit of the St. John Settlement Class (defined in Part 2.1 above).  However, the Agreement provides that if the Court later denies certification of a class comparable to that defined in Section 2.1 above in the lawsuit proceeding against the remaining five non-Settling Defendants, then this sum shall be reduced to $3,400,410.

In addition, the settlement agreement permits St. John to reduce the settlement amount or terminate the Settlement depending on how many nurses choose to opt out of the settlement, and also requires, subject to certain exceptions, that the settlement sum be reduced proportionately if Plaintiffs later enter a settlement agreement with any remaining Defendant that represents a lower percentage recovery from that Defendant than is to be paid by St. John.  Full details of these provisions can be found in the Settlement Agreement.

In exchange, St. John Settlement Class members (Staff Nurses at any Defendant hospital) give up all legal rights to sue St. John Health for the claims in this case.  St. John Health will be released from all claims of Settlement Class members arising from this case.

St. John Settlement Class members' rights against the non-settling Defendants are not affected.  This means that Plaintiffs will continue to pursue your full claims against the non-setting Defendants.  This applies even if you were never employed by any of the remaining non-settling Defendants, but only ever by a settling Defendant, such as St. John Health.  Under the antitrust laws you may recover the full amount of your damages (if any) from any Defendant, even if you have never worked in any of that Defendant's hospitals.

### 3.3    What does the Bon Secours settlement provide?

Bon Secours has agreed to pay $325,000 for the benefit of the Bon Secours Settlement Class (defined in Part 2.1 above).

In exchange, Bon Secours Settlement Class members give up all legal rights to sue Bon Secours for the claims in this case.  Bon Secours will be released from all claims of Bon Secours Settlement Class members arising from this case.

Just as stated above for the St. John Settlement Class, Bon Secours Settlement Class members' rights against the non-settling Defendants are not affected, and Plaintiffs will continue to pursue your full claims against the non-setting Defendants.

### 3.4    What does the Oakwood settlement provide?

Oakwood has agreed to pay $7,183,000 for the benefit of the Oakwood Settlement Class (described in Part 2.1 above).  In addition, the agreement permits Oakwood to terminate the Settlement depending on how many RNs choose to opt out of the settlement, and the settlement agreement requires, subject to certain exceptions, that the settlement sum be reduced proportionally if Plaintiffs later enter a settlement agreement with any Non-Settling Defendant that represents a lower percentage recovery from that Defendant than is to be paid by Oakwood.

Oakwood will further agree, through January 4, 2012, not to sponsor any surveys of Class Member wages unless such surveys meet specified criteria, and to other injunctive relief set forth in the Settlement Agreement.

In exchange, Oakwood Settlement Class members give up all legal rights to sue Oakwood for the claims in this case.  Oakwood will be released from all claims of Oakwood Settlement Class members arising from this case.

Oakwood Settlement Class members' rights against the Non-Settling Defendants are not affected. If you were ever a Staff Nurse at any Defendant hospital, Plaintiffs will continue to pursue your full claims against the non-setting Defendants. However, as to any claim you may have for time you were employed as an APN by any other Defendant Hospital, while this Settlement does not extinguish that claim against any Defendant Hospital,

other than Oakwood, Plaintiffs have chosen not to no longer pursue any such claim in this litigation.

### 3.5    When will I receive any money from a settlement if I do not opt out?

No funds will be distributed to Settlement Class members at this time.  Payment is conditioned on several contingencies, including the Court's approval of the Settlements and such approval becoming final.  Accordingly, a precise payment date cannot be estimated at this time.

If the Court finally approves any or all of the three settlements, it is Class Counsel's intention to evaluate at that time whether the class's interest is better served by distributing some or all of these funds upon final approval of these settlements by the Court, or to hold the funds received from these settlements in an interest-bearing escrow account until it is determined whether there will be additional settlements with, or judgments against, some of the remaining non-settling Defendants.  That evaluation cannot be made until the Court has issued its rulings.

Plaintiffs will submit a detailed Plan of Allocation to the Court for approval prior to any distribution of the Net Settlement Fund.  Shortly after the Plan of Allocation is submitted to the Court, it will be distributed to members of all relevant Settlement Classes for approval, provided online at www.detroitnursewages.com, or can be obtained by contacting Class Counsel at the address listed at the end of this Notice.

The Plan of Allocation will describe the manner by which the Net Settlement Fund will be distributed to Class Members.  In general terms, the Net Settlement Fund will be allocated to Class Members on a pro rata basis such that the amount received by each Class Member will depend on his or her calculated loss compared to the total losses sought to be recovered in the Class Action.  If the Net Settlement Fund combined with any recovery on behalf of the Class is less than the total losses alleged to be suffered in the Class Action, each Class Member's proportionate recovery will be less than his or her alleged loss.  You are not responsible for calculating the amount you may be entitled to receive under the Settlement.  This calculation will be done as part of the implementation of the Settlement, and will be based on data from Defendants' human resources and payroll databases and related records that were provided by Defendants to Class Counsel as part of the Litigation.

### 3.6    What happens if one or more additional Defendants decide to settle? Will I be a part of those settlements?

If another Defendant settles the case, you will first receive Notice of the settlement, which will describe the settlement's terms and your rights and options. If you are a member of one of the Settlement Classes described in this Notice, this does not necessarily mean you will be a member of any future settlement class. Each Notice will include a description of the settlement class appropriate to that settlement.  Whether you

will be able to participate in any future settlements will depend on the specific terms of those settlements, which may be different than the terms of any of the three settlements discussed in this Notice.

If you exclude yourself from any of these three Settlement Classes (see "Excluding Yourself from the Settlement," Part 4 below), this does not affect your ability to participate in any future settlements with any other Defendant.

### 3.7    How can I get a payment?

You do not need to file a claim for recovery.  However, some Class Members may be asked to provide limited additional information required to implement the Plan of Allocation and determine their entitlement to a share of the Net Settlement Fund.  If you are a Class Member entitled to a share of the Net Settlement Fund, your share will be determined according to the Court-approved Plan of Allocation and then sent to you.  If you change your home address after receiving this Notice (or if this was forwarded to you by the post office at a forwarding address other than that appearing on the original label), please notify the Claims Administrator of your new address by writing to: Rust Consulting, Inc., re:  Detroit Nurses Antitrust Settlement; E.D. Mich. Case No. 06-15601; [street address or P.O. box, etc.]

---

### Part 4: Excluding Yourself or "Opting Out" From Any Of The Settlements

---

**If you wish to remain in the all three Settlement Classes, you do not need to do anything at this time.**  As a member of any of these Classes, you will not be responsible for attorneys' fees or litigation expenses, as further described in Part 5.2 below.  If you do **not** want to remain in any or all of the Settlement Classes and share in any eventual payment from this Settlement, or you want to reserve your right to sue any of the Settling Defendants for any of the Released Claims, then you must take steps to exclude yourself. This is also called "opting out".

### 4.1    What does it mean to opt out or exclude yourself from one of the settlements?

You have the right to exclude yourself from any or all of the three Settlement Classes.

If you do not want to be a member of any or all of the Settlement Classes, or if you want to be able to start your own suit or be part of a different lawsuit against any or all of the Settling Defendants involving the same claims in this lawsuit, then you must take steps to remove yourself from the appropriate Settlement Class or Classes.  If you elect to be excluded from any of the three Settlement Classes: (1) you will not be legally bound by anything that happens in the lawsuit against the settling Defendant(s) in the agreement(s) from which you exclude yourself; (2) you will not be able to object to any settlement from which you have asked to be excluded; (3) if the proposed Settlement Agreements are finally approved, you will not be entitled to share in the settlement funds from any

settlement(s) from which you excluded yourself and (4) you will no longer be represented by Class Counsel as to your legal claims, if any, against the particular the particular Settling Defendant(s), which will no longer be included in the Litigation.

Your claims against the five Non-Settling Defendants are not affected in any way by any decision you make whether to stay in or opt out of any of these Settlement Classes. If the Court later certifies a class in the continuing lawsuit against the Non-Settling, you will receive a separate notice of that fact from the Court and be presented with all relevant options at that time.

### 4.2    How do I exclude myself from one of the settlements?

To opt out of any Settlement, you must send a letter by mail saying that you want to be excluded from the one or more Settlement, which must be **mailed** to:

> *Pat Cason-Merenda, et al. v. Detroit Medical Center, et al.*
> Detroit Nurses Antitrust Action/ St. John Health, Bon Secours and Oakwood Class Settlements
> c/o Rust Consulting, Inc. [Address]

The written request must include your name and address, and specifically identify which settlement(s), the St. John Health Settlement, the Oakwood Settlement and/or the Bon Secours Settlement, you wish to opt-out of. Your request may also state that you wish to be excluded from "all three Settlement Classes." The written request for exclusion must be post-marked no later than [_____].

You cannot exclude yourself by telephone or by e-mail. You cannot opt out of the Class after the deadline set forth above. You cannot wait to see what you would get paid as a Class Member before you decide whether or not to opt out. If you do not opt out and any Settlement becomes final, your related claims against the respective Settling Defendants will be released (extinguished).

---

| Part 5: The Lawyers Representing The Classes. |
| --- |

### 5.1    Do I have a lawyer in this case?

The following firms have been appointed by the Court to represent the Settlement Classes (called "Class Counsel") for the purposes of these Settlements:

> **Keller Rohrback L.L.P.**
> 1201 Third Ave., Suite 3200
> Seattle, WA 98101
> (800) 231-5970

**Cohen Milstein Sellers & Toll, PLLC**
1100 New York Avenue, NW, Suite 500
Washington, DC 20005

**James & Hoffman, P.C.**
1101 17th Street, NW, Suite 510
Washington, DC 20036

In addition, **Stephen F. Wasinger PLC,** 26862 Woodward Avenue, Suite 100, Royal Oak, MI 48067, has been appointed to represent the Settlement Classes as Liaison Counsel.

You will not be personally charged for the services of Class Counsel. If you want your own lawyer, you may hire one at your own expense.  You have the right to enter an appearance in the case through your lawyer if you wish.

### 5.2    How will the lawyers be paid?

Keller Rohrback L.L.P. Cohen Milstein Seller & Toll, PLLC, and Stephen F. Wasinger PLC are representing the Settlement Class on a contingent fee basis.  James & Hoffman, PC is also representing the Settlement Class on a contingent fee basis but it also partially being paid on a reduced hourly fee basis, paid by a third party.  Class Counsel will be making an application for attorneys' fees in an amount not to exceed 33% of the Settlement Fund.  This fee application will be posted online at www.detroitnursewages.com at least 45 days prior to the date set by the Court for a hearing thereon.  (Class Counsel may also seek an award of fees from any other settlements that are achieved in the Litigation.)  In addition to its fee request, Class Counsel will make one or more applications to the Court for reimbursement from the Settlement Fund for various expenses incurred in the prosecution and settlement of the claims against Hospital Defendants, as provided for in the Settlement Agreements.  Plaintiffs will share in the allocation of the money on the same basis and to the same extent as all other Class Members except that, in addition, Class Counsel will request that the Court grant the Plaintiffs incentive awards for the work they have undertaken on behalf of the Class.  The Court may approve, deny or modify any of these requests.

---

| Part 6: Objecting to a Settlement. |
| --- |

### 6.1    If I do not like one or more of the settlements, how do I tell the Court?

If you are a member of the St. John Health Settlement Class and do not opt out of the Settlement Class, you may object to the terms of the Settlement Agreement prior to final approval.

If you are a member of the Bon Secours Settlement Class and do not opt out of the Settlement Class, you may object to the terms of the Settlement Agreement prior to final approval.

If you are a member of the Oakwood Settlement Class and do not opt out of the Settlement Class, you may object to the terms of the Settlement Agreement prior to final approval.

**To object, you must send a letter or other written statement saying that you object to a Settlement**.  Be sure to include (a) the case name and number (*Cason-Merenda, et al. v. Detroit Medical Center et al.*, Case No. 06-15601); (b) your name, address, telephone number, signature, (b) which Settlement(s) you are objecting to, and (c) a full explanation of all reasons why you object to the Settlement(s).  **Your written objection must be filed with the Court and mailed to counsel listed below, so as to be received by no later than [_____], at the following addresses:**

*Clerk of the Court:*

United States District Court for the Eastern District of Michigan
Clerk's Office
Theodore Levin U.S. Courthouse
231 W. Lafayette Blvd., Room 564
Detroit, MI 48226

| *Plaintiffs' Class Counsel: Healthcare, Inc.:* | *Counsel for Defendant Oakwood* |
|---|---|
| Mark A. Griffin, Esq. | Howard B. Iwrey, Esq. |
| KELLER ROHRBACK L.L.P. | DYKEMA GOSSETT PLLC |
| 1201 Third Avenue, Suite 3200 | 39577 Woodward Avenue, Suite 300 |
| Seattle, WA 98101-3052 | Bloomfield Hills, MI 48304 |
| *Counsel for Defendant Bon Secours* | *Counsel for Defendant St John Health* |
| Shari Ross Lahlou | Michael Shumaker |
| CROWELL & MORNING LLP | JONES DAY |
| 1001 Pennsylvania Ave. N.W. | 51 Louisiana Ave. NW |
| Washington D.C. 2004 | Washington D.C. 2001 |

You may hire your own lawyer or lawyers at your own expense to file an objection on your behalf or to appear at the Final Fairness Hearing (see below).

**6.2    What is the difference between objecting and excluding?**

Objecting is simply telling the Court that you do not like something about a settlement. You can object only if you do not exclude yourself from the Settlement Class to which you are objecting. Excluding yourself is telling the Court that you do not want to be part of the Settlement Class. If you exclude yourself, you have no basis to object because the settlement no longer affects you.

---

**Part 7: The Court's Fairness Hearing.**

---

**7.1    When and where will the Court decide whether to approve the St. John Health, Bon Secours and Oakwood settlements?**

The Court will hold a hearing at the United States District Court for the Eastern District of Michigan, 231 West Lafayette Blvd., Detroit, MI 48226, on _____, 2010 at _____ a.m. in Courtroom ___, to determine whether the proposed settlements should be approved as fair, adequate, and reasonable. The Court might change the time and place of the hearing. If so, a notice of such change will be posted online at www.detroitnursewages.com if known at least five business days before the hearing. Picture I.D. may be required for entry into the courthouse and cell phones are not allowed. The hearing may also be continued without further notice.

**7.2    Do I have to come to the hearing?**

No. Class Counsel or Counsel for the Settling Defendants will answer any questions the Court may have. However, you may come at your own expense. If you send a written objection, you do not have to come to the Court to talk about it. As long as you mailed your written objection on time, following the instructions in Part 6.1 of this Notice, the Court will consider it. You may also pay your own lawyer to attend, if you wish.

**7.3    May I speak at the hearing?**

If you are a Class Member, you may ask the Court for permission to speak at the Final Fairness Hearing, in person or through your own lawyer. To do so, you (or your lawyer) must send a letter or other paper called a "Notice of Intention to Appear at Final Fairness Hearing in *Cason-Merenda, et al. v. Detroit Medical Center et al.*, Class Settlement, Case No. 06-15601." Be sure to include your name, address, telephone number, and your signature. Your Notice of Intention to Appear must be served on the attorneys listed in Section 6.1 above, and must be filed with the Clerk of the Court at the address listed in Section 6.1 above, at least ten business days before the Final Fairness Hearing.

You cannot speak at the hearing if you exclude yourself from all three Settlement Classes, and cannot speak as to any Settlement Class from which you have opted out.

**Part 8: What Happens If I Do Nothing At All?  What Is The Release Of Claims?**

If you are a member of one or more of the Settlement Classes and you do nothing, your rights will be affected.  For any Settlement Class from which you have not decided to opt out, you will be entitled to share in the recovery created by the settlement, but you also will be bound by the terms of the settlement.  This specifically includes, for each settlement separately, agreeing to the Release provision contained in Paragraph 31 of the St. John Settlement Agreement, Paragraph 49 of the Oakwood Settlement Agreement, and Paragraph 40 of the Bon Secours Settlement Agreement.  By agreeing to these provisions, you will be giving up your legal rights against St. John, and/or Bon Secours, and/or Oakwood under federal or state law based on the matters that are the subject of this lawsuit.  If you remain in all three Settlement Classes, you will be deemed to have entered into these releases and may not seek to institute, maintain, prosecute, or continue to maintain or prosecute any suit, action, or other proceeding, or collect from or proceed against St. John, Oakwood, or Bon Secours based on the matters that are the subject of this lawsuit.

**Part 9: How Can I Get More Information On The Settlements?**

This Notice is only a summary of the proposed settlement with St. John, Oakwood or Bon Secours.  You may obtain copies of any of these three Settlement Agreements at www.detroitnursewages.com or by contacting Class Counsel:

>     Mark Griffin, Esq.
>     KELLER ROHRBACK LLP
>     1201 Third Avenue, Suite 3200
>     Seattle, Washington 98101-3052
>     (800) 231-5970

Each of these Settlement Agreements is also on file with the Clerk of the Court.

**EXHIBIT B**

**Legal Notice**

## Attention Nurses Employed by a Hospital in the Detroit Area Between December 12, 2002, and December 12, 2006

*Your Rights Could Be Affected by a Class Action Settlement*

Registered nurses ("RNs") employed at any time between 12/12/2002 through 12/12/2006 in a non-managerial/non-supervisory capacity at the following Detroit-area hospitals, have been proposed as settlement plaintiffs' class in the lawsuit *Cason-Merenda, et al., v. Detroit Medical Center, et al.*, Case No. 06-15601, that is pending in the U.S. District Court for the Eastern District of Michigan (the "Court"):

- **Detroit Medical Center**
- **Henry Ford Health System**
- **Mount Clemens General Hospital, Inc.**
- **St. John Health**
- **Oakwood Healthcare, Inc.**
- **Bon Secours Cottage Health Services**
- **William Beaumont Hospital, and**
- **Trinity Health Corp.**

The eight hospitals listed above are the Defendants in the case. The lawsuit alleges that RNs were underpaid in violation of the federal antitrust laws. Defendants deny these claims and deny any wrongdoing whatsoever. There has been no finding of any wrongdoing by the Court at this time.

To avoid the ongoing costs, distraction, and risks of litigation, three of the defendants --Oakwood Healthcare, Inc. ("Oakwood"), St John Health and Bon Secours Cottage Health Services -- have agreed to settle the lawsuit with the Class, which settlements have been preliminarily approved by the Court. Under the proposed settlements: Oakwood will pay $7.183 million into a settlement fund and has agreed to certain limited injunctive relief; St John Health (and its parent, Ascension Health) will pay $13,583,475 million into a settlement fund (with a potential reduction in this amount to $3,405,410 based upon certain contingencies); and Bon Secours will pay $325,000 into a settlement fund. Please see the website listed below for additional information on whether you fall into one or more of these settlement classes. A final fairness hearing has been set for [date] at the Theodore Levin U.S. Courthouse, 231 W. Lafayette Blvd., Detroit, Michigan, in courtroom _____. At that time the Court will determine whether finally to certify the classes as to each settlement, whether to approve each settlement as fair, reasonable, and adequate, and whether to approve payment from the settlement fund of certain attorneys' fees and costs to Class Counsel. If you are a member of one or more of the classes, you may (but are not required to) "opt out" of the respective classes as to any or all of these settlements. If you do **not** opt out of a Settlement class for one of the settling defendants, and that settlement is approved, you will automatically receive any pro rata share of the settlement amount provided by that settling defendant (after payment of approved costs and fees) due to you and will release any related claims as to that settling defendant. If you do not opt out, you may also oppose or support the settlement or retain your own lawyer to represent you.

**This is only a Summary Notice of the Settlement**

The full terms of these Settlement Agreements, a full Notice (including important deadlines that could affect your rights) and other related documents and information are available at www.detroitnursewages.com, or by contacting the settlement administrator: Rust Consulting, Inc., Detroit Nurse Antitrust Action/Oakwood Class Settlement [Address indicated by Rust].