# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

PAT CASON-MERENDA and
JEFFREY A. SUHRE, on behalf of
themselves and others similarly
situated,

Case No. 06-15601

Hon. Gerald E. Rosen

     Plaintiffs,

v.

DETROIT MEDICAL CENTER, *et al.,*

     Defendants.

_____/

## ORDER DENYING DEFENDANTS' MOTION
## FOR LEAVE TO FILE SUR-REBUTTAL REPORT

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on      March 31, 2010

PRESENT: Honorable Gerald E. Rosen
                  Chief Judge, United States District Court

Under an April 15, 2008 stipulated order establishing a case schedule in this action, Defendants were granted a right to "seek leave to submit a sur-rebuttal expert report to address any new issues raised in plaintiffs' rebuttal expert reports." (4/15/2008 Stipulated Order at 2 n.1.) Through the present motion, certain of the Defendants have exercised this right, requesting leave to file a sur-rebuttal report prepared by their expert, Daniel Rubinfeld, Ph.D.[1] Plaintiffs oppose this request, arguing that Defendants' request

---

[1] While only some, but not all, of the Defendants have brought the present motion, the Court refers to this subset of the Defendants as the "Defendants" throughout the remainder of

for leave was untimely brought, and that, in any event, the rebuttal reports of their experts did not raise any "new issues" that would justify Defendants' submission of a sur-rebuttal report. For the reasons set forth below, the Court agrees with Plaintiffs that Defendants' motion should be denied.

Under the April 15, 2008 stipulated order, as subsequently amended in several respects, the parties were given certain deadlines by which to produce their initial expert reports, and these were followed by a deadline by which Plaintiffs were to produce their rebuttal expert reports.[2] This order further provided that "Plaintiffs' rebuttal expert reports shall not raise any new issues," but it supplied two avenues of relief — either a deposition of Plaintiffs' expert or a motion for leave to submit a sur-rebuttal report — by which Defendants could "address any new issues raised in plaintiffs' rebuttal expert reports." (4/15/2008 Stipulated Order at 2 n.1.) After Plaintiffs produced their rebuttal reports on March 20, 2009, defense counsel contacted Plaintiffs' counsel a few days later, requesting that Plaintiffs agree to Defendants' submission of a sur-rebuttal report addressing the purportedly "new" issues raised in Plaintiffs' rebuttal reports. When further discussions failed to secure Plaintiffs' concurrence in this requested relief, Defendants filed the present motion on April 24, 2009, accompanied by the proposed sur-

---

this order.

[2]Specifically, under the terms of the April 15, 2008 order and a subsequent October 27, 2008 order, Plaintiffs were to produce their expert reports by November 24, 2008, Defendants were to produce their expert reports by February 9, 2009, and Plaintiffs were to produce their rebuttal expert reports by March 20, 2009. Both sides evidently met these deadlines.

rebuttal report of their expert, Dr. Rubinfeld.

The Court agrees with Plaintiffs that this motion and accompanying report were not timely submitted. Under the subsection of Federal Rule of Civil Procedure 26 governing expert disclosures, any such expert disclosure that "is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B)" must be made "within 30 days after the other party's disclosure." Fed. R. Civ. P. 26(a)(2)(C)(ii). Plaintiffs' rebuttal reports plainly qualified as disclosures under Rule 26(a)(2)(B) — a provision requiring the production of written expert reports — and so it seemingly follows that Defendants were required to produce any sur-rebuttal reports within 30 days after Plaintiffs produced their rebuttal reports on March 20, 2009. Yet, Defendants did not file the present motion and accompanying sur-rebuttal report until April 24, 2009, five days after this 30-day deadline.

This delay, though relatively modest in absolute terms, was significant in its practical consequences. The same day Defendants filed the present motion and proposed sur-rebuttal report, they also filed several dispositive and *Daubert* motions, at least some of which rely to some degree on Dr. Rubinfeld's proposed sur-rebuttal report.[3] Moreover, Plaintiffs filed their own *Daubert* motions that same day, along with a motion

---

[3]The April 24, 2009 filing of these dispositive and *Daubert* motions was the result of the Court's March 30, 2009 order granting Defendants' request for an 18-day extension of the deadline for filing motions, which previously had been set for April 6, 2009. But for the grant of this extension, Defendants would have been compelled either (i) to file their dispositive and *Daubert* motions without the benefit of Dr. Rubinfeld's proposed sur-rebuttal report, or (ii) to secure and produce this proposed report prior to the April 6 motion filing deadline.

for class certification, without an opportunity to review Dr. Rubinfeld's proposed report before making these submissions. Under these circumstances, the Court is not inclined to overlook Defendants' five-day delay, even assuming that it were authorized to do so under Rule 26(a)(2)(C)(ii).

In an effort to avoid this result, Defendants make two arguments, neither of which is persuasive. First, they note that the usual 30-day deadline of Rule 26(a)(2)(C)(ii) may be extended by "a stipulation or a court order," Fed. R. Civ. P. 26(a)(2)(C), and they suggest that the April 15, 2008 stipulated order serves as the requisite "court order." Under that order, Defendants' expert reports were due on January 9, 2009, and Plaintiffs' rebuttal expert reports were due on February 20, 2009.[4] Given this span of over 40 days between Defendants' expert reports and Plaintiffs' rebuttal reports — the latter of which plainly would qualify as "intended solely to contradict or rebut evidence on the same subject matter identified by another party," Fed. R. Civ. P. 26(a)(2)(C)(ii) — Defendants surmise that the April 15, 2008 more broadly supplanted the usual 30-day limit for the production of *any* rebuttal reports, including their proposed sur-rebuttal report. Yet, the specific deadline set forth in the April 15, 2008 order for the production of one round of expert reports cannot plausibly be read as a blanket extension of the deadline for the submission of *any and all* subsequent expert reports, in contravention of the express 30-

---

[4]As noted earlier, these deadlines were subsequently amended in an October 27, 2008 order.

day limit set forth in Rule 26(a)(2)(C)(ii).[5]  Likewise, to the extent that Defendants seize upon the failure of the April 15, 2008 order to specify a deadline or time limit for seeking leave to submit a sur-rebuttal report, the Court is hard-pressed to see how this silence could be viewed as an "order" extending the Rule's usual 30-day time limit for rebuttal.

Next, and somewhat more promisingly, Defendants point to Plaintiffs' April 16, 2009 production of an "errata sheet" to the rebuttal report of their expert, Orley Ashenfelter, Ph.D., and they argue that this disclosure "amounted to a second substantive rebuttal" which triggered a renewed 30-day period for submitting a sur-rebuttal report. (Defendants' Reply Br. at 5.)  While this might be true as far as it goes, any resulting sur-rebuttal report presumably would be limited "solely to contradict[ing] or rebut[ting]," Fed. R. Civ. P. 26(a)(2)(C)(ii), any new points raised in this errata sheet.  Dr. Rubinfeld's proposed sur-rebuttal report sweeps far more broadly than this, however, addressing matters from the errata sheet in just over one of its 18 pages.  The Court declines to permit a very small tail to wag a fairly large dog, particularly where Defendants have not offered to produce a shorter sur-rebuttal report that is limited to the scope of Professor Ashenfelter's errata sheet.

Finally, apart from the question of timeliness, Plaintiffs contend that the rebuttal

---

[5]Taking Defendants' argument to its logical conclusion, the Court's October 27, 2008 order — with its gap of only 39 days between the production Defendants' expert reports and the production of Plaintiffs' rebuttal expert reports — operated *sub silentio* to shrink by a couple of days the earlier 40+ day limit for the submission of rebuttal reports, and this math would have to be re-done whenever the Court amended these deadlines.  This is a far-fetched reading of orders with specific deadlines, to say the least.

5

reports of their experts do not raise any new issues that would trigger Defendants' opportunity to seek leave to submit a sur-rebuttal report. The Court declines to embark upon a comprehensive point-by-point analysis of whether each of the matters addressed in Dr. Rubinfeld's proposed 18-page sur-rebuttal report could properly be viewed as rebutting an issue that was raised for the first time in Plaintiffs' rebuttal reports. Rather, it suffices to say that, upon reviewing Plaintiffs' rebuttal reports and Defendants' proposed sur-rebuttal report, the Court has concluded that the latter is not narrowly tailored exclusively to the "new issues" arguably raised in the former. Even if, as Plaintiffs come close to acknowledging, a modest sur-rebuttal report might have been warranted in light of the arguably "new" issues raised by Plaintiffs' experts, the Court agrees with Plaintiffs that Defendants' proposed submission substantially exceeds this limited function, to the point that it raises legitimate and non-trivial concerns of trial (or, more accurately, dispositive motion practice) by ambush.

Not surprisingly, and quite understandably, each side wishes to have the last word on the issues addressed by the parties' experts. Yet, this Court's scheduling orders plainly anticipated that Plaintiffs' experts would have the opportunity to rebut the matters addressed in the reports of Defendants' experts, and not vice versa, and the Court cannot say that Plaintiffs and their experts clearly exceeded the scope of this grant in their rebuttal reports. Consequently, the Court finds that these rebuttal reports do not provide a basis for granting Defendants leave to submit the proposed sur-rebuttal report prepared

by Dr. Rubinfeld.

For these reasons,

NOW, THEREFORE, IT IS HEREBY ORDERED that Defendants' April 24, 2009 motion for leave to file sur-rebuttal report (docket #367) is DENIED. In accordance with this ruling, Defendants' proposed sur-rebuttal report will play no role in the Court's consideration and resolution of the parties' pending dispositive, class certification, and *Daubert* motions.

                            s/Gerald E. Rosen
                            Chief Judge, United States District Court

Dated: March 31, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 31, 2010, by electronic and/or ordinary mail.

                            s/Ruth A. Gunther
                            Case Manager