UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| PAT CASON-MERENDA and JEFFREY A. SUHRE on behalf of themselves and others similarly situated,<br>　　　　　　　　　　Plaintiffs,<br>　　v.<br><br>DETROIT MEDICAL CENTER, HENRY FORD HEALTH SYSTEM, MOUNT CLEMENS GENERAL HOSPITAL, INC., ST. JOHN HEALTH, OAKWOOD HEALTHCARE INC., BON SECOURS COTTAGE HEALTH SERVICES, WILLIAM BEAUMONT HOSPITAL and TRINITY HEALTH CORP.<br>　　　　　　　　　　Defendants. | Case No. 06-15601<br><br>Hon. Gerald E. Rosen<br><br>Magistrate: Donald A. Scheer |

**ORDER AWARDING REIMBURSEMENT OF COSTS
AND INCENTIVE PAYMENTS**

　　　　WHEREAS, this matter came before the Court for hearing pursuant to the Order Preliminarily Approving Class Settlement dated March 16, 2010 (the "Preliminary Approval Order"), on the application of the parties for approval of three Settlements set forth in (1) the Amended Settlement Agreement and Release dated March 17, 2010 entered into by Lead Plaintiffs Pat Cason-Merenda and Jeffrey Suhre, on behalf of themselves and the Oakwood Settlement Class (as defined in the Preliminary Approval Order), and defendant Oakwood Healthcare, Inc. ("Oakwood"); in (2) the Settlement Agreement dated August 24, 2009 entered into by Lead Plaintiffs Pat Cason-Merenda and Jeffrey Suhre, on behalf of themselves and the St. John Settlement Class (as defined in the Preliminary Approval Order), and defendant St. John Health ("St John"); and (3) the Class Settlement Agreement and Release dated September 9, 2010 entered into by Lead Plaintiffs Pat Cason-Merenda and Jeffrey Suhre, on behalf of

1

themselves and the Bon Secours Settlement Class (as defined in the Preliminary Approval Order), and defendant Bon Secours Cottage Health Services ("Bon Secours"); and

WHEREAS, this matter came also before the Court for hearing pursuant to the Preliminary Approval Order, on the application of the Plaintiffs for Reimbursement of Expenses and Payment of Incentive Awards to Named Plaintiffs; and

WHEREAS, due and adequate notice having been given to the Class, which was preliminarily certified by the Court for settlement purposes, as required in the Preliminary Approval Order, and copies of Plaintiffs' Motion for Reimbursement of Expenses and Payment of Incentive Awards to Named Plaintiffs having been made publically available on the internet, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1. Class Counsel are hereby awarded a total of $1,837,870.69, one half of expenses incurred to date, as partial reimbursement of expenses. The foregoing award of expenses shall be paid to Class Counsel from the Settlement Fund jointly created by the Oakwood Settlement, the St. John Settlement, and the Bon Secours Settlement.  The award of expenses shall be allocated among Plaintiffs' Counsel as determined by Class Counsel.

2. In making this award of reimbursement of expenses to be paid from the Settlement Fund, the Court has considered and found that:

   (a) the Oakwood Settlement has created a fund of $7,183,000 in cash (less previously-authorized settlement costs) that is already on deposit, plus interest thereon, and that numerous Class members will benefit from the Settlement;

(b) the St John Settlement has created a fund of at least $3,400,410 in cash, and possibly as much as $13,583,475 in cash, (less previously-authorized settlement costs) that is to be deposited on final approval of the settlement, and that numerous Class members will benefit from the Settlement;

(c) the Bon Secours Settlement has created a fund of $325,000 in cash (less previously-authorized settlement costs) that is already on deposit, plus interest thereon, and that numerous Class members will benefit from the Settlement;

(d) Over 23,000 copies of the Notice were disseminated to putative Class Members, a summary Notice was published in the Midwest edition of Nursing Spectrum magazine, and copies of the Notice were posted online indicating that Class Counsel would move for attorneys' fees not to exceed 33% of the Settlement Fund and reimbursement of expenses from the Settlement and seek payment of incentive awards to the Named Plaintiffs, and a copy of Plaintiffs' Motion for Reimbursement of Expenses and Payment of Incentive Awards to Named Plaintiffs has been publically posted in the internet and no objections were filed against the terms of the proposed Settlement as described in the Notice or the application for cost reimbursement and for payment of incentive awards;

(e) Class Counsel have conducted the litigation and achieved the Settlement with skill, perseverance and diligent advocacy;

(f) The Action involves complex factual and legal issues and was actively prosecuted over two years prior to reaching any of these settlements and, in the absence of settlement, would involve further lengthy proceedings with uncertain resolution of the complex factual and legal issues;

(g) Had Class Counsel not achieved the settlements there would remain a significant risk that Lead Plaintiffs and the Class may have recovered less or nothing at all from the each settling defendant; and

(h) The amount of expenses reimbursed from the Settlement Fund reflect costs advanced by Plaintiffs' Counsel in litigating this case to date and are fair and reasonable and consistent with awards in similar cases; and

(i) Despite notifying the Classes that they might seek attorney fees of up to 33% of the Settlement Fund as well as reimbursement of expenses incurred, in fact Class Counsel are not seeking an award of any fees at this time.

3. Pat Cason Merenda and Jeffrey Suhre have performed a valuable service to members of the settlement classes.  Both have shown themselves to be highly motivated to serve the interests of the class and each has already dedicated substantial time and effort in pursuing this litigation.  These nurses have each produced large quantities of documents, preserved documents, responded to multiple rounds of interrogatories, appeared for full day depositions, attended meetings, hearings, and mediations, reviewed as well as provided input on pleadings, and have generally assisted with multiple aspects of this litigation.  Further, as recognized by multiple courts, the service provided by these nurses who were willing to step forward and represent the class is particularly important in a context where almost all class members are employed by the Defendant hospitals and it is likely that fear of retaliation would deter a substantial number of these individuals from filing their own actions.  *See  Rosiles-Perez v. Superior Forestry Service, Inc.,* 250 F.R.D. 332, 348 (M.D. Tenn. 2008).  Ms. Cason-Merenda and Mr. Suhre are therefore each awarded $7,500 for their services to the settlement classes. The

5

foregoing award shall be paid from the Settlement Fund jointly created by the Oakwood Settlement, the St. John Settlement, and the Bon Secours Settlement.

      SO ORDERED.

                                               s/Gerald E. Rosen
                                               Hon. Gerald E. Rosen
                                               Chief Judge, United States District Court

Dated:  September 8, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 8, 2010, by electronic and/or ordinary mail.

        s/Ruth A. Gunther
        Case Manager