**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

PAT CASON-MERENDA and
JEFFREY A. SUHRE,

       Plaintiffs,               Case No. 06-15601
                                       Hon. Gerald E. Rosen
vs.                                     Magistrate Judge Donald A. Scheer

DETROIT MEDICAL CENTER, *et al.,*

       Defendants.
_____/

**OPINION AND ORDER OVERRULING PLAINTIFFS' OBJECTION TO
MAGISTRATE JUDGE'S ORDER DENYING PLAINTIFFS' MOTION TO
DECLARE ATTORNEY-CLIENT PRIVILEGE INAPPLICABLE OR WAIVED**

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on     September 30, 2010

PRESENT: Honorable Gerald E. Rosen
                   Chief Judge, United States District Court

## I. INTRODUCTION

By order dated February 24, 2009, Magistrate Judge Donald A. Scheer denied Plaintiffs' motion seeking a determination that a document inadvertently produced by Defendant Henry Ford Health System during discovery — specifically, a memo authored by David Lee, an in-house attorney for Defendant Henry Ford — is not protected by the attorney-client privilege or, alternatively, that any such privilege has been waived on one or more grounds. Plaintiffs now object to this order, arguing: (i) that the Magistrate Judge erred in determining that the first paragraph of this document is privileged, where

the information disclosed in this paragraph purportedly was obtained from a source other than the client, Henry Ford; (ii) that the Magistrate Judge erred in concluding that Henry Ford did not waive the attorney-client privilege through its inadvertent production of the document in discovery; and (iii) that the Magistrate Judge erroneously failed to find a waiver of privilege by virtue of Henry Ford's dissemination of the document to employees who purportedly lacked a "need to know" the contents of this memo. As discussed below, the Court finds no basis for disturbing the Magistrate Judge's rulings on these points.

## II. ANALYSIS

### A. Standard of Review

Under 28 U.S.C. § 636(b)(1)(A), a district court may reverse a magistrate judge's order only if it is "clearly erroneous or contrary to law." *See United States v. Curtis,* 237 F.3d 598, 603 (6th Cir. 2001). A magistrate judge's finding "will be deemed clearly erroneous only when, although there may be some evidence to support the finding, the reviewing court, upon review of the entire record, is left with the definite and firm conviction that a mistake has been committed." *United States v. Hurst,* 228 F.3d 751, 756 (6th Cir. 2000).

### B. The Magistrate Judge Did Not Err in Determining That Mr. Lee's Memo Is Protected by the Attorney-Client Privilege.

As noted, the document at issue here is an August 25, 2003 memo written by David Lee, Defendant Henry Ford's in-house counsel. Although the Magistrate Judge

2

held that this document is protected in its entirety by the attorney-client privilege, Plaintiffs challenge only the privileged status of the first paragraph of this memo, other than its first sentence. All are agreed that this first paragraph is based upon a memo authored by the law firm of McDermott, Will & Emery ("MWE") and sent to both Mr. Lee and his counterpart in-house counsel at Defendant William Beaumont Hospital, Thomas McAskin. Specifically, in the first paragraph of his memo, Mr. Lee refers to information obtained by MWE in the course of discovery in an earlier, unrelated case in which the firm acted as outside counsel for both Henry Ford and Beaumont under a joint defense agreement.[1] It is evident from Mr. Lee's memo that MWE obtained at least some of this information from documents found at Beaumont, and the record further reveals that the MWE memo also was based in part on an interview of a Beaumont employee. In addition, the Magistrate Judge concluded after an *in camera* review of the MWE memo that this memo incorporated information learned from a Henry Ford vice president, John Hayden.

The Magistrate Judge cited two separate grounds for determining that Mr. Lee's memo is protected by the attorney-client privilege. First, the Magistrate Judge adopted a relatively broad view of the privilege as encompassing "attorney communications containing legal advice to the client, regardless of whether [they] expressly reveal[] client

---

[1] In this earlier litigation, dating back to 2003, Henry Ford and Beaumont were alleged to have been involved in a conspiracy to fix compensation for hospital residents, and these two hospitals retained MWE to represent them under a joint defense agreement.

confidences." (2/24/2009 Order at 4.) Under this view, the Magistrate Judge reasoned that it did not matter whether a portion of the information cited in the memo might have come from a third party, Beaumont, because the memo as a whole qualified as "the communication of legal advice from an attorney to his client." (*Id.* at 5.) Alternatively, the Magistrate Judge found that the MWE firm's memo to Mr. Lee and his in-house counterpart at Beaumont — which, as noted, was the principal source of the information contained in the first paragraph of Mr. Lee's memo — was "expressly based, in substantial part, upon information provided to the authors by John Hayden, in his capacity as Vice-President . . . for Henry Ford Health Systems," so that Mr. Lee's memo was entitled to protection as an attorney's communication "based on confidential information provided by" his own client, Henry Ford. (*Id.* at 6.)

As noted by the Magistrate Judge, while the primary focus of the attorney-client privilege is confidential communications made by a client to his lawyer, the courts have recognized that communications from a lawyer to a client also are entitled to protection if made "in circumstances where those communications rest on confidential information obtained from the client, or where those communications would reveal the substance of a confidential communication by the client." *Rehling v. City of Chicago,* 207 F.3d 1009, 1019 (7th Cir. 2000); *see also In re Sealed Case,* 737 F.2d 94, 99 (D.C. Cir. 1984); *Schenet v. Anderson,* 678 F. Supp. 1280, 1281 (E.D. Mich. 1988). In this case, the document at issue is a communication from a lawyer (Mr. Lee) to his client (Henry Ford), and the first paragraph of this memo discloses information obtained by outside counsel

4

(MWE) through communications with two of its clients, Henry Ford and Beaumont. Plaintiffs do not dispute the Magistrate Judge's finding that Mr. Lee's memo, viewed in its entirety, was intended to provide legal advice based on the information obtained by MWE from its two clients, nor do Plaintiffs dispute that MWE obtained this information through confidential communications with the firm's two clients.

Under these circumstances, the Magistrate Judge did not err in concluding that the entirety of Mr. Lee's memo is protected by the attorney-client privilege. The Magistrate Judge found that Mr. Lee's legal advice in this memo was based in part on information provided in confidence by a Henry Ford official, Mr. Hayden, to Henry Ford's outside counsel, MWE, and Plaintiffs do not dispute that any such communications made by Mr. Hayden to MWE within the scope of the law firm's representation of Henry Ford in ongoing litigation would be protected by the attorney-client privilege. Moreover, and as the Magistrate Judge correctly observed, "[i]t is well established that a privileged disclosure by a client to an attorney is not stripped of such protection by communication of it among attorneys jointly representing the client." (2/24/2009 Order at 6 (citing cases).) Indeed, since Mr. Lee himself was MWE's client, MWE's memo to Mr. Lee would be protected by the attorney-client privilege to the extent necessary to shield the "confidential information [MWE had] obtained from the client [Mr. Hayden]," *Rehling,* 207 F.3d at 1019, and Mr. Lee's incorporation of these confidential communications into

5

his memo to Henry Ford management surely did not defeat or waive this protection.[2]

Next, while some — or, in Plaintiffs' view, most or all — of the information relayed in the first paragraph of Mr. Lee's memo derived from sources at Beaumont, rather than Henry Ford, the Court cannot agree with Plaintiffs' contention that this was "third party" information that cannot become privileged merely by virtue of its incorporation into a communication between an attorney and his client. At the time MWE gathered the information at issue from sources at Beaumont and Henry Ford, the firm was representing *both* of these clients under a joint defense agreement. The courts have recognized that "[w]hen co-clients and their common attorneys communicate with one another, those communications are 'in confidence' for privilege purposes," and the attorney-client privilege therefore "protects those communications from compelled disclosure to persons outside the joint representation." *In re Teleglobe Communications Corp.,* 493 F.3d 345, 363 (3d Cir. 2007); *see also United States v. Moss,* 9 F.3d 543, 550 (6th Cir. 1993) ("A joint defense extension of the attorney-client privilege has been applied to confidential communications shared between co-defendants which are part of an on-going and joint effort to set up a common defense strategy." (internal quotation marks and citations omitted)).

Plaintiffs have not suggested any reason why Beaumont would be precluded from

---

[2]Plaintiffs separately argue, of course, that this protection subsequently was waived through the dissemination of Mr. Lee's memo to lower level employees. This contention is addressed below.

invoking the attorney-client privilege to protect its confidential communications with MWE as reflected in MWE's memo. Because of the joint defense arrangement in place at the time, this protection was not lost when Beaumont's and Henry Ford's common counsel, MWE, shared Beaumont's communications with co-client Henry Ford. Neither did this protection cease to exist when the two hospitals terminated their joint defense arrangement, presumably at the conclusion of the earlier litigation. *See Kevlik v. Goldstein,* 724 F.2d 844, 849 (1st Cir. 1984). Accordingly, the Magistrate Judge correctly found that Mr. Lee's memo is protected by the attorney-client privilege.[3]

This Court, like the Magistrate Judge, wishes to emphasize an important limit to this ruling. As the Magistrate Judge recognized, the attorney-client privilege "does not protect the underlying facts known independently by those to whom the attorney-client advice was disseminated," (2/24/2009 Order at 16), nor does it protect against "disclosure of the underlying facts by those who communicated with the attorney," *Upjohn Co. v. United States,* 449 U.S. 383, 395, 101 S. Ct. 677, 685 (1981). In this case, then, the documents uncovered in MWE's efforts (and referenced in Mr. Lee's memo) are not shielded from disclosure. Nor, so far as the Court is aware, were Plaintiffs precluded from taking the depositions of the individuals at Beaumont and Henry Ford whose communications with MWE were incorporated into the firm's memo, or from otherwise

---

[3]In light of the Court's conclusion that the first paragraph of Mr. Lee's memo is entitled to protection regardless of whether the information in this paragraph was derived from sources at Beaumont or at Henry Ford, the Court need not address Plaintiffs' contention that the Magistrate Judge clearly erred in finding that MWE's memo (and, hence, Mr. Lee's memo) was based "in substantial part" upon communications from a Henry Ford executive, Mr. Hayden.

"inquir[ing] into the underlying facts of Defendants' participation in wage surveys or other exchanges of wage data." (2/24/2009 Order at 16.) Indeed, in its response to Plaintiffs' objections, Henry Ford states without contradiction that the Defendant hospitals "have produced a vast amount of information (both documents and deposition testimony) regarding the compensation surveys discussed in the Lee Memo." (Defendant Henry Ford's 3/19/2009 Response at 10.) Thus, the Court is satisfied that the Magistrate Judge's ruling is not only correct, but also is properly limited solely to a memorandum that was devoted "in its entirety" to "the communication of legal advice from an attorney to his client." (2/24/2009 Order at 5.)

C.  **The Magistrate Judge Did Not Err in Determining That Henry Ford Did Not Waive Its Privilege Through Its Disclosures of Mr. Lee's Memo.**

Next, assuming that the Court were to conclude (as it now has done) that Mr. Lee's memo is protected by the attorney-client privilege, Plaintiffs argue that Henry Ford has waived this privilege by (i) inadvertently disclosing this memo during discovery, and (ii) disseminating it to non-management employees. Because the Magistrate Judge thoroughly addressed each of these points in the final ten pages of his seventeen-page order, and because the Court fully concurs in this analysis, the Court addresses these questions of waiver only briefly.

First, Plaintiffs do not dispute the Magistrate Judge's use of a five-factor inquiry to determine whether an inadvertent disclosure operates as a waiver of the attorney-client

8

privilege. (*See* 2/24/2009 Order at 8.)[4] Rather, they challenge the Magistrate Judge's conclusions as to three of these five factors. First, as to the reasonableness of the precautionary measures taken by Defendants to prevent such an inadvertent disclosure, Plaintiffs quarrel with the magnitude of the review task faced by Defendants in this litigation, and they further contend that the Magistrate Judge erred in giving Defendants too much credit for negotiating a clawback provision in the May 30, 2007 stipulated protective order that preserves the receiving party's opportunity to object to and contest the return of documents that the producing party claims were inadvertently disclosed.[5] Yet, regardless of whether, in hindsight, Defendants could have done more to avoid the inadvertent disclosure of Mr. Lee's memo, the Court certainly cannot say that the Magistrate Judge clearly erred in finding that Defendants "took reasonable precautions" under the circumstances to prevent such a disclosure. Likewise, as to whether Defendants undertook sufficient measures to mitigate the damage resulting from such a disclosure,

---

[4]The Court notes that the factors analyzed by the Magistrate Judge have largely been incorporated into Fed. R. Evid. 502(b), which took effect in September of 2008, just after the Magistrate Judge conducted the hearing on Plaintiffs' underlying motion. Specifically, this Rule provides that a disclosure "does not operate as a waiver" if "(1) the disclosure is inadvertent; (2) the holder of the privilege . . . took reasonable steps to prevent disclosure; and (3) the holder took reasonable steps to rectify the error, including (if applicable) following Federal Rule of Civil Procedure 26(b)(5)(B)." Fed. R. Evid. 502(b). Application of this Rule here would not materially alter the analysis employed or result reached by the Magistrate Judge, nor does it materially alter this Court's review of the Magistrate Judge's order.

[5]As Plaintiffs point out, the opportunity to object that is conferred under the stipulated protective order is consistent with the terms of Fed. R. Civ. P. 26(b)(5)(B), which authorizing the receiving party to "promptly present the information to the court under seal for a determination of the claim" of privilege.

9

the Court finds that the Magistrate Judge did not clearly err on this point, where Plaintiffs' proposal of a post-production review lacks support in the law,[6] and where Plaintiffs' claim as to the ease of Defendants' discovery of this inadvertent disclosure rests unduly upon 20/20 hindsight based upon the disclosure that actually occurred.

Plaintiffs also contend that the final, "interests of justice" factor should have been weighed more heavily in their favor, where Mr. Lee's memo purportedly shows that Henry Ford and Beaumont "were aware that the manner in which they were compiling nurse compensation information could be problematic," and where the memo "provides evidence that Henry Ford and Beaumont were engaging in direct nurse wage information exchanges with competitors *during the relevant class period.*" (Plaintiffs' Objections at 15 (emphasis in original).) As to the first of these points, however, Plaintiffs have not challenged the Magistrate Judge's determination that the advice-giving portion of Mr. Lee's memo is protected by the attorney-client privilege, and Plaintiffs surely have a weaker claim of access to this admittedly privileged portion of the memo. As to Plaintiffs' second point, the Court and the Magistrate Judge alike have observed that the Magistrate Judge's ruling did not prevent Plaintiffs from engaging in extensive fact discovery regarding Defendants' sharing of nurse wage information, and Plaintiffs have suggested no basis for believing that the information set forth in the first paragraph of Mr.

---

[6]The case cited by Plaintiffs on this point, *Parkway Gallery Furniture, Inc. v. Kittinger/Pennsylvania House Group, Inc.,* 116 F.R.D. 46, 51 (M.D.N.C. 1987), states only that a "post-designation review may likely be necessary" in cases with large numbers of documents, and does not express any view as to the post-***production*** review proposed by Plaintiffs here.

Lee's memo has not been replicated elsewhere in the voluminous discovery record. Accordingly, the Court finds that the Magistrate Judge's consideration of this factor (like the other factors) in the inadvertent disclosure inquiry was appropriate.

This leaves only Plaintiffs' contention that the Magistrate Judge erred in determining that Mr. Lee's memo did not lose its attorney-client protection by virtue of its dissemination to non-management employees. As Plaintiffs acknowledge, this determination rests upon findings of fact, and the Court is satisfied that there was sufficient evidence in the record presented to the Magistrate Judge to support his findings on this point.[7]

---

[7]In a more recent motion, Plaintiffs suggest that Henry Ford might also have waived its claim of privilege as to Mr. Lee's memo by failing to secure any action on the parties' February 25, 2009 joint request that the Magistrate Judge redact two passages from the February 24, 2009 order that arguably disclosed privileged matters contained in the memo. Yet, apart from submitting this request for the Magistrate Judge's consideration, Plaintiffs do not suggest what more Henry Ford could have done to compel the Magistrate Judge to act upon this request. In any event, through the present opinion and order, the Court invites the Magistrate Judge to consider and act upon the parties' request. (*See* Defendants' 11/13/2009 Response, Docket #621, Ex. B, 2/25/2009 Letter to Magistrate Judge.)

## III. CONCLUSION

For the reasons set forth above,

NOW, THEREFORE, IT IS HEREBY ORDERED that Plaintiffs' March 2, 2009 objection (docket #315) to the Magistrate Judge's February 24, 2009 order denying Plaintiffs' motion to declare attorney-client privilege inapplicable or waived is OVERRULED.  In light of this ruling, IT IS FURTHER ORDERED that Plaintiffs' October 30, 2009 motion for stay of consideration of motions pending decision on objection (docket #610) is DENIED AS MOOT.

          s/Gerald E. Rosen
          Chief Judge, United States District Court

Dated:  September 30, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 30, 2010, by electronic and/or ordinary mail.

          s/Ruth A. Gunther
          Case Manager