UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| PAT CASON-MERENDA and JEFFREY A. SUHRE on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DETROIT MEDICAL CENTER, HENRY FORD HEALTH SYSTEM, MOUNT CLEMENS GENERAL HOSPITAL, INC., ST. JOHN'S HEALTH, OAKWOOD HEALTHCARE, INC., BON SECOURS COTTAGE HEALTH SERVICES, WILLIAM BEAUMONT HOSPITAL d.b.a. BEAUMONT HOSPITALS, and TRINITY HEALTH CORP.,<br><br>Defendants. | Case No. 06-15601<br><br>Hon. Gerald E. Rosen |

**ORDER GRANTING PRELIMINARY APPROVAL
OF SETTLEMENT WITH MOUNT CLEMENS
AND AUTHORIZING THE DISSEMINATION OF NOTICE**

Upon consideration of Plaintiffs' Motion for Preliminary Approval of Settlement with Mount Clemens, and after hearing from the parties to those settlements at a hearing on March 1, 2013, it is hereby **ORDERED** as follows:

1. The Motion is **GRANTED**.

2. The Court finds that the settlement set forth in the Class Settlement Agreement And Release ("Settlement Agreement") between Plaintiffs, as representatives of a putative class of similarly situated registered nurses (as defined in paragraph 3 below), and Defendant Mount Clemens General Hospital, Inc. ("Mount Clemens"), attached as Exhibit A to the Griffin Declaration, subject to final determination following

Page 1

proper notice and a fairness hearing, is sufficiently fair, reasonable, and adequate to authorize dissemination of notice to the proposed Class.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure and in light of the proposed Mount Clemens Settlement Agreement, the Court hereby preliminarily finds that the prerequisites for a class action have been met and certifies the following Settlement Class (the "Mount Clemens Settlement Class"):

> All persons employed by any Defendant to work in a short-term acute care facility in the Detroit, Michigan Metropolitan Statistical Area as a RN, exclusive of supervisory, managerial or advanced practice nurses, at any time from December 12, 2002 through December 12, 2006.

4. The Court finds that the certification of the Mount Clemens Settlement Class is warranted for settlement purposes only because (a) the class is so numerous that joinder is impracticable; (b) Plaintiffs' claims present common issues and are typical of the Class; (c) Plaintiffs and Class Counsel (defined below) will fairly and adequately represent the Mount Clemens Settlement Class; and (d) in light of the settlement, common issues predominate over any individual issues affecting the members of the Mount Clemens Settlement Class. The Court further finds that Plaintiffs' interests are aligned with the interests of all other members of the Mount Clemens Settlement Class. The Court also finds settlement of this action, with respect to Mount Clemens, on a class basis is superior to other means of resolving this matter.

5. The Court appoints the firms of Keller Rohrback L.L.P., Cohen Milstein Sellers & Toll, PLLC, and James & Hoffman, P.C. as Class Counsel for the Mount Clemens Settlement Class, and appoints Pat Cason-Merenda and Jeffrey A. Suhre as Class Representatives for the Settlement Class.

6.     The Court approves the retention of Rust Consulting, Inc. to serve as Settlement Administrator.

7.     Notice shall be provided to members of the Settlement Class.  The Court approves the form of the Legal Notice of Class Action Settlement (the "Notice") attached as Exhibit B to the Griffin Declaration upon the condition that the content of the Notice, including all dates, times, and addresses, substantially conforms to the requirements of this Order.  The Court further finds that the mailing of the Notice in the manner set forth in paragraph 8 below constitutes the best notice practicable under the circumstances, as well as valid, due and sufficient notice to all persons entitled thereto and comply fully with the requirements of Federal Rule of Civil Procedure 23 and the due process requirements of the United States Constitution.  This Notice is approved as adequate for the purpose of providing Notice to both members of the Mount Clemens Settlement class and to members of the Beaumont Settlement class defined in the accompanying Order preliminarily approving the Beaumont settlement.

8.     Plaintiffs shall cause the Notice, substantially in the form of Exhibit B to the Griffin Declaration, to be mailed by first class mail, postage prepaid, to all members of the Settlement Classes as identified by Defendants.  Notice shall be mailed on a date to be determined by the Court after the Court has had occasion to consider preliminary approval of any other settlements.  If no motion for preliminary approval of any such settlements has been filed within 45 days of the date of this Order, any settling party may petition this Court to set a date certain for the mailing of Notice.

9. Plaintiffs shall identify and maintain a mailing address to receive requests from parties seeking to exclude themselves from the Settlement Classes. Plaintiffs must identify the address in the Notice prior to mailing any Notice pursuant to paragraph 12.

10. The Court will hold a hearing on final approval (the "Hearing") at the Theodore Levin United States Courthouse, Room 733, 231 W. Lafayette Blvd., Detroit, MI, 48226, to determine the fairness, reasonableness, and adequacy of the proposed settlement and whether the settlement should be finally approved and a final judgment entered thereon. The date of this hearing will be announced prior to the date for mailing of Notice. Any member of the Settlement Class who follows the procedure set forth in the Notice may appear and be heard at this hearing. The hearing may be continued without further notice to the Settlement Class.

11. Plaintiffs shall file with the Court and serve their motion for final approval of the settlement no later than 65 calendar days following the date of mailing of the Notice.

12. All requests for exclusion from the Settlement Class shall be postmarked no later than 40 calendar days following the Notice Date, and shall otherwise comply with the requirements set forth in the Notice.

13. Any member of the Settlement Class who wishes to object to the terms of a settlement must do so in a writing filed with the Court and served on Class Counsel and counsel for the appropriate settling defendant(s) no later than 20 calendar days prior to the Hearing, and shall otherwise comply with the requirements set forth in the Notice.

14. No later than ten calendar days before the date fixed by this Court for the Hearing, Class Counsel may file a response with the Court to any objections submitted pursuant to Paragraph 17 above.

15. Ten calendar days before the date fixed by this Court for the Hearing, Class Counsel shall file with the Court affidavits or declarations of the person under whose general direction the mailing of the Notice was made showing that mailing was made in accordance with this order.

16. After the date of mailing of the Notice and within twenty-five (25) business days thereof, the Plaintiffs shall establish, place on line, and maintain a web site on the internet containing the documents and information set forth in the Settlement Agreement.

17. The litigation against Mount Clemens is stayed except to the extent necessary to effectuate the Settlement Agreement.

DATED this 12th day of March, 2013.

          s/Gerald E. Rosen
          Honorable Gerald E. Rosen
          United States District Court Judge

Presented by:
KELLER ROHRBACK L.L.P.

By /s/Mark Griffin
Mark A. Griffin
Raymond J. Farrow
1201 Third Avenue, Suite 3200
Seattle, WA 98101
Tel : 206-623-1900
Fax : 206-623-3384

*Attorneys for Plaintiffs*