**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

PAT CASON-MERENDA and
JEFFREY A. SUHRE, on behalf of
themselves and others similarly
situated,

      Plaintiffs,                                  Case No. 06-15601

v.                                                  Hon. Gerald E. Rosen

VHS OF MICHIGAN, INC., *et al.,*

      Defendants.
_____/

**OPINION AND ORDER REGARDING PLAINTIFFS'
MOTION TO UNSEAL THE RECORD SUPPORTING THEIR
OPPOSITION TO DEFENDANTS' SUMMARY JUDGMENT MOTIONS**

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on     September 30, 2013

PRESENT: Honorable Gerald E. Rosen
                     Chief Judge, United States District Court

In an opinion and order dated March 22, 2012, the Court granted in part and denied in part two motions for summary judgment brought by five of the eight Defendant health care institutions named in Plaintiffs' third corrected class action complaint. *See Cason-Merenda v. Detroit Medical Center,* 862 F. Supp.2d 603 (E.D. Mich. 2012). The parties' briefs and accompanying exhibits that preceded this summary judgment ruling were filed almost entirely under seal, in accordance with a May 30, 2007 stipulated protective order mandating that materials designated by the parties as confidential were to

be filed under seal. Through the present motion filed on November 16, 2012, Plaintiffs now seek to unseal their consolidated opposition to Defendants' two summary judgment motions and most of the supporting materials accompanying this response, subject to a limited number of exceptions agreed to by the parties in negotiations undertaken in connection with Plaintiffs' preparation and filing of the present motion.

The parties' negotiating efforts regarding Plaintiffs' request to unseal have been largely successful, with Plaintiffs and Defendants having resolved nearly all of their differences as to which materials should remain under seal and which should be made available on the public docket. In light of this success, the only point of contention that remains for the Court to resolve concerns limited excerpts of the depositions of three employees of Defendant Henry Ford Health System — Linda Licus, Amy Lumetta, and Nicole Logan — as well as a single footnote in the report of Plaintiffs' expert, Gregory S. Vistnes, Ph.D., that references the deposition testimony of Ms. Licus. In Defendant Henry Ford's view, these materials are properly subject to protection because they address an August 2003 memorandum written by Henry Ford's in-house counsel, David Lee, that the Court previously determined was protected by the attorney-client privilege. (*See* Magistrate Judge's 2/24/2009 Order (Dkt. No. 310), *aff'd,* 9/30/2010 Opinion and Order (Dkt. No. 721).) For the reasons discussed below, the Court agrees with Plaintiffs that there is no appropriate basis for retaining the materials at issue under seal.

In challenging Plaintiffs' effort to make these materials publicly available, Defendant Henry Ford first questions the motives behind Plaintiffs' present motion,

where Plaintiffs waited over three years after filing their opposition to Defendants' summary judgment motions to request that this opposition and its accompanying exhibits be unsealed, and where this request purportedly has been made "simply for the sake of press consumption." (Defendant Henry Ford's 11/30/2012 Response at 2.) As to the timing of their present motion, however, Plaintiffs observe they commenced their effort to unseal within a short time after the Court heard argument and ruled on Defendants' summary judgment motions. Moreover, as to Henry Ford's suggestion that Plaintiffs are acting with an improper or questionable motive, Plaintiffs correctly explain that now that the Court has issued a substantive ruling on Defendants' summary judgment motions, there is a heightened interest in and right of public access to the materials filed by the parties in connection with this ruling on the merits. *See Flagg v. City of Detroit,* 268 F.R.D. 279, 293-94 (E.D. Mich. 2010).

Turning to the specific materials that remain in dispute, Henry Ford advances a rather perfunctory, three-sentence argument that these materials are subject to protection because they reference "a document that the Court has definitively ruled is privileged." (Defendant Henry Ford's 11/30/2012 Response at 3-4.) Yet, while Henry Ford broadly characterizes the deposition excerpts of its three employees as featuring "testimony about [a privileged attorney-client] communication," (*id.* at 4), this claim does not withstand careful examination of the actual deposition testimony at issue. Two of the deponents, Ms. Licus and Ms. Logan, did not address or divulge the specific contents of the privileged attorney-client communication — *i.e.,* the August 2003 memo authored by in-

3

house counsel David Lee — but instead generally described this memo as a source of instruction or guidance to them regarding the practice of directly contacting competitor health care institutions for compensation information.  (*See* Plaintiffs' Consolidated Opposition to Defendants' Summary Judgment Motions, Ex. HH, Licus Dep. at 67 (testifying that "[w]e were told not to" directly contact competitors for compensation information, and that this instruction derived from the August 2003 memo); Ex. JJ, Logan Dep. at 34-35 (identifying "a memo from our Legal Department discussing antitrust" as the guidance she had received on directly contacting competitors for compensation information).)  To the extent that this testimony merely divulged the fact of a communication received from legal counsel, and not its content, it is "not deemed privileged."  *Humphreys, Hutcheson & Moseley v. Donovan,* 755 F.2d 1211, 1219 (6th Cir. 1985); *see also United States v. Tocco,* 200 F.3d 401, 422 (6th Cir. 2000) (explaining that "evidence that [an individual] sought out or consulted the advice of an attorney generally" does not "invade the attorney-client relationship").  Similarly, evidence of the "general subject matter[]" of an attorney-client communication or the "general purpose" of a client's consultation with counsel is not protected by the attorney-client privilege.  *United States v. Legal Services for New York City,* 249 F.3d 1077, 1081 (D.C. Cir. 2001); *see also In re Grand Jury Subpoena,* 341 F.3d 331, 335 (4th Cir. 2003).

Indeed, counsel for Henry Ford evidently recognized in the course of Ms. Licus's and Ms. Logan's depositions that the attorney-client privilege would extend only to testimony that divulged the contents of Mr. Lee's memo.  At the first of these depositions,

4

when Ms. Licus testified that "[w]e were told not to" directly contact competitors for compensation information and Plaintiffs' counsel then asked how she was told, Henry Ford's counsel objected that Ms. Licus could "answer to the extent it doesn't disclose the contents of the August 2003 memo," and lodged no further objection when Ms. Licus stated that "as a result of that memo, we were told not to do it." (Licus Dep. at 67.) Likewise, when Plaintiffs' counsel asked Ms. Logan what guidance she had received on contacting competitors for compensation information, counsel for Henry Ford objected to the extent that this question required Ms. Logan "to disclose the contents of communications between herself and in-house counsel at Henry Ford regarding that issue," and cautioned the witness that she could respond only if she could "answer the question without disclosing that." (Logan Dep. at 34-35.) Again, when Ms. Logan proceeded to testify that she "received a memo from our Legal Department discussing antitrust," and that other than this memo, she could not recall receiving any guidance on directly contacting competitors for compensation information, Henry Ford's counsel lodged no further objections. (*Id.* at 35.)

Moreover, the Court drew this same distinction when the subject of Mr. Lee's August 2003 memo was raised at the August 11, 2011 hearing on Defendants' motions for summary judgment. When Plaintiffs' counsel stated at this hearing that there was "evidence in the record that early in this conspiracy a memo went out at Henry Ford telling them not to do this," counsel for Henry Ford objected that this memo was a "privileged document that Your Honor [and] Magistrate Judge Scheer ha[d] ruled

inadmissible." (8/11/2011 Hearing Tr. at 106.) Plaintiffs' counsel then responded that he was referring to "deposition testimony" in which Ms. Licus "testified about getting this memo" but was not "shown the privilege[d] memo," but Henry Ford's counsel continued to object that "the testimony was based upon that privileged memo." (*Id.*) The Court ruled that the deposition testimony presented "a factual issue" and "not a privilege question," and Plaintiffs' counsel was permitted to proceed with this argument. (*Id.*) Upon revisiting this issue in the context of Plaintiffs' present motion, the Court again concludes that the deposition testimony of Ms. Licus and Ms. Logan is not protected by the attorney-client privilege because neither witness divulged the contents of Mr. Lee's privileged communication.

To be sure, the deposition testimony of Amy Lumetta addressed Mr. Lee's August 2003 memo in somewhat greater detail, and arguably touched upon the contents of this memo. In particular, Ms. Lumetta, like Ms. Licus and Ms. Logan, testified that she had received direction from her superiors that she had to go through third-party consultants rather than communicating directly with competitors to obtain compensation information, and she cited "a memo circulated in 2003" as the source of this direction. (Plaintiffs' Consolidated Opposition to Defendants' Summary Judgment Motions, Ex. KK, Lumetta Dep. at 33-34.) Ms. Lumetta then was specifically asked, however, if she could recall what the memo said, and she responded that it "just reiterated the guidelines about contacting a third-party consultant, making sure the data was three months [old], and that

6

the aggregate data contained five or more organizations." (*Id.* at 34.)[1]  This testimony arguably implicates the attorney-client privilege by addressing the actual contents of the August 2003 memo, albeit only briefly and by reference to the publicly available DOJ/FTC Guidelines.

Nonetheless, the Court agrees with Plaintiffs that Defendant Henry Ford has waived any claim of privilege as to this deposition testimony.  First, while counsel for Henry Ford raised objections during Ms. Licus's and Ms. Logan's depositions and cautioned these witnesses to avoid revealing the contents of Mr. Lee's August 2003 memo, no such objection was lodged during Ms. Lumetta's deposition, even when Plaintiffs' counsel expressly asked Ms. Lumetta if she could recall what this memo said. (*See* Lumetta Dep. at 34.)  The courts have held that such a failure to object to deposition questions or testimony on grounds of attorney-client privilege operates to waive a claim of privilege as to this testimony.  *See Donaggio v. Arlington County,* 880 F. Supp. 446, 451 n.5 (E.D. Va. 1995) (collecting cases).[2]

---

[1]This reference to the "guidelines" presumably refers to the "DOJ/FTC Guidelines," a document issued by the U.S. Department of Justice and the Federal Trade Commission in August of 1996 that "sets forth the antitrust enforcement policies of these federal agencies with regard to certain forms of joint activity in the health care industry," and that lists various "safe harbor" criteria for exchanges of compensation data among health care providers that will not trigger the scrutiny of these federal agencies.  *Cason-Merenda,* 862 F. Supp.2d at 607 n.6, 612 (discussing the DOJ/FTC Guidelines).

[2]Although Henry Ford challenges this proposition in its response to Plaintiffs' motion, and accuses Plaintiffs of attempting to relitigate the issue of the privileged status of Mr. Lee's August 2003 memo, (*see* Defendant Henry Ford's 11/30/2012 Response at 4), the point in dispute here is not whether Mr. Lee's memo is protected by the attorney-client privilege (as this Court and the Magistrate Judge have already ruled), but whether Ms. Lumetta's testimony

In addition, when Plaintiffs included Ms. Lumetta's deposition testimony among the exhibits accompanying their consolidated opposition to Defendants' summary judgment motions, neither Henry Ford nor any other Defendant objected that this was privileged material that the Court could not consider in resolving these motions. Without any such objection, the Court's summary judgment ruling cited Ms. Lumetta's testimony as demonstrating that "[i]n 2003, . . . [Henry Ford's] compensation department staff were reminded of the antitrust guidelines regarding exchanges of information among competitors." *Cason-Merenda,* 862 F. Supp.2d at 618. The Court further explained that although this testimony "appears to make reference to a memo that has been held to be protected by the attorney/client privilege," it could nonetheless "consider Ms. Lumetta's testimony as to the actions taken by Henry Ford's compensation department following the dissemination of this memo." 862 F. Supp.2d at 618 n.20 (citation to record omitted).[3] Against this backdrop, the Court is satisfied that Defendant Henry Ford has waived any

---

touching upon this memo is also protected by the attorney-client privilege. The cases cited by Henry Ford are distinguishable on this ground, as they address the possible waiver of a privilege as to an underlying document or other communication referenced in a deponent's testimony, and not the possible waiver of a claim of privilege as to the testimony itself. *See Jones v. Nissan North America, Inc.,* No. 3:07-0645, 2008 WL 4366055, at *1-*2 (M.D. Tenn. Sept. 17, 2008); *Polyvision Corp. v. Smart Technologies, Inc.,* No. 1:03-CV-476, 2006 WL 581037, at *6 (W.D. Mich. Mar. 7, 2006).

[3]As Plaintiffs observe, given the Court's general description of Ms. Lumetta's deposition testimony in a published opinion, and given the discussion of Mr. Lee's underlying August 2003 memo in rulings by the Magistrate Judge and this Court that are available on the public docket and reported on WestLaw, it is difficult to see how the unsealing of Ms. Lumetta's deposition testimony could possibly "cause significant harm to [Henry Ford's] competitive and financial position," *Easton Sports, Inc. v. Warrior Lacrosse, Inc.,* No. 05-72031, 2006 WL 2708550, at *2 (E.D. Mich. Sept. 20, 2006), as necessary to continue shielding this testimony from public view.

possible claim of attorney-client privilege that could be made with respect to the deposition testimony of Ms. Lumetta.

This leaves only the question whether it is appropriate to unseal a footnote in the report of Plaintiffs' expert, Dr. Vistnes, that references the deposition testimony of Ms. Licus and Ms. Lumetta.  (*See* Vistnes 3/20/2009 Expert Report at 30-31 n.114.)  Because the Court has concluded that this underlying deposition testimony may be publicly disclosed, and because Dr. Vistnes's report does no more than briefly characterize this testimony, without any reference whatsoever to Mr. Lee's August 2003 memo, it readily follows that there is no basis for insisting that this footnote remain under seal.

For these reasons,

NOW, THEREFORE, IT IS HEREBY ORDERED that Plaintiffs' November 16, 2012 motion to unseal the record supporting Plaintiffs' consolidated opposition to Defendants' motions for summary judgment (docket #767) is GRANTED.  In light of this ruling, IT IS FURTHER ORDERED that within *fourteen (14) days* of the date of this opinion and order, Plaintiffs shall file with the Court and serve upon Defendants a proposed order to unseal that is consistent with the agreements reached by the parties and the rulings in the present opinion and order.  Any objections to this proposed order must be filed and served within *seven (7) days* after Plaintiffs' service of their proposed order, and Plaintiffs may file and serve any desired response to these objections within *seven (7) days* after service of these objections.  The Court will then resolve any objections and

enter an appropriate order that comports with its rulings and the parties' agreements.

SO ORDERED.

                                      s/Gerald E. Rosen
                                      Chief Judge, United States District Court

Dated: September 30, 2013

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 30, 2013, by electronic and/or ordinary mail.

                                      s/Julie Owens
                                      Case Manager, (313) 234-5135